UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH STANSELL, *et al.*,

    Plaintiffs,

v.

REVOLUTIONARY ARMED FORCES
OFCOLUMBIA (FARC), *et al.*,

    Defendants.
_____/

Case NO: 8:09-cv-2308-T-26MAP

## PROTECTIVE ORDER

    WHEREAS Plaintiffs have brought suit against Defendants Revolutionary Armed Forces of Columbia (FARC) ("FARC") and other parties (collectively, "Defendants") in the United States District Court for the Middle District of Florida and have recovered in that action a judgment dated June 15, 2010 against Defendants in the amount of $318,030,000.00 (the "Judgment"); and

    WHEREAS Plaintiffs are seeking to obtain discovery, documents and information from various persons, and have served document subpoenas on such persons, including non-parties JPMorgan Chase Bank, N.A. ("JPM") and The Bank of New York Mellon ("BNY Mellon") (JPM and BNY Mellon may hereinafter be referred to collectively as the "Banks"), and Plaintiffs may hereafter seek to obtain further discovery, documents and information from the Banks, whether prior to or in the course of legal proceedings against the Banks; and

    WHEREAS the information and documents that the Plaintiffs are seeking or may hereafter seek from the Banks may constitute or contain confidential and/or proprietary information which the Banks, or other persons who may have or claim an interest in funds being held by the Banks, may wish to have maintained in confidence or as to which they may have an

expectation of privacy, and the Banks may, in the event of litigation, seek discovery from Plaintiffs that Plaintiffs may consider to be or to contain confidential and/or proprietary information; and

WHEREAS, it is appropriate to enter a protective order in order to protect confidential or proprietary information and documents that may be provided by one or more of the Banks to plaintiffs or vice versa:

IT IS HEREBY ORDERED that:

1. Except as hereinafter provided, all responses to subpoenas, interrogatory answers, documents, witness testimony and other items or information produced or otherwise provided by any of the Parties, their present and former officers or employees or their counsel to any of the other Parties or their counsel, if and to the extent designated by any of the Parties or its counsel as "Confidential," and the information contained therein (collectively, the "Confidential Information"), shall be confidential, and shall be maintained in confidence and not disclosed to anyone (except as permitted under paragraphs 7 and 12 hereof) other than (1) attorneys with the law firms representing any of the Parties in connection with any matter within the scope of the Permitted Purpose (as that term is defined below) and (2) other persons as specified in paragraph 5 below.

2. Except as provided below, Confidential Information shall be used only for the purposes of (1) seeking to enforce the Judgment or (2) prosecuting or defending any action or third-party action brought to

2

enforce the Judgment, or to determine the rights of any person in any property, account, funds or assets that Plaintiffs may be seeking to garnish or execute upon in order to satisfy the Judgment (the "Permitted Purpose"), and not for any other purpose. Without limiting the foregoing, Confidential Information shall not be used for any commercial, business or competitive purpose whatsoever or for the purpose of prosecuting or defending any other action outside of the scope of the Permitted Purpose, except to the extent permitted by paragraph 12 hereof.

    3. Confidential Information may be designated as such by the Party producing, serving or providing it or by such Party's counsel by marking the first page of a document, or the confidential pages or portions of a page, with the word "CONFIDENTIAL" at the time the document is produced, served or provided, or by otherwise designating the information, testimony or other item as Confidential Information at the time it is produced, served, provided or otherwise created, imparted or disclosed (or at any time thereafter, in accordance with the provisions of paragraph 11).

    4. Parties and their counsel will designate as "Confidential" only documents, information, and other material (1) that the person making the designation believes in good faith contains or reflects trade secrets, confidential, customer or proprietary information or information covered by a legitimate privacy right, interest or expectation of such Party or that Party's customers, clients, employees or agents, or

(2) that a third party, including but not limited to the Office of Foreign Assets Control of the United States Department of the Treasury, has disclosed, provided or produced on the condition or understanding that such information and/or documents will be kept confidential or has reasonably requested be treated as confidential.

