UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

KEITH STANSELL,
MARC GONSALVES,
THOMAS HOWES,
JUDITH G. JANIS, CHRISTOPHER T. JANIS,
GREER C. JANIS, MICHAEL I. JANIS,
and JONATHAN N. JANIS

CIVIL ACTION CASE NO.:
8:09-CV-2308-RAL-MAP

    Plaintiffs,

vs.

REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC); et al.,

    Defendants.
_____/

## PLAINTIFFS' UNOPPOSED MOTION FOR ENTRY OF ORDER OF DISCHARGE AFTER FULL COMPLIANCE & TURNOVER OF SDNT ACCOUNT PROCEEDS BY GARNISHEE TERRABANK, N.A.

Plaintiffs move for entry of an Order Discharging Terrabank, N.A. for full Compliance with sixteen (16) Specially Designated Narcotics Trafficker ("SDNT") Writs of Garnishment, pursuant to Fed. R. Civ. P. 69(a); Section 201(a) of the Terrorism Risk Insurance Act of 2002; DE 389 (Agreed to by U.S.A.); DE 390 (Order authorizing SDNT writs of garnishment to be served and enforced); Order DE 323, including turnover of the SDNT blocked account proceeds held at Terrabank, N.A. Terrabank, N.A. also complied with four (4) Writs of Execution on safety deposit boxes. The grounds for this motion are:

1.    On September 22, 2011, pursuant to this Court's Order DE 323 and DE 390, the United States Marshal's Service served SDNT Writs of Execution/Garnishment [DE 340-348 and 350-356] for the following designated SDNT blocked parties/accounts on Terrabank, N.A.:

**Ricardo Jaar, Armando Jaar, Moises Saieh, Carlos Saieh**
    Personal Money Market Account #0040816611

**Carmen Elena S. de Jaar**
    Personal Money Market Account #1256664011
    Personal Certificate of Deposit Account #1256664033
    Personal Certificate of Deposit Account #1256664034

**Carlos Saieh, Abdala Saieh**
    Personal Super Now Account #0011793511

**Abdala Saieh, Moises Saieh**
    Personal Super Now Account #0041142611
    Personal Certificate of Deposit Account #1256636534

**Moises Saieh**    Personal Now Account #1256636511

**Carlos Saieh**    Personal Money Market Account #1281182306

**Jacaria Florida, Inc**.
    Business Money Market Account #0040214111
    Business Certificate of Deposit Account #0040214128

**Confecciones Lord S.A**.
    Business Money Market Account #1271613811

**ALM Investment Florida, Inc**.
    Business Money Market Account #0011129511
    Business Certificate of Deposit Account #0011129529

**Granada Associates, Inc**.
    Business Money Market Account #1270713906
    Business Certificate of Deposit Account #1270713928

**Karen Overseas, Inc**.
    Business DDA #1278966606
    Business Certificate of Deposit Account #1278966628

**Villarosa Investments Florida Inc**.
    Business Money Market Account #1279267506
    Business Certificate of Deposit Account #1279267528

**MLA Investments Inc**.
    Business Money Market Account #1283079811

**C.W. Salman Partners**
  Business DDA #1279096606

**Plainview Florida II Inc. (Abdala Saieh VP)**
  Business MMA #0010033106

**Salman Coral Way Partners**
  Business DDA #1279095806

2.   On September 22, 1011, pursuant to this Court's Order DE 323 and DE 390, the United States Marshal's Service also served SDNT Writs of Execution [DE 376-379] on Terrabank, N.A. for the contents of the safe deposit boxes of the following blocked parties:

| | |
|---|---|
| **Ricardo Jaar, Armando Jaar, Moises Saieh, Carlos Saieh** | Safe Deposit Box #114 |
| **Armando J. Jaar, Carmen S. de Jaar** | Safe Deposit Box #128 |
| **Carlos Saieh, Abdala Saieh** | Safe Deposit Box #92 |
| **Abdala Saieh, Moises Saieh** | Safe Deposit Box #141 |

3.   Plaintiffs' counsel accompanied the U.S. Marshal's Service pursuant to the writs of execution/garnishment and as required by Order DE 323 ¶ 32.

