UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

Civil Action No. 8:09-CV-2308-RAL-MAP

───────────────────────────────────────────────

KEITH STANSELL, MARC GONSALVES,
THOMAS HOWES, JUDITH G. JANIS,
CHRISTOPHER T. JANIS, GREER C. JANIS,
MICHAEL I. JANIS and JONATHAN N. JANIS,

        Plaintiffs,

  -against-

REVOLUTIONARY ARMED FORCES OF
COLUMBIA (FARC), et al.,

        Defendants.

───────────────────────────────────────────────

ANSWER OF GARNISHEE THE BANK OF NEW YORK MELLON
TO WRIT OF EXECUTION/GARNISHMENT RELATING TO GRUPO
<u>ARPOSFRAN EMPRE PARTICACOES AND OVLAS TRADING, S.A.</u>

      Pursuant to Florida Statutes § 77.06 and Rules 64 and 69(a) of the Federal Rules of Civil Procedure, garnishee The Bank of New York Mellon ("BNY Mellon"), incorrectly identified in the Writ of Execution/Garnishment as its holding company, The Bank of New York Mellon Corporation, responds, by its counsel, as follows to the Writ of Execution/Garnishment (the "Writ"), filed on February 20, 2015 and served on February 27, 2015 [DE 892], relating to Grupo Arposfran Emre Particacoe (a/k/a Grupo Arosfran Empreendimentos e Participacoes S.A.R.L) ("Grupo") and Ovlas Trading, S.A. ("Ovlas") (the "Writ"):

      1.    The Bank of New York Mellon Corporation, the entity that was named and served with the writ, is the holding company for BNY Mellon. It holds no bank accounts and therefore is not and has never been indebted to Grupo or Ovlas. To the extent the Writ is interpreted as

seeking to garnish property indebted by BNY Mellon to Grupo or Ovlas, it should have been directed at BNY Mellon. By filing this answer, neither BNY Mellon nor The Bank of New York Mellon Corporation waives any of their respective rights or objections with respect to the Writ or any subsequent writ of garnishment served upon BNY Mellon.

2. In responding to the Writ, BNY Mellon has investigated records of its accounts maintained in the United States. This answer is based on that investigation.

3. From the date of service of the Writ through the date of this answer, BNY Mellon is holding the sum of $2,503,498, plus interest, in a blocked account ending in 8400 (the "Blocked Account") that was established upon the bank's block of a wire transfer on or about October 13, 2009, pursuant to sanctions regulations, 31 C.F.R. § 594.310, issued by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department and applicable to persons or entities designated by OFAC as a specially designated global terrorist ("SDGT"). The parties to the underlying blocked wire transfer were the following: Grupo, as the originator; Banco Africano de Investimentos, Angola ("Banco Africano"), as the originator's bank; Standard Chartered Bank, as Banco Africano's correspondent bank; BNY Mellon, as an intermediary bank; Olvas as the beneficiary; and Bank Audi SAL, as the beneficiary's bank (collectively, the "Wire Transfer Parties"). The last known addresses of the Wire Transfer Parties (besides BNY Mellon), as best ascertained by BNY Mellon using the information available to it, are set forth in the annexed Schedule A.

4. Besides the Blocked Account, BNY Mellon is neither indebted to nor otherwise holds any tangible or intangible personal property of either Grupo or Olvas.

5. BNY Mellon knows of no other persons who or entities that are indebted to either Grupo or Ovlas or may be in possession or control of any tangible or intangible personal property of Grupo or Ovlas.

6. As stated in paragraph 15 of the Court's Order, dated and filed February 17, 2015, directing the issuance of the Writ and other writs of executions, both Grupo and Olvas have been designated by OFAC as an SDGT, and both have been found by this Court to be an agency or instrumentality of the judgment debtor, the Revolutionary Armed Forces of Colombia ("FARC"), within the meaning of § 201(a) of the Terrorism Risk Insurance Act of 2002, codified as a note to 28 U.S.C. § 1610 ("TRIA").

7. Because Grupo has been found to be an instrumentality of FARC and was the originator of the wire transfer underlying the Blocked Account, the funds in the Blocked Account may be subject to turnover to plaintiffs in accordance with this Court's Order, filed May 13, 2013 [DE 808], in which this Court held that the originator of a blocked wire transfer is subrogated under Uniform Commercial Code ("U.C.C.") § 4A-402(d) to the right of the originator's bank to receive blocked funds held by the intermediary bank that blocked the wire transfer.

