UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

KEITH STANSELL,
MARC GONSALVES,                                   CIVIL ACTION CASE NO.:
THOMAS HOWES,                                     8:09-CV-2308-RAL-MAP
JUDITH G. JANIS, CHRISTOPHER T. JANIS,
GREER C. JANIS, MICHAEL I. JANIS,
and JONATHAN N. JANIS

       Plaintiffs,

vs.

REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC); et al.,

       Defendants.
_____/

**PLAINTIFFS' MOTION FOR ENTRY OF TRIA TURNOVER
JUDGMENT ON GARNISHEE HSBC BANK USA, N.A. ANSWER DE 923**

    Plaintiffs respectfully move for entry of a TRIA Turnover Judgment on Answer DE

923 filed by Garnishee HSBC Bank USA, N.A. ("HSBC) to Writ of Garnishment DE 910

(SDGT Faqzi Kanaa), pursuant to Florida Garnishment statutes; Fed. R. Civ. P. 69(a);

Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"); DE 900 (Order

granting issuance of Writs of Execution/Garnishment to HSBC et al. and determining SDGTs

to be agencies or instrumentalities of the FARC); DE 389 (Agreed to by U.S.A.); DE 390

(Order authorizing SDNT writs of garnishment to be served and enforced); DE 459 (denying

garnishees' motions to quash TRIA writs of garnishment); DE 481 (notice non-appeal by

garnishees); <u>Mercurio Int'l S.A. v. Stansell et al.</u> 704 F.3d 910, 915 (11th Cir. 2013)(IEEPA

blocked assets subject to TRIA execution); Executive Order 13224; <u>Stansell v. FARC</u>, 771

F.3d 713, 730-32 (11th Cir. 2014)(affirming district court's agency or instrumentality

standard as proper standard to carry out Congress' intent), <u>rehearing and rehearing en banc</u>

denied, mandate issued DE 889.  The grounds for this motion are:

1.      Garnishee HSBC filed its Answer **DE 923** to the Writ of Garnishment DE 910 [issued

by Order DE 900] on March 19, 2015, in which HSBC acknowledged that at the time of

service of Writ on February 27, 2015 [DE 951 return of service], and its Answer DE 923, that

HSBC is indebted to Fawzi Mustafa Kan'an (multiple aka including "Faqzi Kanaa"), and

holding Faqzi Kanaa's blocked Specially Designated Global Terrorist ("SDGT") funds in the

amount of $95,460.40, blocked as originator on June 23, 2008 HSBC Acct. xxx 9359.  DE

923 ¶ 1.[1]

2.      In Order DE 900 this Court made the required two separate determinations for TRIA

execution under <u>Stansell v. FARC</u>, 771 F.3d 713, 726 (11th Cir. 2014).  First, the Court

determined that OFAC had designated Faqzi Kanaa as an SDGT under IEEPA Executive

Order 13224.  <u>See</u> DE 900 ¶ 15; DE 892 Ex. 1.  <u>Id</u>. ("[T]he first [determination] can be

definitively established by the fact that OFAC has taken action against the alleged agency or

instrumentality under TWEA or the IEEPA.")     At the time Writ DE 910 was served on

Garnishee on February 27, 2015 [DE 951], and at the time of Garnishee's Answer DE 923,

Faqzi Kanaa (and all alias names) remained an OFAC designated SDGT member of the

Foreign Terrorist Organization Hezbollah ***including to the present time***.[2]

3.      This Court also made the required second required determination for TRIA execution

and determined that the designated persons or entities owning or having an interest in the

---

[1] Plaintiffs are satisfied with Answer DE 923 and will not file a reply.  Fla. Stat. § 77.061.
[2] A lien is created once the writ is served and any subsequent removal from OFAC's SDN
list is not retroactive.  *See Stansell v. FARC* 771 F.3d 713, 730-32 (11th Cir. 2014).

blocked property are agencies or instrumentalities of the terrorist party FARC.  <u>See</u> DE 900 ¶¶ 11-17.  <u>See also</u> <u>Stansell</u>, 771 F.3d at 730-32.  Plaintiffs' filed evidence directly supporting the Court's second determination that these blocked SDGTs – all members of Hezbollah and part of its terrorist support network - are agencies or instrumentalities of the FARC under this Court's agency or instrumentality standard and therefore the SDGT blocked assets identified herein are subject to execution under TRIA.  <u>See</u> DE 890; 891.  Order DE 900 made the specific ruling that Hezbollah, and all its members, money laundering networks, supporters and front persons, are all agencies or instrumentalities of the FARC under §201 of TRIA, including Grand Stores the entity who owns the blocked funds subject to this motion, and that these SDGT accounts are "blocked assets" subject to execution under §201 of TRIA.  <u>See</u> Motion DE 892; Affidavit DE 891; Appendix DE 890; Order DE 900.  The Eleventh Circuit Court of Appeals affirmed this Court's standard for determining an agency or instrumentality of a terrorist party under TRIA.  <u>See</u> <u>Stansell v. FARC</u>, 771 F.3d 713, 730-32 (11th Cir. 2014).  Terrorist assets blocked under IEEPA Executive Orders, like EO 13224 here, are subject to execution under TRIA.  <u>Mercurio Int'l S.A. v. Stansell et al.</u> 704 F.3d 910, 915 (11th Cir. 2013)(IEEPA blocked assets subject to TRIA execution).

4.      Plaintiffs have complied with Florida garnishments statutes in this TRIA execution. <u>See</u> <u>Stansell v. FARC</u>, 771 F.3d 713, 730 (11th Cir. 2014)("TRIA § 201 does not preempt Florida law, and judgment creditors seeking to satisfy judgments under it must follow the notice requirements of Florida law.").  Plaintiffs have complied with Fla. Stat § 77.03 in filing a motion to issue writs of garnishment.  Plaintiffs have also complied with § 77.04 form of the writ, and in the case of SDGT individual agencies or instrumentalities, have

complied with Fla. Stat. § 77.041 notice to an individual for claim of exemption attached to the writ.  <u>See</u> DE 900 ¶ 23.

