UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

KEITH STANSELL,
MARC GONSALVES,                                CIVIL ACTION CASE NO.:
THOMAS HOWES,                                  8:09-CV-2308-RAL-MAP
JUDITH G. JANIS, CHRISTOPHER T. JANIS,
GREER C. JANIS, MICHAEL I. JANIS,
and JONATHAN N. JANIS

       Plaintiffs,

vs.

REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC); et al.,

       Defendants.
_____/

## PLAINTIFFS' MOTION FOR ENTRY OF TRIA TURNOVER JUDGMENT ON GARNISHEE INTERAUDI BANK ANSWER DE 933

Plaintiffs respectfully move for entry of a TRIA Turnover Judgment on Answer DE 933 filed by Garnishee Interaudi Bank ("Interaudi") to Writ of Garnishment DE 912 (SDGT Faqzi Kanaa), pursuant to Florida Garnishment statutes; Fed. R. Civ. P. 69(a); Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"); DE 900 (Order granting issuance of Writs of Execution/Garnishment to Interaudi et al. and determining SDGTs to be agencies or instrumentalities of the FARC); DE 389 (Agreed to by U.S.A.); DE 390 (Order authorizing SDNT writs of garnishment to be served and enforced); DE 459 (denying garnishees' motions to quash TRIA writs of garnishment); DE 481 (notice non-appeal by garnishees); Mercurio Int'l S.A. v. Stansell et al. 704 F.3d 910, 915 (11th Cir. 2013)(IEEPA blocked assets subject to TRIA execution); Executive Order 13224; Stansell v. FARC, 771 F.3d 713, 730-32 (11th Cir. 2014)(affirming district court's agency or instrumentality standard as

proper standard to carry out Congress' intent), <u>rehearing and rehearing en banc</u> denied, mandate issued DE 889.  The grounds for this motion are:

1.      Garnishee Interaudi filed its Answer **DE 933** to the Writ of Garnishment DE 912 [issued by Order DE 900] on March 30, 2015, in which Interaudi acknowledged that at the time of service of the Writ on February 27, 2015 [DE 966 return of service], and its Answer DE 933, that Interaudi is indebted to Faouzi Kanaan (multiple aka's including "Faqzi Kanaa"), and holding Faqzi Kanaa's blocked Specially Designated Global Terrorist ("SDGT") funds in the amount of $68,489, blocked in a "deposit account." DE 933.[1]

2.      In Order DE 900 this Court made the required two separate determinations for TRIA execution under <u>Stansell v. FARC</u>, 771 F.3d 713, 726 (11th Cir. 2014).  First, the Court determined that OFAC had designated Faqzi Kanaa as an SDGT under IEEPA Executive Order 13224.  <u>See</u> DE 900 ¶ 15; DE 892 Ex. 1.  <u>Id</u>. ("[T]he first [determination] can be definitively established by the fact that OFAC has taken action against the alleged agency or instrumentality under TWEA or the IEEPA.").   At the time Writ DE 912 was served on Garnishee on February 27, 2015 [DE 966], and at the time of Garnishee's Answer DE 933, Faqzi Kanaa (and all alias names) remained an OFAC designated SDGT member of the Foreign Terrorist Organization Hezbollah *including to the present time*.[2]

3.      This Court also made the required second required determination for TRIA execution and determined that the designated persons or entities owning or having an interest in the blocked property are agencies or instrumentalities of the terrorist party FARC.  <u>See</u> DE 900 ¶

---

[1] Plaintiffs are satisfied with Answer DE 933 and will not file a reply.  Fla. Stat. § 77.061.
[2] A lien is created once the writ is served and any subsequent removal from OFAC's SDN list is not retroactive.  *See Stansell v. FARC* 771 F.3d 713, 730-32 (11th Cir. 2014).

¶ 11-17.  <u>See</u> <u>also</u> <u>Stansell</u>, 771 F.3d at 730-32.  Plaintiffs' filed evidence directly supporting the Court's second determination that these blocked SDGTs – all members of Hezbollah and part of its terrorist support and financial network - are agencies or instrumentalities of the FARC under this Court's agency or instrumentality standard and therefore the SDGT blocked assets identified herein are subject to execution under TRIA.  <u>See</u> DE 890; 891.  Order DE 900 made the specific ruling that Hezbollah, and all its members, money laundering networks, supporters and front persons, are all agencies or instrumentalities of the FARC under §201 of TRIA, including Faqzi Kanaa the entity who owns the blocked funds subject to this motion, and that these SDGT accounts are "blocked assets" subject to execution under §201 of TRIA.  <u>See</u> Motion DE 892; Affidavit DE 891; Appendix DE 890; Order DE 900. The Eleventh Circuit Court of Appeals affirmed this Court's standard for determining an agency or instrumentality of a terrorist party under TRIA.  <u>See</u> <u>Stansell v. FARC</u>, 771 F.3d 713, 730-32 (11th Cir. 2014).  Terrorist assets blocked under IEEPA Executive Orders, like EO 13224 here, are subject to execution under TRIA.  <u>Mercurio Int'l S.A. v. Stansell et al.</u> 704 F.3d 910, 915 (11th Cir. 2013)(IEEPA blocked assets subject to TRIA execution).

