UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH STANSELL, MARC GONSALVES,
THOMAS HOWES, JUDITH G. JANIS,
CHRISTOPHER T. JANIS, GREER C. JANIS,
MICHAEL I. JANIS, AND JONATHAN N. JANIS,

  Plaintiffs,

v.              Case No.: 8:09-CV-02308-RAL-MAP

REVOLUTIONARY ARMED FORCES OF
COLOMBIA (FARC), et al.,

  Defendants.
_____/

**CLAIMANT GOLFRATE HOLDINGS (ANGOLA) LDA'S MOTION TO DISSOLVE WRIT OF GARNISHMENT AND MEMORANDUM OF LAW**

  Although this Court has stayed all proceedings in this case pending resolution of the issue of "whether Florida's garnishment statute has extraterritorial effect," *see* DE 1047, Claimant Golfrate Holdings (Angola) LDA, out of an abundance of caution and to preserve all of its rights, hereby denies the allegations made in the motion against it on the grounds stated below and respectfully moves this Court, pursuant to Fed. R. Civ. P. 69 and Fla. Stat. § 77.07, for an order dissolving the writ of garnishment issued with respect to Commerzbank AG (DE 1000). Claimant respectfully submits that even if the allegations made in the motion against it were true—and they are not—Claimant would be entitled as a matter of law to an order dissolving the writ of garnishment, based on the absence of any relationship between Claimant and the judgment debtor. In the event the Court is not persuaded that Claimant is entitled to relief on the face of the allegations, Claimant respectfully requests that this Court conduct a trial of the disputed issues, as required under Fla. Stat. § 77.07, which can be held in conjunction with the

1

trial requested by other similarly situated Claimants in prior motions raising identical issues. *See* DE 961, 1030.

## MEMORANDUM OF LAW

Claimant Golfrate Holdings (Angola) LDA ("Claimant Golfrate Holdings") is entitled to the relief requested herein for reasons already argued and established in prior briefing before this Court with respect to other Claimants that are identically situated. *See*, *e.g.*, DE 961, DE 1030. Claimant Golfrate Holdings is a business enterprise that is organized under the laws of Angola and is owned and controlled by Claimant Kassim Tajideen. *See* DE 890, Ex. 80. For purposes of this litigation, Claimant Golfrate Holdings is situated identically to Grupo Arosfran Empreendimentos E Participacoes SARL ("Claimant Grupo Arosfran") and Ovlas Trading, S.A. ("Claimant Ovlas Trading"), which are also owned and controlled by Claimant Kassim Tajideen (collectively, including Mr. Tajideen, the "Claimants"), all of which have filed motions to dissolve writs of garnishment issued by the Court with respect to assets held at various garnishee institutions.[1]

Specifically, on April 16, 2015, Claimants Grupo Arosfran, Kassim Tajideen, and Ovlas Trading filed a motion to dissolve writs of garnishment issued with respect to their property interests held by Bank of New York Mellon, Standard Chartered Bank, and J.P. Morgan Chase. *See* DE 961. On June 8, 2015, Claimant Grupo Arosfran filed a motion to dissolve the writ of garnishment issued with respect to its property held at Deutsche Bank Trust Company Americas. *See* DE 1030. In those motions, Claimants Grupo Arosfran, Mr. Tajideen, and Ovlas Trading expressly denied the allegations made against them and demonstrated that Plaintiffs have failed

---

[1] On May 27, 2009, OFAC designated Mr. Tajideen an Specially Designated Global Terrorist (SDGT) pursuant to Executive Order 13224. DE 890, Ex. 81. On December 9, 2010, OFAC designated a "network" of businesses, including Claimant Golfrate Holdings, as an SDGT, thus blocking the assets that are the subject of this motion. DE 890, Ex. 80. OFAC did not identify (and has never identified) any connection between Mr. Tajideen, Grupo Arosfran, Golfrate Holdings, or Ovlas Trading, S.A. and the FARC. DE 961, at 7-8.

to satisfy their burden to establish that Claimants are "agenc[ies] or instrumentalit[ies]" of the judgment debtor, the Revolutionary Armed Forces of Colombia—People's Army (the "FARC"), as required under the Terrorism Risk Insurance Act ("TRIA"), Pub. L. No. 107-297.  The Plaintiffs have cut and pasted the same insufficient allegations here with respect to Claimant Golfrate Holdings, DE 892, DE 998, and have therefore likewise failed to satisfy their burden.

