NITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

KEITH STANSELL,
MARC GONSALVES,                                    CIVIL ACTION CASE NO.:
THOMAS HOWES,                                       8:09-CV-2308-RAL-MAP
JUDITH G. JANIS, CHRISTOPHER T. JANIS,
GREER C. JANIS, MICHAEL I. JANIS,
and JONATHAN N. JANIS

        Plaintiffs,

vs.

REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC); et al.,

        Defendants.

_____/

### PLAINTIFFS' RESPONSE IN OPPOSITION TO
### CLAIMANT'S MOTION TO DISSOLVE WRIT OF GARNISHMENT
### (Motion DE 1052)

Plaintiffs file this response in opposition to the SDGT Claimant Golfrate Holdings

(Angola) LDA ("Golfrate")'s July 8, 2015 motion to dissolve writ of garnishment ["Motion"

DE 1052].  The Motion seeks to dissolve Writ DE 1000 which was Answered by Garnishee

Commerzbank AG on June 18, 2015.  ["Answer" DE 1037].[1]

Golfrate's Motion is based on generally the same arguments and authorities that it

previously raised in Motion to Dissolve DE 961 and 1030.  All three exhibits to Golfrate's

Motion DE 1052 are identical to the exhibits to its prior Motion DE 961.  Accordingly,

Plaintiffs hereby adopt and incorporate all of their arguments and authorities from their prior

_____

[1] Plaintiffs recognize the Court's Order DE 1047 staying all proceedings.  Since this stay
Order, Claimants filed a motion to dissolve DE 1052 incorrectly setting forth that Plaintiffs
failed to provide statutory notice.  In an abundance of caution, Plaintiff file this response for
completeness and to otherwise preserve their rights.

Response in Opposition [DE 982], Surreply [DE 1009], and Response DE 1033 to other claimants' prior Motions to Dissolve Writs.   Like filings before, Claimants do not deny the operative facts that Hezbollah was trafficking FARC cocaine, or supplying weapons to the FARC.   Their sole argument challenging the Hezbollah-FARC connection is that Hezbollah cannot be an agency or instrumentality of the FARC because it is already an agency or instrumentality of Iran.  This argument again raises no issue of fact and can be decided by the Court as a matter of law without the need for a hearing or trial.  Claimants' evidence admits the link between the FARC and Hezbollah.  In all respects the instant motion to dissolve the TRIA writ of garnishment must be denied.

Golfrate's Motion DE 1052 challenges the Court's jurisdiction over the funds held by Commerzbank AG in New York.  Plaintiffs hereby adopt and incorporate all of their arguments and authorities from their June 4, 2015 Response to the Court's Jurisdictional Inquiry of May 21, 2015 [DE 1029].

With respect to the Motion's argument that Plaintiffs have not "satisfied the notice requirements of the Florida garnishment statute," [Mot. p. 7], this is incorrect.  Plaintiffs fully complied with Fla. Stat. § 77.041 Notice on May 12, 2015.  See DE 1053; 1053-1. Plaintiffs timely and fully complied with Fla. Stat. § 77.055 on June 19, 2015 – one day after service of Commerzbank's Answer by serving via First Class International U.S. mail: (i) a copy of garnishee Commerzbank's Answer DE 1037; and (ii) a Notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days of the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue.  The Answer DE 1037 and Notice were served on June 19,

2015 on the OFAC designated SDGT  Golfrate (identified in DE 1017),  who owns the blocked assets being garnished, at the last known addresses identified by OFAC in Exhibits to DE 892.  The DBTCA Answer and Notice were also served on those entities identified in the Answer who õmay be an alias of Golfrateö and on a bank involved in the transaction.  <u>See</u> Plaintiffsø Certificate of Compliance with Fla. Stat. § 77.055.  [DE 1054; 1054-1; 1054-2].  The United States Postal Service Receipt for First Class International Mail clearly shows the date of service as June 19, 2015.  <u>Id</u>., Ex. 2.  Florida Statutes § 77.055 places no time limit on the filing - ***<u>in the proceeding</u>*** - of the certificate of service, so long as the Answer and Notice containing a certificate of service are mailed within five (5) days after the Answer being served ó all of which were done timely here 1 day after service of the Answer on June 19, 2015.  <u>See</u> DE 1054.  The documentation of such Fla. Stat. § 77.055 compliance õfile[d] in the proceedingö can be made at any time prior to moving for entry of judgment on the garnisheeøs Answer.

Conclusion

Claimantsø motion to dissolve [DE 1052] writ of garnishment DE 1000 must be denied.

Respectfully submitted July 15, 2015.

/s Newton P. Porter_____  /s  Tony Korvick_____
NEWTON P. PORTER                        TONY KORVICK
(Florida Bar No. 833738)                (Florida Bar No. 768372)
nporter@porterandkorvick.com            tkorvick@porterandkorvick.com
PORTER & KORVICK, P.A.                   PORTER & KORVICK, P.A.
9655 South Dixie Highway Suite 208       9655 South Dixie Highway Suite 208
Miami, Florida 33156                     Miami, Florida 33156
Telephone:    (305) 373-5040             Telephone:    (305) 373-5040
Facsimile:    (305) 668-9154             Facsimile:    (305) 668-9154
Attorneys for Plaintiffs                 Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 15, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I served the foregoing document and the notice of electronic filing by first class mail and electronic mail to the following persons:
NONE

  s/NEWT PORTER
NEWT PORTER (Florida Bar No. 833738)
Attorneys for Plaintiffs
PORTER & KORVICK, P.A.
9655 South Dixie Highway Suite 208
Miami, Florida 33156
Telephone:      (305) 373-5040
Fax:             (305) 668-9154
nporter@porterandkorvick.com