5. Persons to whom Confidential Information is produced, provided or made available may not disclose or provide such Confidential Information to any person other than those specified in paragraph 1 above, except to the following:

a. The Court And Court personnel;

b. Counsel retained or employed by Plaintiffs or the Banks to the extent necessary for the Permitted Purpose, including the paralegals, employees and agents of such counsel as necessary to assist such counsel in any matter within the scope of the Permitted Purpose;

c. The Plaintiffs, to the extent necessary for the Permitted Purpose, provided that each of them has signed an agreement in the form of Appendix A hereto to be bound by this Order prior to receiving access to Confidential Information;

d. Officers and employees of the Banks, to the extent necessary for the Permitted Purpose;

e. Experts retained by Plaintiffs, the Banks or their counsel to give testimony, submit an affidavit or declaration or act as non-

4

testifying consultants or advisors with respect to any legal proceedings that come within the scope of the Permitted Purpose, provided that such experts sign an agreement in the form of Appendix A hereto to be bound by this Order;

f. Such other persons as are agreed to in writing by the Party that designated the Confidential Information in question as Confidential (and limited to Confidential Information designated as such by said Party), on such conditions, including an agreement by the person receiving the Confidential Information, in the form of Appendix A hereto, to be bound by and subject to this Order, as the Party agreeing in writing to permit such other person to receive Confidential Information may impose; and

g. Such other persons as are agreed to in writing by counsel for Plaintiffs and the Banks.

6. The production of any document or information designated as "Confidential" and/or the designation of any document or information as "Confidential" shall not constitute an admission by the Party producing the document and/or information or making the designation or waive any rights of the producing or designating Party with respect to the propriety of its disclosure or its relevance. Nothing in this Order shall be construed as precluding a Party producing Confidential Information from objecting to any use of Confidential Information.

7. Nothing in this Order shall limit or restrict Plaintiffs

5

or the Banks in any way in complying with their obligations under the laws and regulations of the United States, any of the states of the United States or any foreign nation or in producing or disclosing Confidential Information in response to a court order, subpoena, formal discovery request in legal proceedings or request from a governmental or regulatory entity, organization or subdivision, or as otherwise required by law or regulation. If the disclosure of Confidential Information is sought or directed in a court order, motion, application for a court order, subpoena or discovery request in litigation, otherwise than from the Party that has designated the Confidential Information as Confidential or in a litigation where that designating Party is itself a party, the Party from whom Confidential Information is being sought shall make reasonable efforts, if lawfully permitted to do so, (1) to provide prompt notice of any such court order, motion, application for such an order, subpoena or discovery request, and a copy of any such court order, motion papers, application, subpoena or discovery request, to the Party that designated the Confidential Information as "Confidential," and (2) to cooperate with that Party in its efforts to prevent or limit the disclosure of such Confidential Information (provided that the Party from which the Confidential Information is sought shall have no obligation to seek relief from any Court, disobey a Court order or expose itself to a substantial risk of penalties for non-compliance with a Court order, compulsory process or any law or regulation).

6

8.  If a Party producing Confidential Information inadvertently produces material that it considers to be protected by any privilege or immunity, including, without limitation, the attorney-client and work product privileges, the fact of such production shall not constitute or be deemed a waiver of any such privilege or immunity. The Party producing Confidential Information shall notify the Party to whom such material was produced, and the recipient of the material shall promptly return such material, and all copies thereof, to the producing Party and shall not maintain any documents or information which refer to, or make use of in any way, the inadvertently produced material. In the event a Party wishes to challenge an assertion of privilege or immunity with respect to any inadvertently produced material, the Party shall not assert the production of such material as the basis for a claim of waiver of any such privilege or immunity.

9.  In the event that any Party disagrees at any stage of any legal proceedings with any designation of Confidential Information as Confidential, the Parties shall try first to resolve such dispute in good faith on a consensual basis. If the dispute cannot be resolved, any Party may apply to the Court for an order determining whether the Confidential Information is properly designated as Confidential. Parties shall not be obligated to challenge the propriety of a Confidential designation at the time it is made, and a failure to do so at that time shall not preclude a subsequent challenge thereto.

7

10. Prior to the use of any Confidential Information at any hearing to be held in open court, counsel shall provide reasonable notice to counsel to the Party that produced and designated the Confidential Information and allow such counsel the opportunity to object to the disclosure of Confidential Information in open court. Any Confidential Information filed with or referred to in any motion papers or other documents filed with the Court shall be filed under seal.

11. Documents, testimony and other items or information produced, served, provided or otherwise imparted or disclosed without a designation as "Confidential" may be retroactively designated as Confidential Information by giving notice in writing, or on the record at a deposition or in court, clearly specifying the matter so designated, and all documents, testimony and other items and information so designated shall be treated as Confidential Information from the date when such notice is provided or such designation is made.