4.   Terrabank, N.A. acknowledged the indebtedness to and the possession of the SDNT blocked accounts pursuant to the writs of garnishment.

5.   On September 22, 2011, Plaintiffs counsel and Terrabank, N.A., in the presence of the U.S. Marshal's Service, conferred by phone with the Department of Treasury's Office of Foreign Assets Control ("OFAC") on the Writs of Garnishment and turnover of the SDNT blocked account proceeds in the form of Terrabank, N.A. cashier's

checks. OFAC did not object to the turnover of the SDNT blocked proceeds in full compliance with the SDNT writs of garnishment and this Court's Order DE 323.

6. On September 23, 2011 Terrabank, N.A.'s counsel again conferred with OFAC and at 4:00 p.m. on September 23, 2011 Terrabank, N.A. turned over the SDNT blocked proceeds in twenty five (25) cashier's checks in full compliance with the SDNT writs of garnishment for blocked account proceeds and this Court's Order DE 323. Plaintiffs' counsel and the United States Marshal's Service acknowledged receipt of $3,706,096.41 from these blocked account proceeds in partial satisfaction of their Anti-Terrorism Act judgment. These twenty-five (25) cashier's checks were immediately taken and deposited into in Porter & Korvick, P.A. Trust Account on September 23, 2011.

7. Plaintiffs' have paid the administrative fee of Terrabank, N.A., and not deducted from the blocked proceeds, to process the turnover of SDNT proceeds in cashier's checks.

8. Terrabank, N.A. acknowledged the presence of the four (4) blocked safety deposit boxes pursuant to the SDNT writs of execution. The safety deposit boxes were opened by the United States Marshal's Service, Terrabank, N.A. representatives, and in the presence of Plaintiffs' counsel on September 22, 2011 and were found empty. The contents of these boxes were taken in 2006 by the Drug Enforcement Administration. The U.S. Marshal and Plaintiffs' counsel acknowledged that the boxes were empty. Terrabank, N.A. complied with the writs of execution on the safety deposit boxes.

9. Garnishee acknowledged its indebtedness to these SDNTs and after conferring with OFAC complied with these writs of garnishment by turning over cashier's checks

representing the SDNT blocked proceeds held by Terrabank, N.A. DE 323, 390. Terrabank, N.A. has fully complied with the writs of garnishment on the SDNT blocked account proceeds.

10. Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA") applies to this SDNT garnishment and execution post-judgment proceeding. DE 323. Plaintiffs have complied with non-conflicting state garnishment statutes.

11. Plaintiffs have obtained a judgment against the FARC - a "terrorist party" as defined by Section 201(d)(4) of the TRIA on a claim based on an "act of terrorism" as defined by Section 201(d)(1)(B) of the TRIA. DE 323. This Court has ruled previously that the following SDNT persons/entities are agencies or instrumentalities of the terrorist party FARC because they are OFAC designated under Executive Order 12978 as SDNT members of the money laundering financial network for the NVC which is itself an agency or instrumentality of the FARC.

> **Ricardo Jaar**
> **Armando Jaar**
> **Carmen S. de Jaar**
> **Moises Saieh**
> **Carlos Saieh**
> **Abdala Saieh**
> **Confecciones Lord S.A**. (Colombia)
> **Karen Overseas, Inc**. (Panama)
> **MLA Investments Inc**. (BVI)
> **Jacaria Florida, Inc**. (FL dissolved)
> **ALM Investment Florida, Inc**. (FL dissolved)
> **Granada Associates, Inc**. (FL dissolved)
> **Villarosa Investments Florida Inc**. (FL dissolved)
> **C.W. Salman Partners** (FL inactive)
> **Salman Coral Way Partners** (FL inactive)

**Plainview Florida II Inc. (Abdala Saieh VP)**[1]

DE 323.

12. This Court has ruled previously that because of their OFAC designation as SDNT members of the money laundering financial networks of the NVC and who played a significant role and materially assisted the FARC's international cocaine trafficking and money laundering operations and they are therefore all agencies or instrumentalities of the FARC, these SDNT blocked proceeds at Terrabank, N.A. are subject to execution or attachment in aid of execution, pursuant to Section 201(a) of the TRIA to partially satisfy plaintiffs' ATA judgment. DE 323; DE 389 (Agreed to by U.S.A.); DE 390 (Order authorizing SDNT writs of garnishment to be served and enforced).