8. Nonetheless, BNY Mellon cannot release the funds in the Blocked Account to any person or entity, including plaintiffs, without either a license issued by OFAC permitting such a release or a final judgment of this Court directing that the blocked funds be turned over to plaintiffs pursuant to TRIA § 201(a) or to some other person or entity with a property interest in the funds. Moreover, insofar as the entity that immediately preceded BNY Mellon in the wire transfer chain at issue was not Banco Africano, as the originator's bank, but rather Standard Chartered Bank, as Banco Africano's correspondent bank, a legal issue exists as to whether

Grupo has subrogation rights under U.C.C. § 4A sufficient to give it a property interest in the funds in the Blocked Account.

9. BNY Mellon accordingly does not object to the turnover of the funds in the Blocked Account to plaintiffs so long as the following conditions are met:

a. Notice required by Florida Statutes § 77.055 is properly given by plaintiffs to all of the Wire Transfer Parties, all of which conceivably could claim a right to, or property interest in, the funds in the Blocked Account even though, under this Court's May 13, 2013 Order, only the originator of a blocked wire transfer and, at least to the extent it precedes the intermediary bank that effected the block, the originator's bank have a legitimate property interest in those funds;

b. After notice under § 77.055 is properly given, no Wire Transfer Party, or any other person or entity, is ultimately found by the Court to have a right to or interest in the funds in the Blocked Account that is superior to plaintiffs' right to or interest in those funds;

c. The Court determines that, as a matter of law under U.C.C. § 4A, Grupo has a property interest in the funds in the Blocked Account sufficient to enable plaintiffs to execute on those funds in partial satisfaction of their judgment against FARC;

d. BNY Mellon, as part of a final turnover judgment, receives a discharge releasing it from any liability, with respect to the Blocked Account, vis-à-vis plaintiffs, the Wire Transfer Parties, and any other person or entity; and

e. BNY Mellon receives its reasonable attorneys' fees incurred in connection with its response to the Writ, as authorized by Florida Statutes § 77.28.

10. BNY Mellon has retained the undersigned counsel to represent it in this matter and requests an award of its reasonable attorneys' fees incurred in connection with its response

to the Writ, as authorized by Florida Statutes § 77.28. BNY Mellon hereby demands payment of the $100.00 statutory fee as set forth in Florida Statutes § 77.28.

WHEREFORE, BNY Mellon requests the entry of an order in this proceeding:

(1) Discharging BNY Mellon and The Bank of New York Mellon Corporation as being in full compliance with the Writ and releasing them of any and all liability under the Writ or to any other claimant with respect to the funds in the Blocked Account;

(2) Awarding BNY Mellon and The Bank of New York Mellon Corporation their costs and expenses in this proceeding, including reasonable attorneys' fees; and

(3) Granting such other and further relief to BNY Mellon and The Bank of New York Mellon Corporation as the Court deems to be just and proper.

Dated: March 26, 2015

Respectfully submitted,

\_\_\_/s/ *Edward M. Mullins*_____
Edward M. Mullins (Florida Bar No. 863920)
emullins@astidavis.com
Astigarraga Davis Mullins & Grossman, P.A.
1001 Brickel Bay Drive, 9th Floor
Miami, Florida 33131
(305) 372-8282

-and-

Steven B. Feigenbaum
sfeigenbaum@llf-law.com
Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
(212) 308-6100

Co-Counsel for The Bank of New York Mellon Corporation and Garnishee The Bank of New York Mellon

<u>Schedule A</u>

1. Grupo Arosfran Empreendimentos e Participacoes S.A.R.L.
   Attn: Legal Department
   Avenida Comandante Valodia, No. 65, Primeiro andar
   Luanda 0512, Angola
   +244-222430165

2. Banco Africano de Investimentos, Angola (currently known, to the best of BNY Mellon's knowledge, as Banco Angolano de Investimentos, S.A.)
   Attn: Mr. Mario Alberto Barber, CEO
   Rua Major Kanhangulo, 34
   Luanda 6022, Angola
   +244 222 693 800

3. Standard Chartered Bank
   Attn: Legal Department
   1095 Avenue of the Americas
   New York, NY 10036

4. Bank Audi S.A.L.
   Attn: Legal Department
   Bank Audi Plaza
   Omar Daouk Street, Bab Idriss Area
   P.O. Box 11-2560
   Beirut 1107-2200, Lebanon
   +961-1994000

5. Ovlas Trading S.A.
   Attn: Legal Department
   Al Salia Building, No. 4465/5
   Embassy Street
   Bir Hassan Area
   Baabda 1003, Lebanon
   +961-1844770

CERTIFICATE OF SERVICE

I hereby certify that, on March 26, 2015, I electronically filed the foregoing document with the Court using the CM/ECF filing system, which will electronically serve the document on all counsel of record, including the following:

Tony Korvick, Esq.
Porter & Korvick, P.A.
9655 S. Dixie Highway, Suite 208
Miami, Florida 33156
Counsel for Plaintiffs

/s/ *Edward M. Mullins*_____
Edward M. Mullins (Fla. Bar No. 863920)