5.      Plaintiffs have further complied with the notice requirements of Florida's garnishment statutes.  <u>See</u> <u>Stansell</u> at 730 ("TRIA § 201 does not preempt Florida law, and judgment creditors seeking to satisfy judgments under it must follow the notice requirements of Florida law.").  Plaintiffs have complied with Fla. Stat. § 77.041(2) by mailing, first class mail, a copy of the writ and notice to individuals blocked parties within five (5) business days of the writs being issued.  <u>See</u> Certificate of Service/Compliance DE 916 (all Writs DE 902-915, issued Feb. 20 and served Feb. 26, 2015).  Plaintiffs have complied with Fla. Stat. § 77.055 by serving a copy of the garnishee's answer, Notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days of the date indicated on the certificate of service in the Notice if any allegation in the plaintiff's motion for writ of garnishment is untrue.  The Notice contains a certificate of service.  The Answer DE 923 and Notice were served on March 20, 2015 on the OFAC designated SDGT Faqzi Kanaa (identified in DE 923 ¶ 1), who owns the blocked assets being garnished, at the last known addresses identified by the OFAC SDN Listings and Press Releases attached as Exhibits 1-4 and 19-23 to DE 892.  Garnishee's Answer DE 923 identified no other addresses and no other persons or entities indebted to Faqzi Kanaa or who had an ownership interest in the deposit, account, or property controlled by the garnishee.  The Answer DE 923 indicates that the blocked funds were "being transferred by Faouzi &/or Ffatima Kanaa," Plaintiffs provided Fla. Stat. § 77.055 Notice and certificate of service and Answer to Ffatima Kanaa at

the last known addresses identified by the OFAC SDN Listings and Press Releases attached as Exhibits 1-4 and 19-23 to DE 892.  See DE 927 w/ exhibits DE 927.1; DE 927.2.

6.    More than twenty (20) days has expired since the March 20, 2015 service of the Answer, Notice of right to dissolve the writ and certificate of service (Fla. Stat § 77.055 complaince).  See DE 927.1.  No person or entity has appeared in this action to move to dissolve the Writ DE 910.  No person or entity has appeared in response to the February 26, 2015, 2015 Fla. Stat. § 77.041(2) notice of the writ and motion.  DE 916.[3]  No person or entity has ever appeared in this action to assert any claim to these blocked assets, or to otherwise challenge the Order DE 900, allegations in Motion DE 892 as untrue, Writ DE 910, or Garnishee's Answer DE 923.

7.    Plaintiffs have complied with all requirements of the Florida garnishment statutes for notice to interested persons/entities and for blocked parties to have an "opportunity to be heard in order to rebut the allegations and preserve their possessory interest in blocked assets."  See Stansell v. FARC, 771 F.3d 713, 726 (11th Cir. 2014).

8.    Plaintiffs have a judgment against the FARC, a "terrorist party," on a claim based on an "act of terrorism," as defined by § 201(d)(1)(B) and 201(d)(4) of the TRIA.  The funds in Garnishee's possession were "blocked assets" at the time Writ DE 910 was served, designated and blocked under IEEPA Executive Order 13224, and therefore subject to TRIA execution.  Plaintiffs' judgment is for compensatory damages only.

---

[3] None of the FARC defendants have appeared and defaults were properly entered against them all prior to entry of the Default Judgment.  Accordingly, no further notice or service of pleadings, motions or writs is required to be served on the FARC or the individual FARC members identified in the ATA Judgment DE 233.  These defendants are not indispensable parties here. Fed.R Civ.P. 5(a)(2).

9.      Congress specifically defined the term "terrorist party" in Section 201(d) of the TRIA to include **both** a "terrorist organization" and a "foreign state designated as a state sponsor of terrorism":

> (4) TERRORIST PARTY- The term `terrorist party' means a terrorist, a terrorist organization (as defined in section 212(a)(3)(B)(vi) of the Immigration and Nationality Act (8 U.S.C. 1182(a)(3)(B)(vi))), or a foreign state designated as a state sponsor of terrorism under section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2372(j)) or section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. 2371).

This definition includes the FARC, an FTO, in addition to foreign state sponsors of terrorism.

10.     Plaintiffs' appendix and expert witness affidavit [DE 890 and 891] and Motion for Issuance of IEEPA/SDGT Writs of Garnishment [DE 892] and the Order [DE 900] (finding Hezbollah and the SDGT Grand Stores, Ltd. are agencies or instrumentalities of the FARC under §201 of TRIA) were all served upon the Department of Justice by ECF, and separately upon OFAC's Sr. Counsel pursuant to the litigation reporting requirements of 31 CFR 501.605.

11.     Faqzi Kanaa (and all OFAC aliases) was OFAC designated under IEEPA EO 13224 as an SDGT member of Hezbollah on June 18, 2008.  DE 892 Ex. 1.  Faqzi Kanaa remains so designated to this date, including the date TRIA Writ DE 910 was served on February 27, 2015.  [DE 891-1; 892-19].  At the time the Writ was served, Faqzi Kanaa remained on the OFAC SDN list as an SDGT and no license had ever been issued to release the blocked funds.  Also, no other creditor, claimant or third party has ever obtained a license from OFAC related to these blocked proceeds.

12.     Plaintiffs' Judgment provides that "[i]nasmuch as the FARC used profits from the manufacture and distribution of cocaine, money laundering, and extortion to support their

terrorist acts, Plaintiffs are deemed crime victim judgment creditors with perfected liens on proceeds derived from these related offense criminal activities."  [DE 233, ¶ 9].