4.      Plaintiffs have complied with Florida garnishments statutes in this TRIA execution. <u>See</u> <u>Stansell v. FARC</u>, 771 F.3d 713, 730 (11th Cir. 2014)("TRIA § 201 does not preempt Florida law, and judgment creditors seeking to satisfy judgments under it must follow the notice requirements of Florida law.").  Plaintiffs have complied with Fla. Stat § 77.03 in filing a motion to issue writs of garnishment.  Plaintiffs have also complied with § 77.04 form of the writ, and in the case of SDGT individual agencies or instrumentalities, have

complied with Fla. Stat. § 77.041 notice to an individual for claim of exemption attached to the writ.  See DE 900 ¶ 23.

5.      Plaintiffs have further complied with the notice requirements of Florida's garnishment statutes.  See Stansell at 730 ("TRIA § 201 does not preempt Florida law, and judgment creditors seeking to satisfy judgments under it must follow the notice requirements of Florida law.")  Plaintiffs have complied with Fla. Stat. § 77.041(2) by mailing, U.S. first class international mail, a copy of the writ and notice to individual blocked parties within five (5) business days of the writs being issued.  See Certificate of Service/Compliance DE 916 (as to Writs DE 902-915, issued Feb. 20 and served Feb. 27, 2015).  Plaintiffs have also complied with Fla. Stat. § 77.055 by serving a copy of the garnishee's answer with the Notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days of the date indicated on the certificate of service in the Notice if any allegation in the plaintiff's motion for writ of garnishment is untrue.  The Notice contains a certificate of service.  The Answer DE 933 and Notice were served on March 31, 2015 on the OFAC designated SDGT Faqzi Kanaa (identified in DE 933), who owns the blocked assets being garnished, at the last known addresses identified by the OFAC SDN Listings and Press Releases attached as Exhibits 1-4 and 19-23 to DE 892.  DE 933 (Interaudi holding blocked account "belonging to Mr. Kanaan").  Garnishee's Answer DE 933 identifies two other individuals "that have an ownership interest in Mr. Kanaan's demand deposit account."  DE 933.  Interaudi is "indebted to Faouzi Kannan" and knows of no other persons or entities indebted to Faqzi Kanaa.  Plaintiffs provided Fla. Stat. § 77.055 Notice and certificate of service and Answer to Fatima and Hilal Kanaa at the last known addresses identified by the

OFAC SDN Listings and Press Releases attached as Exhibits 1-4 and 19-23 to DE 892 and also to the address provided by the garnishee.  See DE 938 w/ exhibits DE 938.1; DE 938.2; DE 933.

6.    More than twenty (20) days has expired since the March 31, 2015 service of the Answer, Notice of right to dissolve the writ and certificate of service (Fla. Stat § 77.055 compliance).  See DE 938.1.  No person or entity has appeared in this action to move to dissolve the Writ DE 912.  No person or entity has appeared in response to the February 26, 2015, 2015 Fla. Stat. § 77.041(2) notice of the writ and motion.  DE 916.[3]  No person or entity has ever appeared in this action to assert any claim to these blocked assets, or to otherwise challenge the Order DE 900, allegations in Motion DE 892 as untrue, Writ DE 912, or Garnishee's Answer DE 933.

7.    Plaintiffs have complied with all requirements of the Florida garnishment statutes for notice to interested persons/entities and for blocked parties to have an "opportunity to be heard in order to rebut the allegations and preserve their possessory interest in blocked assets."  See Stansell v. FARC, 771 F.3d 713, 726 (11th Cir. 2014).

8.    Plaintiffs have a judgment against the FARC, a "terrorist party," on a claim based on an "act of terrorism," as defined by § 201(d)(1)(B) and 201(d)(4) of the TRIA.  The funds in Garnishee's possession were "blocked assets" at the time Writ DE 912 was served,

---

[3] None of the FARC defendants have appeared and defaults were properly entered against them all prior to entry of the Default Judgment.  Accordingly, no further notice or service of pleadings, motions or writs is required to be served on the FARC or the individual FARC members identified in the ATA Judgment DE 233.  These defendants are not indispensable parties here.  Fed.R Civ.P. 5(a)(2).

designated and blocked under IEEPA Executive Order 13224, and therefore subject to TRIA execution. Plaintiffs' judgment is for compensatory damages only.

9.     Congress specifically defined the term "terrorist party" in Section 201(d) of the TRIA to include **both** a "terrorist organization" and a "foreign state designated as a state sponsor of terrorism":

> (4) TERRORIST PARTY- The term `terrorist party' means a terrorist, a terrorist organization (as defined in section 212(a)(3)(B)(vi) of the Immigration and Nationality Act (8 U.S.C. 1182(a)(3)(B)(vi))), or a foreign state designated as a state sponsor of terrorism under section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2372(j)) or section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. 2371).