Indeed, as explained in Claimants' prior motions, Plaintiffs have failed to allege *a single fact* with respect to the Claimants (including Claimant Golfrate Holdings) that, even if proven, would establish any actual relationship between the Claimants and the FARC.  Instead, Plaintiffs advance a novel theory of "agency or instrumentality" whereby Plaintiffs purport to enforce against Claimants the Plaintiffs' money judgment against the FARC on the theory that (a) the FARC allegedly has done business with Hizballah, and (b) the Claimants allegedly are "supporters" of Hizballah.  *See, e.g.*, DE 892, paras. 22-51; DE 998.  The Claimants explained in prior motions that this Court should reject Plaintiffs' theory because it cannot be squared with the Eleventh Circuit's directive in *Stansell v. FARC* that the "agency or instrumentality" standard under TRIA must comport with the "plain meaning" of those terms. 771 F.3d 713, 732 (11th Cir. 2014).  The motions further explained that even accepting Plaintiffs' untenable version of the "agency or instrumentality" standard, there is no factual basis for Plaintiffs' theory because the evidence shows that Claimants are not "supporters" of Hizballah, and Hizballah is not an "agency or instrumentality" of the FARC.  DE 961 at 11-17.

Moreover, even if it could be shown that Hizballah is an "agency or instrumentality" of the FARC and that Claimants are "supporters" of Hizballah, even that would still not be enough to establish the requisite relationship under the standard applied in *Stansell*, which required that Plaintiffs prove, among other things, that Claimants are "individual members, divisions, [or]

3

networks" of Hizballah or the FARC. 771 F.3d at 724. Plaintiffs have failed to offer any such proof; instead, they rely exclusively on an OFAC designation describing Claimants' alleged "support" for Hizballah (*not* the FARC), which plainly is not enough, especially given that certain Claimants have introduced overwhelming evidence to the contrary in previous filings to the Court. *See* DE 1002 (and appended evidence); DE 1030. As the Eleventh Circuit has held, an OFAC designation creates nothing more than a rebuttable presumption that can be challenged with actual evidence. *Stansell*, 771 F.3d at 731, n.13. In this case, the only rebuttable presumption is of alleged "support" for Hizballah, which is amply rebutted by contrary evidence submitted by Claimants; and, in any case, OFAC's designation drew no connection whatsoever to the FARC.

In prior motions, Claimants Grupo Arosfran, Kassim Tajideen, and Ovlas Trading submitted evidence that firmly and conclusively rebuts both pillars of Plaintiffs' allegations, namely, by showing that Claimants are not "supporters" of Hizballah, and that Hizballah is not an "agency or instrumentality" of the FARC. *See* DE 1002 (and appended evidence); DE 1030. The Claimants therefore demonstrated that they are entitled to orders dissolving the writs of garnishment issued against their assets, or in the alternative, they are entitled to an opportunity to challenge the evidence against them at an evidentiary hearing, as required under Fla. Stat. § 77.07. Claimant here incorporates those arguments and supporting evidence and submits that it, too, is entitled to an opportunity to challenge the evidence against it in an evidentiary hearing, as required by Florida law.

\* \* \*

The present motion relates to property held by Claimant Golfrate Holdings at Commerzbank. On May 8, 2015, Plaintiffs filed a motion for a writ of garnishment with respect

to that property, DE 998, and the Clerk of the Court issued a corresponding writ of garnishment, DE 1000. On June 18, 2015, Commerzbank filed its Answer to the writ of garnishment notifying the Court that it held certain property belonging to Claimant Golfrate Holdings. DE 1037.