12. As used in this paragraph, (a) the term "Affected Person" shall mean a person or entity that is reflected in the records of any of the Banks, or the records of any of their customers, as being the nominal or beneficial owner of a blocked deposit account at one of the Banks, or a party to or participant in a wire transfer that was routed through and blocked by one of the Banks, or a person or entity who may have an interest in, expected or was intended to benefit from or has or has made a claim to funds on deposit in a blocked account at one of Banks or

the proceeds of a wire transfer that are being held by one of the Banks, and shall also include FARC, which shall be deemed to have an interest in all of the Assets (as that term is defined below), and (b) the term "Assets" shall include accounts, wire transfers, wire transfer proceeds, funds, sums of money and other assets being held by one of the Banks. Notwithstanding any other provision of this Order, (1) nothing in this Order shall limit or restrict in any way the right of the Banks or their officers, employees or counsel to disclose or make use of Confidential Information that was produced by them, in their possession or known to them before they were provided with such Confidential Information by one of the Parties; (2) nothing in this Order shall limit or restrict in any way the right of the Banks or their officers, employees or counsel to disclose Confidential Information to the Banks' customers, or to any Affected Person, with respect to any deposit account in the name of that Affected Person, any funds transfer that involved that Affected Person as a party or otherwise, or any Assets in which that Affected Person may have an interest, as reflected in information available to said Bank, (3) nothing in this Order shall limit or restrict in any way the right of the Parties or their officers, employees or counsel to disclose to any Affected Person that a litigation has been commenced that may affect the interest of such Affected Person in any Assets or result in the turnover of such Assets to some other person; (4) nothing in this Order shall limit or restrict in any way the right of any Party to commence an action or a third-party action

9

against any Affected Person or to disclose to any Affected Person, in the pleadings in any such action or otherwise in the course of any such action, any Confidential Information with respect to any Asset as to which that Affected Person appears to be the nominal or beneficial owner, a party to or participant in a transaction involving the Asset or a person having an interest in or that expected or was intended to benefit from or has or has made a claim to the Asset; and (5) nothing in this Order shall limit or restrict in any way the right of any of the Banks or their officers, employees and counsel to respond to inquiries from any such Affected Person with respect to any Assets as to which such Affected Person appears to be the nominal or beneficial owner, a party to or participant in a transaction involving the Asset or a person having an interest in or that expected or was intended to benefit from or has or has made a claim to the Asset.

13. Nothing in this Order shall be deemed to constitute or shall be interpreted as a waiver of any objection that any Party may have to the disclosure of information based on the bank secrecy laws or other laws of any nation or any department, agency, branch or subdivision thereof, which may forbid, limit, restrict or make unlawful any such disclosure.

14. The provisions of this Order shall survive the conclusion of any litigation between or among the Parties, whether by settlement, judgment or otherwise, and shall continue in full force and

effect. The Court shall retain jurisdiction over the Parties, and any other person bound by this Order, to enforce this Order.

**DONE AND ORDERED** this 2nd day of August, 2011.

*s/Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

## APPENDIX A

## CONSENT TO PROTECTIVE ORDER

The undersigned acknowledges that he/she has read the Protective Order with respect to the confidentiality of documents and information that was so ordered by the United States District Court for the Middle District of Florida (the Court") on August ____, 2011, in the action captioned as Keith Stansell, et al., against the Revolutionary Armed Forces of Colombia (FARC), et al., Civil Action No. 8:09-CV-2308-RAL-MAP (the "Protective Order") and understands its terms and provisions, and he/she hereby agrees, [on behalf of himself/herself, the other attorneys with and employees of the law firm of _____, its clients _____, and . . . .] [To be completed as agreed upon between the signatory and the party providing the Confidential Information, so as to cover appropriate persons] (hereinafter Affiliated Persons"), that (1) he/she [and all such Affiliated Persons] shall comply with the terms and provisions of the Protective Order in all respects, and shall not disclose or make use of Confidential Information, using that term as it is defined in the Confidentiality Order, other than in strict compliance with the terms and provisions of the Protective Order, (2) that he/she [and all such Affiliated Persons] hereby submit themselves to the jurisdiction of the Court for all purposes related to the enforcement of the Protective Order, (3) that he/she shall be personally responsible for ensuring that all Affiliated Persons to whom Confidential Information is provided shall have read the Protective Order and shall comply with its terms and provisions, and (4) that he/she [and all such Affiliated Persons] understand that the requirements of the Protective Order survive the termination of any lawsuit involving any of the parties who have signed the Protective Order and agree to continue to perform their obligations thereunder after such termination and (5) that any violation of the terms and provisions of the Protective may be submitted to and resolved by the Court, may punishable as a contempt of Court and may result in the imposition of sanctions by the Court.

DATED:

_____
[Signature]

_____
[Print name]