13. At the time of the service of the writs of garnishment and writs of execution the above SDNTs by the U.S. Marshal's Service, were and still are, OFAC designated FARC derivative SDNTs.

14. The FARC and individual FARC defendants are properly defaulted and have no rights to any further notice[2], and as a foreign FTO, SDGT and SDNT with no substantial connection to the U.S., neither the FARC nor the FARC individual defendants have due process rights. These defendants are not indispensable parties here.

15. All of the individual SDNT account holders at Terrabank, N.A., and SDNT entities Confecciones Lord S.A., Karen Overseas, Inc. and MLA Investments Inc., are all

---

[1] Plainview Florida II, Inc. is not itself directly designated, but its account at Terrabank, N.A. is blocked because of the interest therein of Abdala Saieh as V.P.

[2] None of the Defendant Judgment Debtors ever appeared and defaults were properly entered against them all prior to entry of the Default Judgment. Accordingly, no further notice or service of pleadings, motions or writs is required to be served on any Defendant. Fed. R. Civ. P. 5(a)(2).

aliens with no substantial connection to the United States and therefore have no rights to due process.[3]

16.     The blocked accounts turned over by Garnishee are not immune from attachment under the TRIA as sovereign, diplomatic or consular property.  The blocked accounts turned over by Garnishee are not and never were "property subject to the Vienna Convention on Diplomatic Relations" that "is being used exclusively for diplomatic or consular purposes" and are therefore not excluded from the definition of blocked assets under the TRIA.  No SDNT with blocked proceeds at Terrabank, N.A. has ever been recognized as a sovereign state by any nation, nor have they ever held any form of diplomatic or consular status.

17.     Plaintiffs have complied with all OFAC litigation reporting requirements.  31 C.F.R. § 501.605.  OFAC does not and did require any license for Plaintiffs to execute on and take possession of these SDNT blocked proceeds here which are subject to the TRIA.  Weininger v Castro, 462 F. Supp. 2d. 457, 499 (S.D.N.Y. 2006)(U.S. DOJ has indicated that "[i]n the event the Court determines that the funds are subject to TRIA, the funds may be distributed without a license from the OFAC).  See DE 250-4.

18.     Terrabank, N.A. and its counsel conferred with OFAC prior to the turnover of these SDNT blocked proceeds by cashier's checks to the Plaintiffs which were acknowledged by the U.S. Marshal's Service in full compliance with writs of execution/garnishment [DE 340-348 and 350-356] and in full compliance with DE 323.

---

[3] The entities Jacaria Florida, Inc., Granada Associates, Inc., ALM Investment Florida, Inc., Villarosa Investments Florida, Inc., C.W. Salman Partners and Salman Coral Way Partners are dissolved Florida corporations, or inactive Florida LLPs.  [Exhibits 20-24].  Abdala Saieh, a front person for NVC leaders Raul Grajales and Beto Renteria for over ten years, was the Vice-President of Plainview Florida II, Inc. from 1995 to 2008.  [Exhibit 8].

Terrabank, N.A. fully complied with writs of execution DE 376-379 and in full compliance with DE 323.

19. Undersigned counsel for the Plaintiffs certify pursuant to Local Rule 3.05 (g) that they have conferred with counsel for Terrabank, N.A. and that Terrabank, N.A.'s counsel agrees with this motion.

**MEMORANDUM OF LAW**

This Court has subject matter jurisdiction over Plaintiffs' post-judgment execution proceedings pursuant to 28 U.S.C. § 1331 because it involves a federal question of execution against a blocked account of terrorist party, or of an agency or instrumentality of a terrorist party, under Section 201 of the Terrorism Risk Insurance Act of 2002 on a federal Anti-Terrorism Act ("ATA") judgment [18 U.S.C. § 2331 et seq.]. The ATA provides for nationwide jurisdiction, venue and service of process. 18 U.S.C. § 2334. Plaintiffs are crime victim judgment creditors with a perfected lien on the related offense criminal proceeds of the FARC's cocaine trafficking, money laundering and extortion.