13.    The blocked accounts held by Garnishee are not immune from attachment under the TRIA as sovereign, diplomatic or consular property.  The blocked accounts held by Garnishee are not and never were "property subject to the Vienna Convention on Diplomatic Relations" that "is being used exclusively for diplomatic or consular purposes" and are therefore not excluded from the definition of blocked assets under the TRIA.  Neither Hezbollah, Faqzi Kanaa, the FARC nor any individual FARC judgment debtor has ever been recognized as a sovereign state by any nation, nor have they ever held any form of diplomatic or consular status.

14.    Plaintiffs have complied with all OFAC litigation reporting requirements.  31 C.F.R. § 501.605.   OFAC does not require any license for Plaintiffs to execute on and take possession of the blocked proceeds here which are subject to the TRIA. Weininger v Castro, 462 F. Supp. 2d. 457, 499 (S.D.N.Y. 2006)(U.S. DOJ has indicated that "[i]n the event the Court determines that the funds are subject to TRIA, the funds may be distributed without a license from the OFAC).  See DE 250-4.

15.    Because of the fleeting nature of blocked assets, Plaintiffs seek to execute on these SDNT blocked assets without delay.   See Smith v. Federal Reserve Bank, 346 F.3d 264, 271 n.6 (2d Cir. 2003)("In addition to the possibility that blocked assets may become unblocked or confiscated, they may also be depleted by the claims of other victims.").

16.    Plaintiffs are terrorism victim judgment holders with priority to these blocked assets. See Hausler v. JPMorgan Chase Bank, N.A., 845 F. Supp. 2d 553, 569 (S.D.N.Y.

2012)(TRIA, preempting and above all other law mandates that "terrorist victims' holding judgments, as a group, must be first in line" to blocked assets).

17.    The SDGT Faqzi Kanaa was the originator/transferor of the Electronic Funds Transfer blocked and not completed on June 23, 2008 more than six years ago.  As such, the transfer is cancelled by operation of UCC law if not completed within five business transfer days and the funds revert to ownership of the originator, here a blocked party Faqzi Kanaa. See:  this Court's prior Order DE 808 pp. 7-8.  As a matter of law, under U.C.C. § 4A, the blocked party SDGT Faqzi Kanaa owns the property interest in the blocked funds sufficient to enable plaintiffs to execute on these blocked funds under TRIA.  Heiser v Islamic Republic of Iran, 735 F.3d. 934, 940-41 (D.C. Cir. 2013); Calderon-Cardona v. JPMorgan Chase Bank, N.A., 770 F.3d 993, 996 (2d Cir.2014).  Plaintiffs are subrogated to the rights of each blocked party - SDGT - agency or instrumentality at the time each writ was served on garnishee.  In re Masvidal, 10 F.3d 761 (11th Cir. 1993).

## MEMORANDUM OF LAW

### I.    This Court's Jurisdiction and TRIA Overview

This Court has subject matter jurisdiction over plaintiffs' post-judgment execution proceedings pursuant to 28 U.S.C. § 1331 because it involves a federal question of execution against a blocked account of terrorist party, or of an agency or instrumentality of a terrorist party, under Section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA") on a federal Anti-Terrorism Act ("ATA") judgment [18 U.S.C. § 2331 et seq.].  See Stansell v. FARC, 771 F.3d 713, 737 (11th Cir. 2014)(district court has subject matter jurisdiction over TRIA

post-judgment executions).  The ATA provides for nationwide jurisdiction, venue and service of process.  18 U.S.C. § 2334.

The TRIA is the controlling remedy under the circumstances of these plaintiffs partially satisfying their ATA damages against IEEPA blocked assets of a terrorist party or an agency or instrumentality of a terrorist party.  See Stansell 713 F. 3d at 723 (elements of TRIA § 201 õstraightforwardö).  Plaintiffs meet all requirements of TRIA.  Weininger v. Castro et al., 462 F. Supp. 2d. 457, 479 (S.D.N.Y. 2006)(judgment against terrorist party for act of terrorism, blocked assets under TRIA, compensatory damages).

The Court of Appeals recognized and affirmed a district courtøs power to carry out õCongressøs intentö to make TRIA effective for terrorism victims.  Id. at 731 (This Court õcorrect to apply a different standard so that Congress's intent could be carried out.ö), citing, Hausler v. JP Morgan Chase Bank, N.A., 740 F.Supp.2d 525, 531 (S.D.N.Y.2010) (recognizing that Congress's purpose in enacting TRIA § 201 was to õ…deal comprehensively with the problem of enforcement of judgments rendered on behalf of victims of terrorismø ö (quoting H.R.Rep. No. 1076779, at 27 (2002) (Conf.Rep.), reprinted in 2002 U.S.C.C.A.N. 1430, 1434)).

Importantly, TRIA allows terrorism victim judgment holders to execute on blocked assets of designated persons, entities or organizations not named in the ATA Judgment. Weinstein v. Islamic Republic of Iran, 609 F.3d 43, 50 (2d Cir. 2010)(õAccordingly, we find it clear beyond cavil that Section 201(a) of the TRIA provides courts with subject matter jurisdiction over post-judgment execution and attachment proceedings against property held in the hands of an instrumentality of the judgment-debtor, **even if the instrumentality is not**

**itself named in the judgment**.ö)(emphasis added).  See Weinstein v. Islamic Republic of Iran, 609 F.3d 43, 50 (2d Cir. 2010); Ungar v. The Palestinian Authority, 304 F. Supp. 2d 232, 241 (D.R.I. 2004)(HLF is an agency or instrumentality of Hamas because it acts õfor or on behalf ofö Hamas).  See also Stansell 771 F.3d 713 at 732 (North Valley Cartel õindividuals and front companiesö were agencies or instrumentalities of FARC and blocked assets subject to TRIA execution).  Therefore, the TRIA provides for execution against the blocked accounts even though the blocked SDGTs, or other IEEPA based blocked parties, are not named defendants in plaintiffsø Judgment.