This definition includes the FARC, an FTO, in addition to foreign state sponsors of terrorism.

10.     Plaintiffs' appendix and expert witness affidavit [DE 890 and 891] and Motion for Issuance of IEEPA/SDGT Writs of Garnishment [DE 892] and the Order [DE 900] (finding Hezbollah and the SDGT Faqzi Kanaa are agencies or instrumentalities of the FARC under §201 of TRIA) were all served upon the Department of Justice by ECF, and separately upon OFAC's Counsel pursuant to the litigation reporting requirements of 31 CFR 501.605.

11.     Faqzi Kanaa (and all OFAC aliases) was OFAC designated under IEEPA EO 13224 as an SDGT member of Hezbollah on June 18, 2008. DE 892 Ex. 1.[4] Faqzi Kanaa remains so designated to this date, including the date TRIA Writ DE 912 was served on February 27, 2015. [DE 891-1; 892-19]. At the time the Writ was served, Faqzi Kanaa remained on the

---

[4] The final agency action factual finding made by OFAC was that: "Fawzi Kan'an is a Venezuela-based Hizballah supporter and a significant provider of financial support to Hizballah. Kan'an has facilitated travel for Hizballah members and sent money raised in Venezuela to Hizballah officials in Lebanon. Kan'an has met with senior Hizballah officials in Lebanon to discuss operational issues, including possible kidnappings and terrorist attacks. Further, Kan'an has also traveled with other Hizballah members to Iran for training."

OFAC SDN list as an SDGT and no license had ever been issued to release the blocked funds.  Also, no other creditor, claimant or third party has ever obtained a license from OFAC related to these blocked proceeds.

12.      Plaintiffs' Judgment provides that "[i]nasmuch as the FARC used profits from the manufacture and distribution of cocaine, money laundering, and extortion to support their terrorist acts, Plaintiffs are deemed crime victim judgment creditors with perfected liens on proceeds derived from these related offense criminal activities."  [DE 233, ¶ 9].

13.      The blocked accounts held by Garnishee are not immune from attachment under the TRIA as sovereign, diplomatic or consular property.  The blocked accounts held by Garnishee are not and never were "property subject to the Vienna Convention on Diplomatic Relations" that "is being used exclusively for diplomatic or consular purposes" and are therefore not excluded from the definition of blocked assets under the TRIA.  Neither Hezbollah, Faqzi Kanaa, the FARC nor any individual FARC judgment debtor has ever been recognized as a sovereign state by any nation, nor have they ever held any form of diplomatic or consular status.

14.      Plaintiffs have complied with all OFAC litigation reporting requirements.  31 C.F.R. § 501.605.  OFAC does not require any license for Plaintiffs to execute on and take possession of the blocked proceeds here which are subject to the TRIA. Weininger v Castro, 462 F. Supp. 2d. 457, 499 (S.D.N.Y. 2006)(U.S. DOJ has indicated that "[i]n the event the Court determines that the funds are subject to TRIA, the funds may be distributed without a license from the OFAC).  See DE 250-4.

15.      Because of the fleeting nature of blocked assets, Plaintiffs seek to execute on these SDNT blocked assets without delay.   See Smith v. Federal Reserve Bank, 346 F.3d 264, 271 n.6 (2d Cir. 2003)("In addition to the possibility that blocked assets may become unblocked or confiscated, they may also be depleted by the claims of other victims.").

16.      Plaintiffs are terrorism victim judgment holders with priority to these blocked assets. See Hausler v. JPMorgan Chase Bank, N.A., 845 F. Supp. 2d 553, 569 (S.D.N.Y. 2012)(TRIA, preempting and above all other law mandates that "terrorist victims" holding judgments, as a group, must be first in line" to blocked assets).

17.      The SDGT Faqzi Kanaa is the owner of the blocked funds held in a deposit account. DE 933 ("Interaudi is holding $68,489 **belonging to Mr. Mr. Kanaan**.")(emphasis added).

## MEMORANDUM OF LAW

### I.      This Court's Jurisdiction and TRIA Overview

This Court has subject matter jurisdiction over plaintiffs' post-judgment execution proceedings pursuant to 28 U.S.C. § 1331 because it involves a federal question of execution against a blocked account of terrorist party, or of an agency or instrumentality of a terrorist party, under Section 201 of the Terrorism Risk Insurance Act of 2002 ("TRIA") on a federal Anti-Terrorism Act ("ATA") judgment [18 U.S.C. § 2331 et seq.].  See Stansell v. FARC, 771 F.3d 713, 737 (11th Cir. 2014)(district court has subject matter jurisdiction over TRIA post-judgment executions).  The ATA provides for nationwide jurisdiction, venue and service of process.  18 U.S.C. § 2334.  The ATA also provides for extra-territorial jurisdiction. 18 U.S.C. § 2339B.

The TRIA is the controlling remedy under the circumstances of these plaintiffs

partially satisfying their ATA damages against IEEPA blocked assets of a terrorist party or

an agency or instrumentality of a terrorist party.  See Stansell 713 F. 3d at 723 (elements of

TRIA § 201 "straightforward").  Plaintiffs meet all requirements of TRIA.  Weininger v.