As set forth below, Plaintiffs are not entitled to turnover of the Claimant Golfrate Holdings assets identified in the Commerzbank Answer for several independent reasons. *First*, Plaintiffs have failed to provide notice to Claimant Golfrate Holdings of Commerzbank's Answer, as required under the Florida garnishment statute, Fla. Stat. § 77.055. *Second*, even assuming Plaintiffs do provide such notice, Claimant Golfrate Holdings will be entitled to an order dissolving the writ of garnishment issued against its property held at Commerzbank, or an evidentiary hearing on disputed issues, for the reasons set forth in the April 16, 2015 motion, *see* DE 961, the June 8, 2015 motion, *see* DE 1030, and the reply and evidence introduced in support thereof, *see* DE 1002. *Third*, and completely independent of the other reasons, this Court should issue an order dissolving the writ of garnishment against Claimant Golfrate Holdings' property at Commerzbank because the Court cannot exercise *in rem* jurisdiction over blocked assets located in New York.

### I. Plaintiffs Have Failed to Comply with the Notice Requirements of Florida Law

As an initial matter, Plaintiffs' have failed to provide timely notice to Claimant Golfrate Holdings of Commerzbank's Answer to the writ of garnishment, as required under the Florida garnishment statute. Plaintiffs are required under Florida law to serve a copy of Commerzbank's Answer on Claimant Golfrate Holdings within 5 days of service of the Answer, along with "a notice advising [Claimant Golfrate Holdings] that [it] must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue." Fla. Stat. § 77.055.

5

The same statute required Plaintiffs to file on the docket "a certificate of such service." Fla. Stat. § 77.055.

As has been the case with previous Answers filed by garnishee banks, *see* DE 1030 (Claimant Grupo Arosfran's motion to dissolve), there is no evidence on the docket (or elsewhere) that Plaintiffs have complied with these requirements. Commerzbank filed its Answer to the writ of garnishment on June 18, 2015, notifying the Court that it held certain property of Claimant Golfrate Holdings. *See* DE 1037. To date, Claimant Golfrate Holdings has nonetheless received no notice from Plaintiffs of the Commerzbank Answer. Nor have Plaintiffs filed certificates of service on the docket. Under these circumstances—setting aside the substantive deficiencies in Plaintiffs' allegations and the threshold issue of this Court's lack of jurisdiction to order the relief Plaintiffs seek—this Court cannot order the turnover to Plaintiffs of Claimant Golfrate Holdings' assets at issue here unless and until Plaintiffs satisfy their procedural obligations under Fla. Stat. § 77.055. *See*, *e.g.*, *Beardsley v. Admiral Ins. Co.*, 647 So.2d 327, 330 (Fla. Dist. Ct. App. 1994) (reversing a turnover judgment and remanding to the trial court "for compliance with the statutory notice requirement and for trial" on the issues disputed by the claimant).

Claimant Golfrate Holdings is therefore under no obligation to appear and move to dissolve the writ at issue here. It is nonetheless filing this motion within 20 days after Commerzbank's Answer, out of an abundance of caution, in order to remove all doubt and to ensure that its rights are preserved.

> II. **The Writ Should be Dissolved for the Same Reasons Set Forth in Claimants Kassim Tajideen's, Grupo Arosfran's, and Ovlas Trading's Prior Motions and Reply Brief**

Even if Plaintiffs had satisfied the notice requirements of the Florida garnishment statute (and they have not), the Commerzbank writ should be dissolved for the reasons established in the April 16, 2015 and June 8, 2015 motions to dissolve, DE 961, DE 1030, and the reply and evidence submitted in support thereof, DE 1002, all of which Claimant Golfrate Holdings incorporates here by reference. Because those reasons are set forth in detail in briefing already before the Court, they are described here only briefly:

First, Plaintiffs have failed to satisfy their burden under the TRIA to establish that Claimant Golfrate Holdings is an "agency or instrumentality" of the FARC. Plaintiffs' theory is that Claimant Golfrate Holdings is an "agency or instrumentality" of Hizballah, which, in turn, is an "agency or instrumentality" of the FARC. DE 892, paras. 22-51; DE 998. But this theory goes beyond the plain meaning of what it means to be an "agency or instrumentality" of the FARC and, in any case, Plaintiffs have failed to establish either of the two connections.