**I.      The TRIA is the Mechanism to Execute on Blocked Assets**

The Terrorism Risk Insurance Act is the controlling remedy under the circumstances of Creditor's Final Judgment for ATA damages to execute on blocked assets of a terrorist party or an agency or instrumentality of a terrorist party.

*The TRIA is the Legal Mechanism to Satisfy Judgments for these Victims of Terrorism*

The Terrorism Risk Insurance Act's purpose "is to deal comprehensively with the problem of enforcement of judgments issued to victims of terrorism in any U.S. court by enabling them to satisfy such judgments from the frozen assets of terrorist parties . . . ."

Weinstein v. Islamic Republic of Iran, 609 F.3d 43, 50 (2d Cir. 2010)(quoting Senator Harkin a sponsor of the TRIA 148 Cong. Rec. S11524, at S11528 (Nov. 19, 2002)). The TRIA "establishes once and for all, that such judgments are to be enforced against any assets available in the U.S., and that the executive branch has no statutory authority to defeat such enforcement under standard judicial processes, except as expressly provided in this act." Id.

Plaintiffs' motion and post-judgment execution against the blocked funds are controlled by Section 201 of the TRIA, Pub. L. No. 107-297, 116 Stat. 2322. The TRIA governs over Federal Rule of Civil Procedure 69(a) which states in pertinent part:

> "Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable."

Fed. R. Civ. P. 69 (emphasis supplied). The TRIA allows for execution on the blocked assets of a terrorist party, or its agency or instrumentality, to satisfy a judgment against the terrorist party, provided that the following requirements are met:

(1) a person has obtained a judgment against a terrorist party;
(2) the judgment is either
  (a) for a claim based on an act of terrorism, or
  (b) for a claim for which a terrorist party is not immune under § 1605(a)(7);
(3) the assets are "blocked assets" within the meaning of TRIA; and
(4) execution is sought only to the extent of any compensatory damages.

Weininger v. Castro et al., 462 F. Supp. 2d. 457, 479 (S.D.N.Y. 2006). This Court has ruled previously that Plaintiffs meet all four requirements. DE 323. This Court has ruled previously that these SDNTs' blocked accounts at Terrabank, N.A. are "blocked assets"

9

under the TRIA.

"Section 201(a) of the TRIA provides courts with subject matter jurisdiction over post-judgment execution and attachment proceedings against property held in the hands of an instrumentality of the judgment-debtor, **even if the instrumentality is not itself named in the judgment**." Id. at 50 (emphasis supplied). See Weinstein v. Islamic Republic of Iran, 609 F.3d 43, 50 (2d Cir. 2010); Ungar v. The Palestinian Authority, 304 F. Supp. 2d 232, 241 (D.R.I. 2004)(**HLF is an agency or instrumentality of Hamas because it acts "for or on behalf of" Hamas**).

Therefore, the TRIA provides for execution against the blocked accounts even though the blocked SDNT's are not named defendants in Plaintiffs' Judgment. Under federal law, OFAC has made a "factual determination" in its designation of these persons and entities as SDNTs. See Weinstein v. Islamic Republic of Iran, 609 F.3d 43, 50 (2d Cir. 2010)(OFAC designation is "factual determination" and allows court to exercise subject matter jurisdiction).

*The Blocked Accounts are Subject to Execution to Partially Satisfy Plaintiffs' Judgment*

The TRIA legislative history indicates that the statutory definition of "blocked assets" was included to specifically address the frustrations of terrorism victims unable to enforce judgments against frozen assets of terrorist parties. See 148 Cong. Rec. S11528 (indicating that H.R. 3210, the version of TRIA passed in 2002, amended earlier versions of TRIA legislation to include a definition of "blocked assets"); H.R. Conf. Rep. 107-779 ("In § 201(d), the Conferees ... defined the term "blocked assets."). The term 'blocked asset' has been broadly defined to include any asset that has been, as here, seized by the United States

in accordance with law . . . includ[ing] any asset with respect to which financial transactions are prohibited or regulated by the U.S. Treasury under any blocking order under the [TWEA], the [IEEPA], or any proclamation, order, regulation, or license." Id. The FARC was included as a Specially Designated Global Terrorist [SDGT] by Executive Order 13224 under authority of the IEEPA. These SDNTs are designated by Executive Order 12978 under IEEPA.