This execution relates to the funds of an SDGT originator/transferor of an electronic funds transfer (õEFTö) *blocked in 2008 more than six years ago*.  Under Florida law, Plaintiffs are subrogated to the rights of each blocked party ó SDGT - agency or instrumentality at the time each writ was served on garnishee.  In re Masvidal, 10 F.3d 761 (11th Cir. 1993)(through service of writs of garnishment, judgment creditors were subrogated to rights judgment debtor had against garnishee, under Florida law).  Under the UCC, a blocked electronic funds transfer (õEFTö) is subject to execution under TRIA when the blocked party is the sender or transferor [originator] of an EFT that is blocked midstream by an intermediary bank before reaching the recipientøs bank (EFT cancelled by operation of law and ownership reverts back to sender/originator).  Heiser v Islamic Republic of Iran, 735 F.3d. 934, 940-41 (D.C. Cir. 2013); CalderonóCardona v. JPMorgan Chase Bank, N.A., 770 F.3d 993 (2d Cir.2014).

On May 13, 2013, this Court ruled that once an intermediary bank is unable to execute and EFT payment order within five funds transfer business days, the EFT is

cancelled by operation of law and the "originator has a right to the funds." See Order DE 808 at pp. 7-8. In this case the originator is the blocked party Faqzi Kanaa owner of the funds blocked six years ago. This Court's prior ruling in Order DE 808 is consistent with the two recent EFT decisions by the D.C. and Second Circuit Courts of Appeal that involved judgment creditor executions on blocked midstream EFTs under TRIA. As a matter of law, under U.C.C. § 4A, the blocked party SDGT Faqzi Kanaa owns the property interest in the blocked funds sufficient to enable plaintiffs to execute on these blocked funds under TRIA. See Heiser v. Islamic Republic of Iran, 735 F.3d. 934, 940-41 (D.C. Cir. 2013)(If intermediary bank is prohibited from completing a transfer, then the originator is subrogated to its bank's right to a refund. U.C.C. § 4A–402(d)–(e)); Calderon–Cardona v. JPMorgan Chase Bank, N.A., 770 F.3d 993, 996 (2d Cir.2014)("[I]n order for an EFT to be a "blocked asset of" Cuba under TRIA § 201(a), either Cuba "itself or an agency or instrumentality thereof … [must have] transmitted the EFT directly to the bank where the EFT is held pursuant to the block.").[4]

## II.    Procedural Framework

Federal Rule of Civil procedure 69(a)(1) governs the procedural framework of this post-judgment TRIA execution and states that "[t]he procedure on execution . . must accord with the procedure of the state where the court is located." Fed.R.Civ.P. 69(a)(1). See Stansell at 730. In Stansell, the Eleventh Circuit Court of Appeals made clear that "TRIA §

---

[4] Answer DE 923 shows HSBC indebted only to Faqzi Kanaa and no other person or entity. That DE 923 states that the funds were "being transferred by Faouzi &/or Ffatima Kanaa" at the time of blocking is immaterial. The blocked SDGT Faqzi Kanaa is "seized of and owns the entire account" even were this a joint account, "therefore the whole account is subject to TRIA execution." See DE TRIA Turnover Judgment DE 756, ¶¶13-14 and cases cited therein. Faqzi Kanaa owns the blocked funds as originator.

201 does not preempt Florida law, and judgment creditors seeking to satisfy judgments under it must follow the notice requirements of Florida law.ö  Id.  The appellate court held that öparties whose assets are under threat of execution pursuant to TRIA § 201 are entitled to notice and an opportunity to be heard in order to rebut the allegations and preserve their possessory interest in blocked assets.ö  Id. at 726.  The timing of the notice requirements is governed by the Florida garnishment statutes.  Id. at 729 (önot necessarily before attachmentö).  The Eleventh Circuit Court of Appeals set forth the distinction between öattachmentö and öexecution.ö  Stansell, at 729.  The appellate court held that öthe factors weigh substantially in favor of immediate attachmentö and that claimants and property owners are önot constitutionally entitled to a hearing before the writ issued.ö  Stansell, 771 F.3d at 729.  The Eleventh Circuit summarized this notice and due process framework in this context stating that ö[c]laimants were entitled to notice and to be heard before execution, though not necessarily before attachment.ö  Id.  Under Florida law, a judgment lien is created at the moment a writ of garnishment is served (the öattachmentö) on the garnishee, **before any service on the debtor**, claimant or property owner is required.  See § 77.06(1), Fla. Stat.; § 77.041(2).

III.    **11th Circuit Requirements for Issuance of Writs and Attachment Satisfied**

In Order DE 900 this Court made the required two-part determination necessary for **issuance of TRIA writs of garnishment and attachment** of blocked assets of agencies or instrumentalities of the FARC.  The first part of the Courtøs determination was completed by OFAC, because it designated Faqzi Kanaa as an SDGT and blocked its assets under IEEPA

12

and the property remains blocked.  DE 892,  Exs. 1-4; 18-22.  Stansell v. FARC,  771 F.3d 713, 726 (11th Cir. 2014)(õ[T]he first [determination] can be definitively established by the fact that OFAC has taken action against the alleged agency or instrumentality under TWEA or the IEEPA.ö).  See DE 900 ¶ 1 (OFAC SDGT designation and assets blocked under IEEPA).  Assets blocked under IEEPA or TWEA are subject to execution under TRIA.  See Mercurio International, 704 F.3d at 915.

OFACøs designations are final agency action factual determinations entitled to great deference.  See Weinstein v. Islamic Republic of Iran, 609 F.3d 43, 50 (2d Cir. 2010)(OFAC designation is õfactual determinationö).  See Paradissiotis v. Rubin, 171 F.3d 983, 987 (5th Cir. 1999)(OFAC's designation of SDN being õan agency's application of its own regulations, receives an even greater degree of deference than the Chevron standard, and must prevail unless plainly inconsistent with the regulation.ö); see also 31 C.F.R. § 538.802.