Castro et al., 462 F. Supp. 2d. 457, 479 (S.D.N.Y. 2006)(judgment against terrorist party for

act of terrorism, blocked assets under TRIA, compensatory damages).

The Court of Appeals recognized and affirmed a district court's power to carry out

"Congress's intent" to make TRIA effective for terrorism victims.  Id. at 731 (This Court

"correct to apply a different standard so that Congress's intent could be carried out."), citing,

Hausler v. JP Morgan Chase Bank, N.A., 740 F.Supp.2d 525, 531 (S.D.N.Y.2010)

(recognizing that Congress's purpose in enacting TRIA § 201 was to "…deal comprehensively

with the problem of enforcement of judgments rendered on behalf of victims of terrorism' "

(quoting H.R.Rep. No. 1076779, at 27 (2002) (Conf.Rep.), reprinted in 2002 U.S.C.C.A.N.

1430, 1434)).

Importantly, TRIA allows terrorism victim judgment holders to execute on blocked

assets of designated persons, entities or organizations not named in the ATA Judgment.

Weinstein v. Islamic Republic of Iran, 609 F.3d 43, 50 (2d Cir. 2010)("Accordingly, we find

it clear beyond cavil that Section 201(a) of the TRIA provides courts with subject matter

jurisdiction over post-judgment execution and attachment proceedings against property held

in the hands of an instrumentality of the judgment-debtor, **even if the instrumentality is not

itself named in the judgment**.")(emphasis added).  See Weinstein v. Islamic Republic of

Iran, 609 F.3d 43, 50 (2d Cir. 2010); Ungar v. The Palestinian Authority, 304 F. Supp. 2d

232, 241 (D.R.I. 2004)(HLF is an agency or instrumentality of Hamas because it acts õfor or
on behalf ofö Hamas).  See also Stansell 771 F.3d 713 at 732 (North Valley Cartel
õindividuals and front companiesö were agencies or instrumentalities of FARC and blocked
assets subject to TRIA execution).  Therefore, the TRIA provides for execution against the
blocked accounts even though the blocked SDGTs, or other IEEPA based blocked parties,
are not named defendants in plaintiffsø Judgment.

    This execution relates to the deposit account funds of an SDGT who was **blocked in
2008 - more than six years ago**.[5]

## II.    Procedural Framework

    Federal Rule of Civil procedure 69(a)(1) governs the procedural framework of this
post-judgment TRIA execution and states that õ[t]he procedure on execution . . must accord
with the procedure of the state where the court is located.ö  Fed.R.Civ.P. 69(a)(1).  See
Stansell at 730.  In Stansell, the Eleventh Circuit Court of Appeals made clear that õTRIA §
201 does not preempt Florida law, and judgment creditors seeking to satisfy judgments under
it must follow the notice requirements of Florida law.ö  Id.  The appellate court held that
õparties whose assets are under threat of execution pursuant to TRIA § 201 are entitled to
notice and an opportunity to be heard in order to rebut the allegations and preserve their
possessory interest in blocked assets.ö  Id. at 726.  The timing of the notice requirements is

_____

[5] Answer DE 933 sets forth that the blocked deposit account õbelong[s]ö to Mr. Kannan.
Interaudi is indebted only to Faqzi Kanaa and no other person or entity.  That DE 933 states
that õ[t]here are two individuals that have an ownership interest in Mr. Kanaanøs demand
deposit accountö is immaterial.  It is expressly stated that Interaudi is holding $68,489
belonging to Mr. Kanaan in a blocked account.ö  The blocked SDGT Faqzi Kanaa is õseized
of and owns the entire accountö even were this a joint account, õtherefore the whole account
is subject to TRIA execution.ö  See DE TRIA Turnover Judgment DE 756, ¶¶ 13-14 and cases
cited therein.  Faqzi Kanaa owns the blocked deposit account.

governed by the Florida garnishment statutes.  Id. at 729 ("not necessarily before attachment").  The Eleventh Circuit Court of Appeals set forth the distinction between "attachment" and "execution."  Stansell, at 729.  The appellate court held that "the factors weigh substantially in favor of immediate attachment" and that claimants and property owners are "not constitutionally entitled to a hearing before the writ issued."  Stansell, 771 F.3d at 729.  The Eleventh Circuit summarized this notice and due process framework in this context stating that "[c]laimants were entitled to notice and to be heard before execution, though not necessarily before attachment."  Id.  Under Florida law, a judgment lien is created at the moment a writ of garnishment is served (the "attachment") on the garnishee, **before any service on the debtor**, claimant or property owner is required.  See § 77.06(1), Fla. Stat.; § 77.041(2).