With respect to the alleged connection between Claimant Golfrate Holdings and Hizballah, Plaintiffs rely exclusively on an OFAC designation; once again, they offer absolutely no other evidence of any kind to establish the necessary connection to Hizballah. *See* DE 892 at 12-45. As was the case with the designations of the other Claimants, OFAC's designation did not identify (and OFAC has never identified) any connection between Claimant Golfrate Holdings and the FARC. *See* DE 890, Exs. 80, 81. But even if it did, that evidence would not satisfy Plaintiffs' burden. Plaintiffs contend that "whether the asset is blocked 'can be definitively established by the fact that OFAC has taken action against the alleged agency or instrumentality….'" DE 1003 at 2-3 (quoting *Stansell*, 771 F.3d at 726). But "whether the asset

7

is blocked" is not the issue in this case; it is undisputed that the asset is blocked. Rather, the issue is whether Plaintiffs have sufficiently proven the agency or instrumentality connection between Claimant Golfrate Holdings and Hizballah, as well as the agency or instrumentality connection between Hizballah and the FARC. They have not. Plaintiffs' complete reliance on the OFAC designation of Claimant Golfrate Holdings ignores the Eleventh Circuit's holding that Plaintiffs must come forward with proof above and beyond the OFAC designation, where, as here, Claimants have come forward to challenge the allegations of agency or instrumentality status with their own evidence rebutting the presumption. *See Stansell*, 771 F.3d at 731 n.13. As the Eleventh Circuit explained in *Stansell*:

> [I]t is not proper for the district court to rely solely on [an] OFAC designation as creating an irrebutable presumption of agency or instrumentality status. The agency or instrumentality determination is separate from the blocked asset determination. The district court must therefore provide alleged agencies or instrumentalities an opportunity to challenge allegations of agency or instrumentality status with their own evidence.

*Id*. Here, Plaintiffs have come forward with no evidence whatsoever regarding Claimant Golfrate Holdings (or as to Claimants Kassim Tajideen, Grupo Arosfran, and Ovlas Trading, S.A.).

Claimants, on the other hand, have collectively come forward with overwhelming evidence in the form of fact and expert affidavits, all of which Claimant Golfrate Holdings incorporates here by reference. *See* DE 961, DE 1030, and DE 1002 (and affidavits appended thereto). Indeed, even though the Claimants, including Claimant Golfrate Holdings, have been under no obligation under Florida law to submit evidence in connection with this motion—because Florida law entitled them to present their evidence at an evidentiary hearing—Claimants nonetheless have come forward with their own evidence that conclusively rebuts the OFAC designation, therefore providing this Court with an independent ground under *Stansell* to grant

8

Claimants' motions to dissolve. Specifically, the Claimants have offered an affidavit from owner Kassim Tajideen, who testifies that neither he nor his business enterprises have any connection to Hizballah or the FARC, and affirms that he has never knowingly supported—and would never knowingly support—terrorism or narcotics trafficking. DE 1002, Attachment 1 at paras. 2-49. The Claimants also submitted an affidavit from Chibli Mallat, a leading Lebanese jurist and academic, and outspoken Hizballah critic, who attests that Mr. Tajideen has no affiliation with Hizballah or the FARC. DE 1002, Attachment 2 at paras. 10-17.[2] Faced with that evidence, Plaintiffs have offered no evidence whatsoever regarding the alleged connection to Hizballah other than Claimants' OFAC designation. For this reason alone, the writs must be dissolved. *See Stansell*, 771 F.3d at 731 n.13. Moreover, the OFAC designation here does not establish even the rebuttable presumption of the requisite agency or instrumentality relationship with Hizballah; rather, the OFAC designation asserts only that Claimants are alleged "supporters" of Hizballah. That is not enough. In any case, the evidence demonstrates that Claimants are not "supporters" of Hizballah.