The TRIA is a form of terrorism victim strict liability: blocked assets of an SDNT with a nexus to the FARC means subject to execution without delay. Therefore, it is undisputed that the Terrabank, N.A. blocked accounts were subject to execution and were properly turned over in partial satisfaction of Plaintiffs' federal ATA judgment.

## II.     OFAC's Designations Carry Force of Law

OFAC's designation is a factual determination. See Weinstein at 50. OFAC's decisions are entitled to great deference. See De Cuelar v. Brady, 881 F.2d 1561, 1565 (11th Cir. 1989)(OFAC decision entitled to great deference, and should be reversed only if arbitrary or capricious); Paradissiotis v. Rubin, 171 F.3d 983, 987 (5th Cir. 1999)(OFAC's designation of SDN being "an agency's application of its own regulations, receives an even greater degree of deference than the *Chevron* standard, and must prevail unless plainly inconsistent with the regulation."); Consarc Corp. v. OFAC, 71 F.3d 909, 914-15 (D.D.C. 1995); Zarmach Oil Services, Inc. v. U.S. Dept. of the Treasury, --- F.Supp.2d ----, 2010 WL 4627838 (D.D.C. 2010)(OFAC regulations carry the force of law); see also 31 C.F.R. § 538.802.

None of the Defendant Judgment Debtors ever appeared and defaults were properly entered against them all prior to entry of the Default Judgment. Accordingly, no further notice or service of pleadings, motions or writs is required to be served on any Defendant. Fed. R. Civ. P. 5(a)(2).

This Court has ruled previously that all of the individual SDNT account holders at Terrabank, N.A., and SDNT entities Confecciones Lord S.A., Karen Overseas, Inc. and MLA Investments Inc., are aliens with no substantial connection to the United States and therefore have no rights to due process.[4] "**[A]liens receive constitutional protections [only] when they have come within the territory of the United States and developed substantial connections with this country**." United States v. Verdugo-Urquidez, 494 U.S. 259, 271, 110 S.Ct. 1056, 108 L.Ed.2d. 222 (1990)(emphasis supplied). The due process guaranty of the Fifth Amendment is applicable to aliens **within the territory of the United States.** Johnson v. Eisentrager, 70 S.Ct. 936 (1950). See also People's Mojahedin Org. of Iran v. U.S. Dep't of State, 182 F.3d 17, 22 (D.C.Cir. 1999), cert. denied 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 788 (2000). This Court has ruled previously that any interest that any SDNT had in their blocked accounts does not meet the requirement of a substantial connection with the United States granting due process rights. See 32 County Sovereignty Comm. V. Dep't of State, 292 F.3d 797, 799 (D.C.Cir. 2002).

The Court has ruled previously that TRIA does not require notice to the terrorist party, or an agency or instrumentality of the terrorist party, nor does it provide the terrorist

---

[4] The entities Jacaria Florida, Inc., Granada Associates, Inc., ALM Investment Florida, Inc., Villarosa Investments Florida, Inc., C.W. Salman Partners and Salman Coral Way Partners are dissolved Florida corporations, or inactive Florida LLPs. [Exhibits 20-24]. Abdala Saieh, a front person for NVC leaders Raul Grajales and Beto Renteria for over ten years, was the Vice-President of Plainview Florida II, Inc. from 1995 to 2008. [Exhibit 8].

party with any right to be heard before or during the execution proceeding. DE 323. The Court has ruled that the TRIA does not provide the terrorist party, or its agency or instrumentality, any right to contest or seek dissolution of any form of writ of execution, nor any right to jury trial, nor any right to service of the garnishee's answer, or any right to claim exemptions available to debtors under state law. DE 323. This Court has ruled that where certain of the Florida garnishment statutes[5] conflict with the TRIA, the TRIA controls and preempts state law. Fed. R. Civ. P. 69(a). This Court ruled previously that these SDNTs have no right under the TRIA to notice or to challenge their OFAC designations as SDNTs in an attempt to seek dissolution of the writ of garnishment. All of the Terrabank, N.A. SDNTs remain OFAC designated.