The second required part for issuance of the writs and attachment is the Courtøs determination that the blocked party is an agency or instrumentality of the FARC.  The Court reviewed the evidence filed at DE 890, 891, and 892 and entered an order that the SDGT blocked parties were agencies or instrumentalities of the FARC:

14.    The Court has reviewed the Appendix Vol. 2 [DE 890, Exhibits 74-113] and the Affidavit of Douglas C. Farah [DE 891] filed in support of the motion and finds that the Foreign Terrorist Organization Hezbollah, a/k/a Hizbullah, including its individual members, divisions, front companies and networks, predecessor, subordinates, derivatives, and/or successor organizations are all agencies or instrumentalities of the FARC, because they are or were involved in the  purchase, sale, trafficking, security, storage, shipment or transportation, distribution of FARC coca paste or cocaine, or assisted the FARCøs financial or money laundering network and materially assisted or played a significant role in the FARCøs cocaine manufacturing and international cocaine trafficking.

DE 900 ¶ 14.  The Court made the specific finding that the SDGT Faqzi Kanaa, with assets

blocked at Garnishee Bank HSBC, identified in Answer DE 923 was an agency or

instrumentality of the FARC.  See DE 900 ¶ 15.  Stansell v. FARC, 771 F.3d 713, 726 (11th

Cir. 2014).

     The Eleventh Circuit Court of Appeals affirmed this Court's agency or

instrumentality standard for application in a TRIA execution required for the second

determination:

> Because the realities of terrorism make it unrealistic to apply the FSIA standard to
> TRIA execution, we think that the district court developed a proper standard. As the
> district court noted in its orders finding agency or instrumentality status, its standard
> "us[ed] the plain and ordinary meaning of those terms." Claimants here give us no
> reason to believe that any other standard is preferable or proper.

Stansell v. FARC,  771 F.3d 713, 732 (11th Cir. 2014).  Property owners, claimants and

interested parties, if any, are "not constitutionally entitled to a hearing before the writ[s] [are]

issued" and served.  Id.  at 729 ("immediate attachment").

## IV.    Post-Service of Writ Requirements for TRIA Execution Are Completed

     Plaintiffs have satisfied the requirements under the Eleventh Circuit's opinion in

Stansell v. FARC, 771 F. 3d at 726, 729 and the Florida garnishment statutes for execution

on these blocked assets of SDGT Grand Stores.   Plaintiffs have complied with Fla. Stat §

77.03 in filing a motion to issue writs of garnishment.  Plaintiffs have also complied with §

77.04 form of the writ, and in the case of SDGT individual agencies or instrumentalities,

have complied with Fla. Stat. § 77.041 notice to an individual for claim of exemption

attached to the writ.  See DE 900 ¶ 23.

Plaintiffs have complied with Fla. Stat. § 77.041(2) by mailing, United States Postal Service first class international mail, a copy of the writ and notice to individuals blocked parties within five (5) days of the writ being issued.   See Certificate of Service/Compliance DE 916 (all Writs DE 902-915 issued Feb. 20, 2015, served Feb. 26, 2015).

The issued TRIA writ of garnishment DE 910 was properly served on February 27, 2015 to garnishee HSBC.   DE 951.   Service of the writ created a judgment lien on the blocked proceeds.   See § 77.06(1), Fla. Stat.; § 77.041(2).    Garnishee HSBC answered the writ of garnishment on March 19, 2015.  DE 923.

Plaintiffs have complied with Fla. Stat. § 77.055 by serving a copy of the garnishee's answer, Notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days of the date indicated on the certificate of service in the Notice if any allegation in the plaintiff's motion for writ of garnishment is untrue:

**NOTICE**
(Fla. Stat § 77.055)

You are being served a copy of the garnishee's answer and this notice of right to dissolve writ pursuant to Florida law in the Anti-Terrorism Act case above pending in a United States Federal Court.  You must move to dissolve the writ of garnishment within twenty (20) days after the date set forth below in the Certificate of Service if any allegation in the plaintiff's motion for writ of garnishment is untrue.

DE 927-1.  The Notice contains a dated and executed certificate of service by United States Postal Service first class international mail.  The Answer DE 923 and Notice were served on March 20, 2015 on the OFAC designated SDGT Faqzi Kanaa (identified in DE 923 ¶ 1), who owns the blocked assets being garnished, at the last known addresses identified by the OFAC SDN Listings and Press Releases attached as Exhibits 1-4 and 19-23 to DE 892.  See

DE 927-1.  Garnishee's Answer DE 923 identified no other addresses and no other persons or

entities indebted to Faqzi Kanaa or who had an ownership interest in the deposit, account, or

property controlled by the garnishee (DE 923 ¶ 1).  .  Plaintiffs also provided the Answer and

§ 77.055 Notice to  Ffatima Kanaa, at the last known addresses identified by the OFAC SDN

Listings and Press Releases for Faqzi Kanaa attached as Exhibits 1-4 and 19-23 to DE 892.

See DE 927-1.

       More than twenty (20) days has expired since the March 20, 2015 service of the

Answer, Notice of right to dissolve the writ and certificate of service (Fla. Stat § 77.055

compliance).  See DE 927.  No person or entity has appeared in this action to move to

dissolve the Writ DE 910.  No person or entity has appeared in response to the February 26,

2015  Fla. Stat. § 77.041(2) notice of the writ and motion.  DE 916.  No person or entity has

ever appeared in this action to assert any claim to these blocked assets, or to otherwise

challenge the Order DE 900, allegations in Motion DE 892 as untrue, Writ DE 910, or

Garnishee's Answer DE 923.

       Plaintiffs have complied with all requirements of the Florida garnishment statutes for

notice to interested persons/entities and for blocked parties to have an "opportunity to be

heard in order to rebut the allegations and preserve their possessory interest in blocked

assets." See Stansell v. FARC, 771 F.3d 713, 726 (11th Cir. 2014).