### III.    11th Circuit Requirements for Issuance of Writs and Attachment Satisfied

In Order DE 900 this Court made the required two-part determination necessary for **issuance of TRIA writs of garnishment and attachment** of blocked assets of agencies or instrumentalities of the FARC.  The first part of the Court's determination was completed by OFAC, because it designated Faqzi Kanaa as an SDGT and blocked its assets under IEEPA and the property remains blocked.  DE 892,  Exs. 1-4; 18-22.  Stansell v. FARC, 771 F.3d 713, 726 (11th Cir. 2014)("[T]he first [determination] can be definitively established by the fact that OFAC has taken action against the alleged agency or instrumentality under TWEA or the IEEPA.").  See DE 900 ¶ 1 (OFAC SDGT designation and assets blocked under IEEPA).  Assets blocked under IEEPA or TWEA are subject to execution under TRIA.  See Mercurio International, 704 F.3d at 915.

OFAC's designations are final agency action factual determinations entitled to great deference.  See Weinstein v. Islamic Republic of Iran, 609 F.3d 43, 50 (2d Cir. 2010)(OFAC designation is "factual determination").  See Paradissiotis v. Rubin, 171 F.3d 983, 987 (5th Cir. 1999)(OFAC's designation of SDN being "an agency's application of its own regulations, receives an even greater degree of deference than the *Chevron* standard, and must prevail unless plainly inconsistent with the regulation."); see also 31 C.F.R. § 538.802.

The second required part for issuance of the writs and attachment is the Court's determination that the blocked party is an agency or instrumentality of the FARC.  The Court reviewed the evidence filed at DE 890, 891, and 892 and entered an order that the SDGT blocked parties were agencies or instrumentalities of the FARC:

> 12.    Any SDGT person, entity, drug cartel or organization, **including all of its individual members, divisions front companies and networks**, that is or was ever involved in the cultivation, manufacture, processing, purchase, sale, trafficking, security, storage, shipment or transportation, distribution of FARC coca paste or cocaine, or that assisted the FARC's financial or money laundering network, is an agency or instrumentality of the FARC under the TRIA because it was either:
> 
> (1) materially assisting in, or providing financial or technological support for or to, or providing goods or services in support of, the international narcotics trafficking activities of a specially designated narcotics trafficker [FARC]; and/or
> 
> (2) owned, controlled, or directed by, or acting for or on behalf of, a specially designated narcotics trafficker [FARC]; and/or
> 
> (3) playing a significant role in international narcotics trafficking [related to coca paste or cocaine manufactured or supplied by the FARC].
> 
> This includes SDGT terrorist organizations, persons or entities which have ever supplied currency, weapons, ammunition, logistics, transportation, or supplies and/or financial or money laundering services to the FARC **or its trafficking partners, directly or indirectly**, as consideration for FARC coca paste or cocaine.  **Similarly, any SDGT person or entity involved with the financial or**

**money laundering network of a drug cartel or organization described above
also qualifies as an agency or instrumentality of the FARC under the TRIA**.

13.    All Specially Designated Global Terrorists [SDGT] who assist and
provide financial or technological support for or to, or who provide goods or
services in support of, or who act on behalf of the international narcotics
trafficking activities of a specially designated narcotics trafficker like the FARC
here ó a designated FTO - are each an õagency or instrumentality of a terrorist
party.ö  See Ungar v. The Palestinian Authority 304 F. Supp. 2d 232, 241 (D.R.I.
2004)(HLF is an agency or instrumentality of Hamas because it acts õfor or on
behalf ofö Hamas).

14.    The Court has reviewed the Appendix Vol. 2 [DE 890, Exhibits 74-113]
and the Affidavit of Douglas C. Farah [DE 891] filed in support of the motion and
finds that the Foreign Terrorist Organization Hezbollah, a/k/a Hizbullah,
including its individual members, divisions, front companies and networks,
predecessor, subordinates, derivatives, and/or successor organizations are all
agencies or instrumentalities of the FARC, because they are or were involved in
the  purchase, sale, trafficking, security, storage, shipment or transportation,
distribution of FARC coca paste or cocaine, or assisted the FARCøs financial or
money laundering network and materially assisted or played a significant role in
the FARCøs cocaine manufacturing and international cocaine trafficking.

15.    The Court finds that each of the SDGT persons and entities listed below is
an OFAC designated member, affiliate, front person, supporter or entity within
the Hezbollah FTO, and further finds that each is an agency or instrumentality of
the FARC, because Hezbollah and its SDGT members were involved in the
purchase, sale, trafficking, security, storage, shipment or transportation,
distribution of FARC coca paste or cocaine, or assisted the FARCøs financial or
money laundering network and materially assisted or played a significant role in
the FARCøs cocaine manufacturing and international cocaine trafficking:

- FAQZI KANAA
  a/k/a FAWZI KANøAN;
  a/k/a FAZI CANAAN
  a/k/a FAOUZI KANAN;
  a/k/a FAUZI KANANN;
  a/k/a FAUZI GANAN
  a/k/a MAUSTAF FAWZI (FAOUZI)

DE 900 ¶ 12 - 15 (emphasis added).  The foregoing standard is identical to the agency or

instrumentality standard this court determined for the various North Valley Cartel Financial

Network members [SDNTs] which was specifically affirmed by the Eleventh Circuit in multiple consolidated appeals. Stansell v. FARC, 771 F.3d 713, 730-732  (11th Cir. 2014); Judgments DE 727, 762, 763, 764, 765, 766, 791.