Plaintiffs have also once again failed to establish the second link in their purported chain, *i.e.*, the connection between Hizballah and the FARC—an issue on which the OFAC designations of Claimant Golfrate Holdings (and Kassim Tajideen, Grupo Arosfran, and Ovlas Trading, S.A.) are completely silent. Plaintiffs' only evidence in support of that alleged connection is an expert affidavit from Mr. Douglas Farah. But Claimants have conclusively rebutted Mr. Farah's affidavit with the expert affidavit of Dr. Ibrahim Warde. DE 1002, Warde Export Report. Dr. Warde has demonstrated that Mr. Farah's affidavit is based on unsupported factual assertions and highly-dubious methodology, consisting largely of reproductions of Mr.

---

[2] Mr. Tajideen's affidavit and Mr. Mallat's affidavit are incorporated herein by reference and also attached to this Motion for the Court's convenience.

9

Farah's prior writings that originally purported to describe connections to *Iran,* but which Mr. Farah has repurposed in his affidavit as describing connections to *Hizballah*, without providing any explanation or justification for the change.[3]  DE 1002, Attachment 3.  Mr. Farah also inexplicably copies material from other sources and then alters the sources, again without providing any explanation or justification for the alterations.  *See, e.g.*, DE 1002, Attachment 3, para. 17 (describing how Mr. Farah copied material from an amended complaint filed by the U.S. Attorney for the Southern District of New York in *United States v. Lebanese Canadian Bank* and then altered the text).  Based on an appropriate, balanced assessment of the actual factual record, Dr. Warde concludes that Mr. Farah's methodology is deeply flawed and that Hizballah is not an "agency or instrumentality" of the FARC.  *See* DE 1002 at 3-4; DE 1002, Attachment 3.[4]

     Faced with Dr. Warde's evisceration of Mr. Farah's affidavit, Plaintiffs have made no effort to rehabilitate Mr. Farah's affidavit and analysis, and instead have tried to de-emphasize the importance of Mr. Farah's flawed affidavit.  DE 1009 at 4 n.3 (Plaintiffs' sur-reply downplaying the significance of Mr. Farah's affidavit).  Plaintiffs' abandonment of Mr. Farah's report is decisive because it leaves them with no other support (credible or otherwise) for the notion that Hizballah—a political and military proxy for Iran in Lebanon—is supposedly just an "agency or instrumentality" of a drug cartel in Colombia, *i.e.*, the FARC.  For this additional reason, the writ at issue here should be dissolved.

---

[3] Claimants Kassim Tajideen, Grupo Arosfran, and Ovlas Trading, S.A. have also sought to exclude the testimony of Mr. Farah, DE 1034, and to compel Plaintiffs to participate in a Rule 26(f) conference on an appropriate date and to make Mr. Farah available for deposition. DE 1045. The Court has denied those motions without prejudice, pending the resolution of the issue of "whether Florida's garnishment statute has extraterritorial effect." See Order of June 19, 2015 (DE 1047). In the event that the Court holds that the statute does have extraterritorial effect, Claimants, including Golfrate Holdings, intend to re-file both motions for consideration by the Court.

[4] Dr. Warde's Expert Report is incorporated herein by reference and attached for the Court's convenience.

Even if this Court declines to grant Claimant Golfrate Holdings' motion to dissolve the writ as a matter of law, however, Claimant Golfrate Holdings and the other Claimants are entitled under Florida law to present additional evidence at a hearing, where witnesses can be cross-examined. Claimants have met the basic requirements under the relevant Florida garnishment statute, Fla. Stat. § 77.07, which merely requires contesting the allegations as a factual matter and requesting an opportunity to present evidence at a hearing. *Id.*; *see, e.g., Doug Sears Consulting, Inc. v. ATS Servs., Inc.,* 752 So. 2d 668, 669-70 (Fla. Dist. Ct. App. 2000)*; Matthews v. Wood,* 485 So. 2d 472, 475 (Fla. Dist. Ct. App. 1986). Moreover, Claimant Golfrate Holdings and the other Claimants have gone beyond the requirements of Florida law by presenting affirmative evidence and affidavits to rebut Plaintiffs' allegations that Claimants are "agenc[ies] or instrumentalit[ies]" of the FARC. *See, e.g.*, DE 961; DE 1002 at 1-3; DE 1030. Claimant Golfrate Holdings denies unequivocally Plaintiffs' allegations that it is "an agency or instrumentality" of the FARC and respectfully requests an opportunity to exercise its right under Florida law to present further evidence and to challenge Plaintiffs' expert witness and other evidence at an evidentiary hearing, as required by Fla. Stat. § 77.07(2). As noted above, for purposes of such a trial, the present motion can be consolidated with the April 16, 2015 motion filed by Claimants Grupo Arosfran, Kassim Tajideen, and Ovlas Trading, S.A., DE 961, and the June 8, 2015 motion filed by Claimant Grupo Arosfran, DE 1030.