This post-judgment execution, the writs of garnishment, writs of execution, and the turnover of funds have occurred by Court order DE 323 finding that the TRIA applied to this SDNT post-judgment execution, and after OFAC approval of Terrabank, N.A.'s turnover by cashier's checks of these SDNT blocked proceeds requiring no license.

Garnishee has requested reimbursement of reasonable attorneys fees and expenses incurred pursuant to Fla. Stat. § 77.28. Without waiving their argument on preemption, Plaintiffs have agreed to pay such reasonable attorneys fee and expenses to Garnishee's counsel upon presentation to Plaintiffs' counsel.

**WHEREFORE** Plaintiffs request entry of an Order discharging Terrabank, N.A. for

---

[5] Including Fla. Stat. § 77.041 (requiring notice to individual defendant for claim of exemption from garnishment); §77.055 (service of garnishee's answer and notice of right to dissolve writ); §77.07 (dissolution of writ); §77.08 (jury trial); § 77.16 (claims by third persons to garnished property). It is settled law that these designated individuals Cadavid and Barrera would never be entitled to notice before the writ of garnishment is issued. *Brown v. Liberty Loan Corp. of Duval*, 539 F.2d 1355 (5th Cir. 1976); *United Presidential Life Insur. Co. v. King*, 361 So. 2d 710 (Fla. 1978).

full compliance with the writs of garnishment, writs of execution, DE 323, by turning over the twenty-five (25) blocked account proceeds by cashiers's check to Plaintiffs, and further

1. Finding that the TRIA applies to this garnishment and execution and that its provisions have been complied with, and that non-conflicting state garnishment statutes have been complied with.

2. Finding that the above SDNTs are not indispensable parties and have no right to notice or opportunity to be heard and no due process rights, and no right to challenge their OFAC designations as SDNTs in an attempt to seek dissolution of the writ of garnishment in this action.

3. Finding that no other person or entity has an ownership or beneficial interest in the blocked proceeds; and that no other person or entity has rights in the blocked proceeds that are superior to the perfected lien and rights of Plaintiffs, who are terrorism victim judgment creditors, under Section 201(a) of the Terrorism Risk Insurance Act of 2002.

4. Finding that Terrabank, N.A fully complied with the writs of garnishment and writs of execution for the turnover of the SDNT blocked proceeds by cashier's checks to Plaintiffs for deposit into Plaintiffs' counsel's Trust Account.

5. Authorizing Plaintiffs and Garnishee's counsel to confer in a good faith effort to resolve the issue of attorney fees without the need for this Court's intervention and authorizing Porter & Korvick, P.A. to pay same.

Respectfully submitted September 26, 2011

/s Newton Porter_____          /s_Tony Korvick_____
NEWTON P. PORTER                         TONY KORVICK
(Florida Bar No. 833738)                 (Florida Bar No. 768405)

nporter@porterandkorvick.com
PORTER & KORVICK, P.A.
9655 South Dixie Highway Suite 208
Miami, Florida 33156
Telephone:  (305) 373-5040
Facsimile:  (305) 668-9154
Attorneys for Plaintiffs

tkorvick@porterandkorvick.com
PORTER & KORVICK, P.A.
9655 South Dixie Highway Suite 208
Miami, Florida 33156
Telephone:  (305) 373-5040
Facsimile:  (305) 668-9154
Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 26, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I served the foregoing document and the notice of electronic filing by first class mail and electronic mail to the following persons:

John J. Dileonado, Jr. Esquire
Hunton & Williams, LLP
111 Brickell Avenue
Suite 2500
Miami, FL 33131
Ph:  (305) 810-2500
Fax:  (305) 810-1678
jdelionado@hunton.com

_s/Tony Korvick_____
TONY KORVICK (Florida Bar No. 768405)
Attorneys for Plaintiffs
PORTER & KORVICK, P.A.
9655 South Dixie Highway Suite 208
Miami, Florida 33156
Telephone:  (305) 373-5040
Fax:  (305) 668-9154
tkorvick@porterandkorvick.com