       Faqzi Kanaa received multiple forms of notice and had an opportunity to be heard to

challenge the Court's findings in Order DE 900 that it is an agency or instrumentality of the

FARC.  The blocked party and owner of the blocked property, SDGT Faqzi Kanaa did not

appear and has waived its rights to challenge this TRIA execution by terrorism victim

judgment holders against the blocked assets of the SDGT Faqzi Kanaa being held at HSBC.

See Stansell v. FARC, 771 F.3d 713, 727 (11th Cir. 2014)(ōFurther, because Claimants were

entitled to the basic constitutional protection of due process, they were entitled to be heard on

their challenge to the agency or instrumentality issue.ö).

## V.    Faqzi Kanaa, as Originator of the Cancelled EFT,
## Owns the Blocked Funds Properly Subject to TRIA Execution

Garnishee HSBCøs Answer DE 923 states that HSBC is indebted to SDGT Faqzi

Kanaa and identified funds in HSBC Acct. xxx 9359 in the amount of $95,460.40, blocked

on June 23, 2008 more than six years ago.   DE 923 ¶ 1.   Faqzi Kanaa was the

transferor/originator of the now blocked funds.[5]  DE 923.

Article 4A of the UCC is a ōproper federal rule of decision for applying the

ownership requirements of § 201ö of TRIA to EFTs.  Heiser v. Islamic Republic of Iran, 735

F.3d 934, 941 (D.C. Cir. 2013).[6]

This Court has previously applied the UCC to an EFT and determined that an EFT, if

not completed with five business transfer days, reverted back to the originator of the EFT.

On May 13, 2013, this Court ruled that:

---

[5] See n.3.

[6] Under the UCC, a blocked electronic funds transfer (ōEFTö) is subject to execution under
TRIA when either:  (1) the blocked party is the sender [originator] of an EFT that is blocked
midstream by an intermediary bank before reaching the recipientøs bank (EFT cancelled by
operation of law and ownership reverts back to sender/originator); or (2) the blocked party is
the recipient of the EFT and the EFT has passed the intermediary bank and reached the
recipient bank which now holds the blocked proceeds.  See Order DE 808.  Of course, in both
situations the court must determine that the blocked party is an agency or instrumentality of
the terrorist party, FARC, under TRIA.

U.C.C. Article 4Aøs rules indicate that if, for any reason, an intermediary bank is unable to execute an EFT payment order within five funds transfer business days, the EFT payment order is, by operation of law, deemed to be canceled.[5] The cancellation of the EFT negates the relevant payment order/instructions assuring that the proceeds thereunder are no longer destined to or made available to the beneficiary indicated in the payment instructions. As the funds are no longer subject to onward transfer to the beneficiary, such beneficiary does not acquire nor does it retain any rights against the intermediary bank for their receipt. Rather, the originating bank regains the right to the funds, <u>and the originator has a right to the funds pursuant to a right of subrogation spelled out in U.C.C. § 4A-402(d)</u>.[6]  Section 4A-402(e) then provides that when õan intermediary bank is obliged to refund payment [to the originator]í  but is unable to do so because it is not permitted by applicable law,ö <u>the originator of the transfer is still deemed as retaining his rights of subrogation vis à vis the funds in question</u>.[7]

DE 808 pp. 7-8 (emphasis added)(footnotes omitted).[7]

The Second Circuitøs decision in <u>Heiser</u>, published post Order DE 808, confirms this Courtøs reasoning and ruling:

If the intermediary bank is prohibited from completing a transfer, then the originator is subrogated to its bank's right to a refund. U.C.C. § 4Aó402(d)óe). As the district court explained, this provision means that claims on an interrupted funds transfer ultimately belong to the originator, not the beneficiary or its bank.

See <u>Heiser</u>, 735 F.3d at 941 (D.C. Cir. Nov. 19, 2013), <u>citing</u>, <u>Heiser III</u>, 885 F. Supp. 2d at 448.

---

[7] In Order DE 808, this Court denied plaintiffsø request for entry of TRIA Turnover Judgment seeking blocked funds of an EFT beneficiary, because the EFT was interrupted and canceled by operation of the UCC, and therefore not completed to the beneficiary bank or blocked beneficiary, a Cali cartel entity.  Because of the blocking interruption and cancellation, the funds remained owned by the originator and were subsequently returned to the originator by the garnishee intermediary bank.  If the blocked party were both originator and beneficiary of the transfer, it would own the blocked funds and as such, be subject to turnover.  *See Gates v Syrian Arab Republic*, 2013 WL 6009491 (N.D.Il. Nov. 13, 2013).

The Court's May 2013 opinion is further confirmed in <u>Vera v Cuba</u>, 40 F.Supp.3d

367, (SDNY 2014).  In <u>Vera</u>,  three groups of terrorism victim FSIA judgment creditors of

Cuba sought to execute on several midstream EFTs that were blocked by U.S. intermediary

banks.  The <u>Vera</u> district court noted that the plaintiffs' turnover proceeding "was responsive

also to another protocol demanded by the affected banks, recognizing a distinction between

electronic transfers of *funds intended for a Cuban beneficiary*, and electronic transfers of

*funds initiated by* Cuba or a Cuban person or entity." <u>Id</u>. at 374.  The court held that:

> Only the bank that transmitted the funds, or **the party for which (or whom)
> it acts has a claim to that blocked EFT**. <u>Export–Import Bank of U.S. v. Asia
> Pulp & Paper Co</u>., 609 F.3d 111, 119–20 (2d Cir.2010); see also U.C.C. § 4A–
> 502 official cmt. 4. **By agreement of the affected banks**, this stage of the
> turnover proceeding excludes those transactions destined for Cuba, **and
> focuses only on blocked assets in which a Cuban Government party or its
> institution was the originator of the EFT, or directs on through a bank**.
> See Letter of Karen E. Wagner of Davis Polk, Oct. 22, 2013, Doc. No. 327.

<u>Id</u>. (emphasis added).