The Court made the specific finding that the SDGT Faqzi Kanaa, with assets blocked at Garnishee Bank HSBC, identified in Answer DE 933 was an agency or instrumentality of the FARC.  See DE 900 ¶ 15.  Stansell v. FARC, 771 F.3d 713, 726 (11th Cir. 2014).

The Eleventh Circuit Court of Appeals affirmed this Court's agency or instrumentality standard for application in a TRIA execution required for the second determination:

> Because the realities of terrorism make it unrealistic to apply the FSIA standard to TRIA execution, we think that the district court developed a proper standard. As the district court noted in its orders finding agency or instrumentality status, its standard "us[ed] the plain and ordinary meaning of those terms." Claimants here give us no reason to believe that any other standard is preferable or proper.

Stansell v. FARC,  771 F.3d 713, 732 (11th Cir. 2014).  Property owners, claimants and interested parties, if any, are "not constitutionally entitled to a hearing before the writ[s] [are] issued" and served.  Id.  at 729 ("immediate attachment").

## IV.    Post-Service of Writ Requirements for TRIA Execution Are Completed

Plaintiffs have satisfied the requirements under the Eleventh Circuit's opinion in Stansell v. FARC, 771 F. 3d at 726, 729 and the Florida garnishment statutes for execution on these blocked assets of SDGT Faqzi Kanaa.   Plaintiffs have complied with Fla. Stat § 77.03 in filing a motion to issue writs of garnishment.  Plaintiffs have also complied with § 77.04 form of the writ, and in the case of SDGT individual agencies or instrumentalities,

have complied with Fla. Stat. § 77.041 notice to an individual for claim of exemption attached to the writ. <u>See</u> DE 900 ¶ 23.

Plaintiffs have complied with Fla. Stat. § 77.041(2) by mailing, United States Postal Service first class international mail, a copy of the writ and notice to individuals blocked parties within five (5) days of the writ being issued. <u>See</u> Certificate of Service/Compliance DE 916 (all Writs DE 902-915 issued Feb. 20, 2015, served Feb. 26, 2015).

The issued TRIA writ of garnishment DE 912 was properly served on February 27, 2015 to garnishee Interaudi. DE 966. Service of the writ created a judgment lien on the blocked proceeds. <u>See</u> § 77.06(1), Fla. Stat.; § 77.041(2). Garnishee Interaudi answered the writ of garnishment on March 30, 2015. DE 933.

Plaintiffs have complied with Fla. Stat. § 77.055 by serving a copy of the garnishee's answer, Notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days of the date indicated on the certificate of service in the Notice if any allegation in the plaintiff's motion for writ of garnishment is untrue:

**<u>NOTICE</u>**
(Fla. Stat § 77.055)

You are being served a copy of the garnishee's answer and this notice of right to dissolve writ pursuant to Florida law in the Anti-Terrorism Act case above pending in a United States Federal Court. You must move to dissolve the writ of garnishment within twenty (20) days after the date set forth below in the Certificate of Service if any allegation in the plaintiff's motion for writ of garnishment is untrue.

DE 938-1. The Notice contains a dated and executed certificate of service by United States Postal Service first class international mail. The Answer DE 933 and Notice were served on March 31, 2015 on the OFAC designated SDGT Faqzi Kanaa (identified in DE 933), who

owns the blocked assets being garnished, at the last known addresses identified by the OFAC SDN Listings and Press Releases attached as Exhibits 1-4 and 19-23 to DE 892.  DE 933 (Interaudi holding blocked account õbelonging to Mr. Kanaanö).  Garnisheeøs Answer DE 933 identifies two other individuals õthat have an ownership interest in Mr. Kanaanøs demand deposit account.ö  DE 933.  Interaudi is õindebted to Faouzi Kannanö and knows of no other persons or entities indebted to Faqzi Kanaa.  Plaintiffs provided Fla. Stat. § 77.055 Notice and certificate of service and Answer to Fatima and Hilal Kanaa at the last known addresses identified by the OFAC SDN Listings and Press Releases attached as Exhibits 1-4 and 19-23 to DE 892 and also to the address provided by the garnishee.  See DE 938 w/ exhibits DE 938.1; DE 938.2; DE 933.

More than twenty (20) days has expired since the March 31, 2015 service of the Answer, Notice of right to dissolve the writ and certificate of service (Fla. Stat § 77.055 compliance).  See DE 938.  No person or entity has appeared in this action to move to dissolve the Writ DE 912.  No person or entity has appeared in response to the February 26, 2015 Fla. Stat. § 77.041(2) notice of the writ and motion.  DE 916.  No person or entity has ever appeared in this action to assert any claim to these blocked assets, or to otherwise challenge the Order DE 900, allegations in Motion DE 892 as untrue, Writ DE 912, or Garnisheeøs Answer DE 933.