### III.   The Court Lacks Jurisdiction over Claimants Golfrate Holdings' Property in New York

Finally, Commerzbank's Answer indicates that Claimant Golfrate Holdings' blocked assets are held at its "U.S. branch located in New York." DE 1037 at 2. Under these circumstances, this Court cannot exercise *in rem* jurisdiction over those assets based only on the Court's exercise of personal jurisdiction over Commerzbank. Rather, "the court issuing the

11

process must have jurisdiction over both the garnishee and any property which is held by the garnishee." *APR Energy, LLC v. Pakistan Power Res. LLC*, No. 3:08-cv-961-J-25MCR, 2009 WL 425975, at *2 (M.D. Fla. Feb. 20, 2009) (ordering a writ of garnishment dissolved because the court did not have *in rem* jurisdiction over a garnishee's bank account in Oklahoma)*; see also Skulas v. Loiselle,* No. 09-60096-CIV., 2010 WL 1790439 (S.D. Fla. Apr. 9, 2010), *aff'd and adopted by* 09-60096-CIV., 2010 WL 1790433 (S.D. Fla. May 5, 2010) (holding that the Southern District of Florida District Court cannot exercise *in rem* jurisdiction over a bank account located in Pennsylvania and that the plaintiff would need to "seek relief from a Pennsylvania court in satisfying his outstanding judgment").

  As noted at the outset of this motion, Claimant Golfrate Holdings recognizes that the Court has stayed all proceedings until the question of the extraterritorial reach of Florida's garnishment statute is resolved. DE 1047. It also notes that Commerzbank itself argued that it "is not subject to the personal jurisdiction of this Court and the Court does not have *in rem* jurisdiction over the Blocked Account," DE 1037 at 2. Claimant Golfrate Holdings incorporates by reference all of the jurisdictional objections raised by Commerzbank and other garnishee banks, *see* DE 1035, 1036, 1037, 1039, 1041, 1042, as well as the jurisdictional objections set forth by Claimants Kassim Tajideen, Grupo Arosfran, and Ovlas Trading, DE 1044.

## IV.     Conclusion

WHEREFORE, Claimant Golfrate Holdings denies the allegations made in the motion against it on the grounds stated and respectfully moves this Court, pursuant to Fed. R. Civ. P. 69 and Fla. Stat. § 77.07, for an order dissolving the writ of garnishment (DE 1000).  In the event the Court is not persuaded that Claimant Golfrate Holdings is entitled to relief on the face of the allegations and contrary evidence submitted, Claimant respectfully requests an opportunity to present further evidence and to challenge the evidence against it, at an evidentiary hearing, as required under Fla. Stat. § 77.07.

/s/ Joseph W. Swanson
Joseph W. Swanson
Florida Bar No. 29618
CARLTON FIELDS JORDEN BURT, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Boulevard
Suite 1000
Tampa, FL 33607-5780
Telephone: (813) 223-7000
Facsimile: (813) 229-4133
jswanson@cfjblaw.com
lgarrett@cfjblaw.com (Secondary)
tpaecf@cfdom.net (Secondary)

/s/ David W. Bowker
David W. Bowker
District of Columbia Bar No. 989309
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, D.C.  20006
Telephone: (202) 663-6558
Facsimile: (202) 663-6363
David.Bowker@wilmerhale.com

Attorneys for Claimant Golfrate Holdings (Angola) LDA

**CERTIFICATE OF SERVICE**

I CERTIFY that on the 8th day of July, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ Joseph W. Swanson
Attorney