Importantly, the garnishee banks in <u>Vera v. Cuba</u> agreed that once blocked, the

transfer is cancelled and the funds "flow back upstream" – *to the originator*.  The banks that

agreed to proceed with turnovers where Cuban parties originated the EFTs include Garnishee

bank HSBC Bank USA, N.A. here, and also include: Bank of America, N.A., Barclays Bank

PLC, Citibank, N.A., Credit Suisse AG, New York Branch, Intesa Sanpaolo S.pA, JPMorgan

Chase Bank, N.A., UBS AG, Wells Fargo Bank, NA, Deutsche Bank Trust Company of the

Americas, Bank of New York Mellon, and RBS Citizens, N.A.  These banks all agreed that:

> The predicate for the protocol set forth above is based on the "money back
> guarantee" provision of Article 4A, and represents a construction of Article
> 4A that is both consistent with <u>Jaldhi</u> and <u>Asia Pulp</u> and with the interests of
> the plaintiffs in executing against the property of Cuban Government parties.
> **The "money back" provision dictates that when an EFT has not been**

**completed or has been interrupted, as it is when blocked pursuant to OFAC sanctions, under Article 4A the EFT proceeds flow back upstream to the originating bank or, in certain specified circumstances where a subrogation right exists, to the originator. See U.C.C. § 4A-211 (4)(5); U.C.C. § 4A-402(4). Thus, only the originator's bank in the first instance or the originator can claim any right to the return of proceeds. U.C.C. § 4A-402(5).**

[See Letter of Karen E. Wagner of Davis Polk, Oct. 22, 2013, SDNY Case No. 12-cv-01596; DE 327 at pp. 1, 3](emphasis added). There is no dispute that the blocked funds the subject of this motion are owned by the originator ó the blocked SDGT Grand Stores.

Under Florida law, plaintiffs are subrogated to the rights of each blocked party [SDGT] agency or instrumentality at the time each writ was served on garnishee. In re Masvidal, 10 F.3d 761 (11th Cir. 1993)(Through their service of writs of garnishment, judgment creditors were subrogated to rights judgment debtor had against garnishee, under Florida law); Florida Public Service Com'n v. Pruitt, Humphress, Powers & Munroe Advertising Agency, Inc., 587 So.2d 561 (1st DCA 1991)(judgment creditor advertising agency was subrogated to judgment debtor utility company's rights against garnishee bank and could only recover from garnishee that which utility could); Coyle v. Pan American Bank of Miami, 377 So.2d 213 (3d DCA 1979)(Garnishor serving writ of garnishment upon garnishee steps into shoes of defendant debtor and may assert against garnishee only such rights as defendant debtor could assert against garnishee).

The SDGT Faqzi Kanaa was the owner of the blocked property interest forth in HSBC Answer DE 923 ¶ 1 and no other person or entity owns the blocked funds. As a matter of law, under U.C.C. § 4A, the blocked party SDGT Faqzi Kanaa has a property

interest in the blocked funds sufficient to enable plaintiffs to execute on these blocked funds under TRIA.

## CONCLUSION

In all respects, the TRIA execution is ripe for entry of TRIA Turnover Judgment and ultimate turnover of the blocked proceeds to plaintiffs.  Plaintiffs have complied with the Florida garnishment statutes and Stansell v. FARC, 771 F.3d 713 (11th Cir. 2014).

Garnishee has requested reimbursement of reasonable attorneys fees and expenses incurred pursuant to the Florida garnishment statute Fla. Stat. § 77.28 in Answer DE 923,  ¶ 4.  Plaintiffs have no objection to the Court awarding a reasonable attorneys fee and expenses to Garnishee's counsel.

## MDFL Local Rule 3.01(g) Certification

There is no opposing counsel to this motion for entry of TRIA Turnover Judgment. Notice and an opportunity to be heard were provided to the blocked party SDGT and to any identified interested persons/entities and no person or entity filed any response.  Therefore, Middle District of Florida Local Rule 3.01(g) is inapplicable at this time as to opposing counsel.  Undersigned communicated twice in writing with counsel for Garnishee bank HSBC to determine whether HSBC had any opposition to this motion or the relief sought. Counsel for HSBC was unable to determine HSBC's position as of the time this motion was filed.

**WHEREFORE** plaintiffs request entry of separate TRIA Turnover Judgment on Garnishee's Answer DE 923 in the form attached hereto as Exhibit 1 and directing Garnishee on how to proceed with respect to the blocked funds:

1.      Finding that the TRIA applies to this garnishment and execution.

2.      Finding that plaintiffs satisfy the TRIA for execution:  (i) they have a obtained

judgment against a terrorist party the FARC; (ii) the judgment is based on acts of terrorism;

(iii) the SDGT proceeds being held by Garnishee were assets blocked õunder IEEPAö when

TRIA Writ DE 910 was served on February 27, 2015, and therefore within the meaning of

TRIA; and (iv) plaintiffsø judgment is for compensatory damages.

3.      Finding that Florida garnishment law applies to this TRIA execution and that

Plaintiffs have followed and fully complied with the notice and its timing requirements of

Floridaøs garnishment statute for this TRIA execution.