Plaintiffs have complied with all requirements of the Florida garnishment statutes for notice to interested persons/entities and for blocked parties to have an õopportunity to be heard in order to rebut the allegations and preserve their possessory interest in blocked assets.ö  See Stansell v. FARC, 771 F.3d 713, 726 (11th Cir. 2014).

16

Faqzi Kanaa received multiple forms of notice and had an opportunity to be heard to challenge the Court's findings in Order DE 900 that it is an agency or instrumentality of the FARC. The blocked party and owner of the blocked deposit account SDGT Faqzi Kanaa did not appear and has waived its rights to challenge this TRIA execution by terrorism victim judgment holders against the blocked assets of the SDGT Faqzi Kanaa being held at Interaudi. See Stansell v. FARC, 771 F.3d 713, 727 (11th Cir. 2014)("Further, because Claimants were entitled to the basic constitutional protection of due process, they were entitled to be heard on their challenge to the agency or instrumentality issue.").

## V.    Faqzi Kanaa Owns the Blocked Funds Properly Subject to TRIA Execution

Garnishee Interaudi's Answer DE 933 states that Interaudi is indebted to SDGT Faqzi Kanaa and "is holding $68,489 belonging to Mr. Kanaan in a blocked account under Office of Foreign Assets (OFAC regulations." DE 933. Faqzi Kanaa is the owner of the blocked deposit account.[6] DE 933.

The SDGT Faqzi Kanaa was the owner of the blocked property interest forth in Interaudi's Answer DE 933 and no other person or entity owns the blocked funds.

## CONCLUSION

In all respects, the TRIA execution is ripe for entry of TRIA Turnover Judgment and ultimate turnover of the blocked proceeds to plaintiffs. Plaintiffs have complied with the Florida garnishment statutes and Stansell v. FARC, 771 F.3d 713 (11th Cir. 2014).

Garnishee has requested reimbursement of reasonable attorneys fees and expenses incurred pursuant to the Florida garnishment statute Fla. Stat. § 77.28 in Answer DE 933, ¶

---

[6] See n.5.

4. Plaintiffs and counsel for garnishee shall make an attempt to reach a stipulation on garnishee fees without involving the Court.

### MDFL Local Rule 3.01(g) Certification

Plaintiffs' counsel have conferred with garnishee's counsel and confirmed that garnishee ***does not oppose the relief requested in this motion***. There is no opposing counsel to this motion for entry of TRIA Turnover Judgment. Notice and an opportunity to be heard were provided to the blocked party SDGT and to any identified interested persons/entities and no person or entity has filed any response. Therefore, Middle District of Florida Local Rule 3.01(g) is inapplicable at this time as to opposing counsel.

**WHEREFORE** plaintiffs request entry of separate TRIA Turnover Judgment on Garnishee's Answer DE 933 and directing Garnishee on how to proceed with respect to the blocked funds:

1. Finding that the TRIA applies to this garnishment and execution.

2. Finding that plaintiffs satisfy the TRIA for execution: (i) they have a obtained judgment against a terrorist party the FARC; (ii) the judgment is based on acts of terrorism; (iii) the SDGT proceeds being held by Garnishee were assets blocked "under IEEPA" when TRIA Writ DE 912 was served on February 27, 2015, and therefore within the meaning of TRIA; and (iv) plaintiffs' judgment is for compensatory damages.

3. Finding that Florida garnishment law applies to this TRIA execution and that Plaintiffs have followed and fully complied with the notice and its timing requirements of Florida's garnishment statute for this TRIA execution.

4.    Finding that the blocked party SDGT Faqzi Kanaa owner of the blocked funds identified in Answer DE 933 received complete notice under Florida garnishment statutes and in accordance with <u>Stansell v. FARC</u> 713 F.3d 714 (11th Cir. 2014).  The blocked party SDGT account holder received the required Florida garnishment statutory notice and an opportunity to be heard and did not appear at any time to challenge the allegations in the motion at DE 892 as untrue; did not move to dissolve the writ DE 912; and otherwise did not challenge the Answer at DE 933.  Finding that plaintiffs also provided Fla. Stat. § 77.055 notice to Ffatima Kanaa.  More than twenty (20) days has expired since the March 20, 2015 service of the Answer, Notice of right to dissolve the writ and certificate of service (Fla. Stat § 77.055 service of garnishee answer and right to dissolve the writ).  <u>See</u> DE 938.  No person or entity has appeared in this action to move to dissolve the Writ DE 912.  No person or entity has appeared in response to the February 26, 2015 Fla. Stat. § 77.041(2) notice of the writ and motion.   No other person or entity has ever appeared in this action to assert any claim of ownership of or beneficial interest in these blocked assets, or to otherwise challenge the Order DE 900, allegations in Motion DE 892 as untrue, Writ DE 912, or Garnishee's Answer DE 933.  The blocked party failed to appear and waived its rights to challenge this TRIA execution by terrorism victim judgment holders against the blocked asset of the SDGT Faqzi Kanaa being held at Interaudi.   Finding that no other person or entity has rights in the blocked proceeds that are superior to the perfected lien and rights of plaintiffs, who are terrorism victim judgment creditors, under Section 201(a) of the Terrorism Risk Insurance Act.