4.      Finding that the blocked party SDGT Faqzi Kanaa owner of the blocked funds

identified in Answer DE 923 received complete notice under Florida garnishment statutes

and in accordance with <u>Stansell v. FARC</u> 713 F.3d 714 (11th Cir. 2014).  The blocked party

SDGT account holder received the required Florida garnishment statutory notice and an

opportunity to be heard and did not appear at any time to challenge the allegations in the

motion at DE 892 as untrue; did not move to dissolve the writ DE 911; and otherwise did not

challenge the Answer at DE 923.  Finding that plaintiffs also provided Fla. Stat. § 77.055

notice to Ffatima Kanaa.  More than twenty (20) days has expired since the March 20, 2015

service of the Answer, Notice of right to dissolve the writ and certificate of service (Fla. Stat

§ 77.055 service of garnishee answer and right to dissolve the writ).  <u>See</u> DE 927.  No person

or entity has appeared in this action to move to dissolve the Writ DE 910.  No person or

entity has appeared in response to the February 26, 2015 Fla. Stat. § 77.041(2) notice of the

writ and motion.   No other person or entity has ever appeared in this action to assert any

claim of ownership of or beneficial interest in these blocked assets, or to otherwise challenge the Order DE 900, allegations in Motion DE 892 as untrue, Writ DE 910, or Garnishee's Answer DE 923. The blocked party failed to appear and waived its rights to challenge this TRIA execution by terrorism victim judgment holders against the blocked asset of the SDGT Faqzi Kanaa being held at HSBC. Finding that no other person or entity has rights in the blocked proceeds that are superior to the perfected lien and rights of plaintiffs, who are terrorism victim judgment creditors, under Section 201(a) of the Terrorism Risk Insurance Act.

5.      Finding that none of the FARC defendants have appeared and defaults were properly entered against them all prior to entry of the Default Judgment. Accordingly, no further notice or service of pleadings, motions or writs is required to be served on the FARC or the individual FARC members identified in the ATA Judgment DE 233. These defendants are not indispensable parties here. Fed. R. Civ. P. 5(a)(2).

6.      Finding that Faqzi Kanaa, as an OFAC designated member of the Hezbollah, is an agency or instrumentality of the FARC, a terrorist party, under TRIA.

7.      Finding that plaintiffs' judgment is (i) against FARC as a terrorist party within the meaning of TRIA on a claim based on an act of terrorism within the meaning of TRIA; (ii) based on a claim in respect of an act of terrorism for which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7) and that plaintiffs' are terrorism victim judgment holders with priority to IEEPA blocked SDGT assets.

8.      Finding that plaintiffs' judgment is solely for compensatory, not punitive, damages in respect of which the terrorist party has been adjudged liable.

9.    Finding that the blocked proceeds held by Garnishee are not immune from attachment under the TRIA as sovereign, diplomatic or consular property.

10.    Finding that OFAC does not require any license for plaintiffs to execute on and take possession of the blocked assets where the Court has ruled that the blocked assets are subject to the TRIA.  See DE 250-4.

11.    Finding that the TRIA allows execution on the blocked assets held by Garnishee without delay, and that these blocked assets are being turned over by Garnishee HSBC pursuant to TRIA.

12.    Finding that the SDGT Faqzi Kanaa was the owner of the blocked property set forth in HSBC Answer DE 923 ¶ 1 and that no other person or entity owns the blocked funds. Finding that as a matter of law, under U.C.C. § 4A, the blocked party SDGT Faqzi Kanaa has a property interest in the blocked funds sufficient to enable plaintiffs to execute on these blocked funds under TRIA.

13.    Ordering that Garnishee HSBC turnover blocked funds in the amounts set forth in Paragraph 1 in Answer DE 923 ¶ 1: $95,460.40, blocked on June 23, 2008 HSBC Acct. xxx 9359, by cashiers checks payable to "Porter & Korvick, P.A. Trust Account", within fourteen (14) days of receipt from Plaintiffs' counsel of a W-9 form with a tax identification number.

14.    Garnishee to apply for attorney fees seven (7) days after the funds at issue are remitted to plaintiffs' counsel.  Plaintiffs' counsel shall have seven (7) days to respond to the application for fees.  Counsel for the Plaintiffs and Garnishee are directed to confer in a good faith effort to resolve the issue of attorney fees without the need for this Court's intervention.

15.     Authorizing Porter & Korvick, P.A. to hold in trust the amount of garnishee's claimed attorneys fees and expenses pending either a stipulation by Plaintiffs and Garnishee to a reasonable garnishee fee, or a ruling of this court on same, and authorizing Porter & Korvick, P.A. to pay same from the trust proceeds upon either a stipulation with Garnishee or entry of a Court Order awarding such fees and expenses.

16.     Authorizing Porter & Korvick, P.A. to immediately disburse the remaining proceeds over and above the total amount claimed by Garnishee for fees and expenses.

17.     Ordering that upon turning over the cashiers checks for the amounts set forth herein to Porter & Korvick, P.A. Trust Account, in satisfaction of this Court's Orders, Writ, and Turnover Judgment under the TRIA, plaintiffs, plaintiffs' counsel, Garnishee HSBC and its counsel, are hereby released and absolved from any and all liability under the Writ, including to plaintiffs, SDGT Faqzi Kanaa, or any other third parties and are discharged from this Writ of Garnishment for full compliance with the Writs, Orders and Judgments of this Court.

Respectfully submitted April 14, 2015.

/s Newton P. Porter_____              /s_Tony Korvick_____
NEWTON P. PORTER                                TONY KORVICK
(Florida Bar No. 833738)                        (Florida Bar No. 768372)
nporter@porterandkorvick.com                    tkorvick@porterandkorvick.com
PORTER & KORVICK, P.A.                          PORTER & KORVICK, P.A.
9655 South Dixie Highway Suite 208              9655 South Dixie Highway Suite 208
Miami, Florida 33156                            Miami, Florida 33156
Telephone:    (305) 373-5040                    Telephone:    (305) 373-5040
Facsimile:    (305) 668-9154                    Facsimile:    (305) 668-9154
Attorneys for Plaintiffs                        Attorneys for Plaintiffs

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on April 14, 2015.  I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I further certify that I served the foregoing document and the notice of electronic filing by first class mail and electronic mail to the following persons:
NONE

  s/NEWT PORTER
NEWT PORTER (Florida Bar No. 833738)
Attorneys for Plaintiffs
PORTER & KORVICK, P.A.
9655 South Dixie Highway Suite 208
Miami, Florida 33156
Telephone:    (305) 373-5040
Fax:          (305) 668-9154
nporter@porterandkorvick.com