5.      Finding that none of the FARC defendants have appeared and defaults were properly entered against them all prior to entry of the Default Judgment.  Accordingly, no further notice or service of pleadings, motions or writs is required to be served on the FARC or the individual FARC members identified in the ATA Judgment DE 233.  These defendants are not indispensable parties here.  Fed. R. Civ. P. 5(a)(2).

6.      Finding that Faqzi Kanaa, as an OFAC designated member of the Hezbollah, is an agency or instrumentality of the FARC, a terrorist party, under TRIA.

7.      Finding that plaintiffs' judgment is (i) against FARC as a terrorist party within the meaning of TRIA on a claim based on an act of terrorism within the meaning of TRIA; (ii) based on a claim in respect of an act of terrorism for which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7) and that plaintiffs' are terrorism victim judgment holders with priority to IEEPA blocked SDGT assets.

8.      Finding that plaintiffs' judgment is solely for compensatory, not punitive, damages in respect of which the terrorist party has been adjudged liable.

9.      Finding that the blocked proceeds held by Garnishee are not immune from attachment under the TRIA as sovereign, diplomatic or consular property.

10.     Finding that OFAC does not require any license for plaintiffs to execute on and take possession of the blocked assets where the Court has ruled that the blocked assets are subject to the TRIA.  See DE 250-4.

11.     Finding that the TRIA allows execution on the blocked assets held by Garnishee without delay, and that these blocked assets are being turned over by Garnishee HSBC pursuant to TRIA.

12.     Finding that the SDGT Faqzi Kanaa was the owner of the blocked property set forth

in Interaudi Answer DE 933 and that no other person or entity owns the blocked funds.

13.     Ordering that Garnishee Interaudi turn over blocked funds in the amounts set forth in

Answer DE 933: $68,489 (plus interest), by cashiers checks payable to "Porter & Korvick,

P.A. Trust Account", within fourteen (14) days of receipt from Plaintiffs' counsel of a W-9

form with a tax identification number.

14.     Garnishee to apply for attorney fees seven (7) days after the funds at issue are

remitted to plaintiffs' counsel.  Plaintiffs' counsel shall have seven (7) days to respond to the

application for fees.  Counsel for the Plaintiffs and Garnishee are directed to confer in a good

faith effort to resolve the issue of attorney fees without the need for this Court's intervention.

15.     Authorizing Porter & Korvick, P.A. to hold in trust the amount of garnishee's claimed

attorneys fees and expenses pending either a stipulation by Plaintiffs and Garnishee to a

reasonable garnishee fee, or a ruling of this court on same, and authorizing Porter & Korvick,

P.A. to pay same from the trust proceeds upon either a stipulation with Garnishee or entry of

a Court Order awarding such fees and expenses.

16.     Authorizing Porter & Korvick, P.A. to immediately disburse the remaining proceeds

over and above the total amount claimed by Garnishee for fees and expenses.

17.     Ordering that upon turning over the cashiers checks for the amounts set forth herein

to Porter & Korvick, P.A. Trust Account, in satisfaction of this Court's Orders, Writ, and

Turnover Judgment under the TRIA, plaintiffs, plaintiffs' counsel, Garnishee Interaudi and

its counsel, are hereby released and absolved from any and all liability under the Writ,

including to plaintiffs, SDGT Faqzi Kanaa, or any other third parties and are discharged from

this Writ of Garnishment for full compliance with the Writs, Orders and Judgments of this

Court.

Respectfully submitted April 21, 2015.

/s Newton P. Porter                          /s  Tony Korvick
NEWTON P. PORTER                             TONY KORVICK
(Florida Bar No. 833738)                     (Florida Bar No. 768372)
nporter@porterandkorvick.com                 tkorvick@porterandkorvick.com
PORTER & KORVICK, P.A.                        PORTER & KORVICK, P.A.
9655 South Dixie Highway Suite 208           9655 South Dixie Highway Suite 208
Miami, Florida 33156                         Miami, Florida 33156
Telephone:    (305) 373-5040                 Telephone:    (305) 373-5040
Facsimile:    (305) 668-9154                 Facsimile:    (305) 668-9154
Attorneys for Plaintiffs                     Attorneys for Plaintiffs


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 21, 2015.  I electronically filed the foregoing with the
Clerk of the Court by using the CM/ECF system.  I further certify that I served the foregoing
document and the notice of electronic filing by first class mail and electronic mail to the
following persons:
NONE

　　　　　　　　　　　　　　 s/NEWT PORTER
                          NEWT PORTER (Florida Bar No. 833738)
                          Attorneys for Plaintiffs
                          PORTER & KORVICK, P.A.
                          9655 South Dixie Highway Suite 208
                          Miami, Florida 33156
                          Telephone:    (305) 373-5040
                          Fax:          (305) 668-9154
                          nporter@porterandkorvick.com