## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KEITH STANSELL, *et al.*,

        Plaintiffs,

v.                                  CASE NO: 8:09-cv-2308-T-26MAP

REVOLUTIONARY ARMED FORCES
OF COLOMBIA (FARC), *et al.*,

        Defendants.

_____/

## O R D E R

**THIS CAUSE** comes before the Court on the issue of whether Florida's

garnishment statutes, <u>see</u> Chapter 77, Florida Statutes, have extraterritorial effect.  This

issue came to light in the Answer of Garnishee Deutsche Bank Trust Company Americas

to the Writ of Garnishment (Dkt. 1017) and the Amended Answer of Garnishee the Bank

of New York Mellon to the Writ of Execution/Garnishment Relating to Grupo Arosfran

Empre Participacoes and Ovlas Trading, S.A. (Dkt. 1015).   These Answers responded to

writs of garnishment that were directed to bank accounts established to hold the proceeds

of wire transfers that were blocked by the Garnishee Banks pursuant to sanctions

regulations issued by the Office of Foreign Assets Control of the United States Treasury

Department.  The blocked wire transfers are all held at bank branches in the State of New York.

Plaintiffs are judgment creditors of the Revolutionary Armed Forces of Columbia ("the FARC") (Dkt. 233).  On February 17, 2015, this Court found that certain entities were agents or instrumentalities of the FARC and that any accounts that were owned by such entities and blocked pursuant to sanctions regulations directed at specially designated global terrorists ("SDGT"), 31 C.F.R. §§ 594.310 *et seq*. (the "SDGT Sanctions") were subject to execution and garnishment under Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("the TRIA"), 18 U.S.C. § 2331 *et seq*. (Dkt. 900). Subsequent to that determination, the Plaintiffs, acting in accord with Federal Rule of Civil Procedure 69(a)(1),[1] served writs of garnishment issued pursuant to Florida's garnishment statutes on numerous non-parties seeking to attach such blocked funds, resulting in part in the filing of the aforementioned Answer and Amended Answer.

To this Court's knowledge, these two pleadings marked the first occasion that any party or non-party raised the issue of the Court's extraterritorial jurisdiction during the extensive post-judgment garnishment litigation history of this case.  Nor, to the Court's knowledge, was this issue raised within the context of the two appeals considered by the

---

[1]  This rule governs the enforcement of a money judgment by way of execution and provides in pertinent part that "[t]he procedure on execution - and in proceedings supplementary to and in aid of judgment or execution - must accord with the procedure of the state where the court is located, . . ."

Eleventh Circuit Court of Appeals in this case.[2]  Therefore, after reviewing the cases cited in the Answer and Amended Answer, and after engaging in independent research, the Court determined that the jurisdictional issue was of such a substantive nature that it must first be resolved before any additional writs would be entered seeking to garnish funds located in accounts outside the territory of the State of Florida (Dkt. 1019).  The Court also declined to enter any TRIA turnover judgments respecting those types of funds until the jurisdictional issue was resolved.  (Id.)  Accordingly, the Court directed briefing by the Plaintiffs and all garnishees who are currently subject to writs of garnishment issued by this Court with respect to funds held in accounts located outside the State of Florida, as well as those parties who are contesting garnishment proceedings with regard to those funds, on the specific issue of whether this Court has jurisdiction to issue a writ of garnishment pursuant to Florida's garnishment statutes seeking to garnish funds held in bank accounts outside the territorial limits of the State of Florida.  (Id.)

In response, the Court received memoranda on the issue from Plaintiffs (Dkt. 1029), Garnishee Standard Chartered Bank (Dkt. 1035), Garnishee Deutsche Bank Trust Company Americas (Dkt. 1036), Garnishee Commerzbank AG, New York Branch (Dkt. 1039), Garnishee The Bank of New York Mellon (Dkt. 1041), Garnishee JPMorgan Chase Bank, N.A. (Dkt. 1042), and Claimants Kassim Tajideen, Grupo Arosfran

---

[2]  See Stansell v. Revolutionary Armed Forces of Colombia, 704 F.3d 910 (11th Cir. 2013) and Stansell v. Revolutionary Armed Forces of Colombia, 771 F.3d 713 (11th Cir. 2014).

Empreedimentos E Participacoes Sarl, and Olvas Trading, S.A. (Dkt. 1044).[3]  The

blocked funds that are the subject of these memoranda are all located in bank accounts in

the State of New York.  Additionally, since the time the Court issued its order directing

these responses, Claimant Grupo Arosfran Empreendimentos E Participacoes Sarl filed a

Motion to Dissolve Writ of Garnishment and Memorandum of Law, raising the argument

that this Court lacks jurisdiction over blocked assets being held at a New York bank

branch (Dkt. 1030), to which Plaintiffs filed a response in opposition (Dkt. 1033).  The

Court then stayed all proceedings in this case pending resolution of the substantive

jurisdictional issue (Dkt. 1047), following which Claimant Golfrate Holdings (Angola)

LDA filed a Motion to Dissolve Writ of Garnishment and Memorandum of Law, also

raising the argument that this Court lacks jurisdiction over blocked assets held at a bank

branch located in the State of New York (Dkt. 1052), to which Plaintiffs responded in

opposition (Dkt. 1055).

       Having now had the opportunity to consider carefully all of these submissions, as

well as engaging in its own independent research, the Court concludes that it lacks subject

matter jurisdiction to garnish any funds in any bank accounts located outside the State of

Florida.  All of the funds at issue in the motions, memoranda, and writs now before the

Court are held outside the State of Florida and, thus, are beyond the reach of a Florida writ

_____

       [3]   Claimants' response seeks to supplement their pending Motion to Dissolve Writs of
Garnishment and Memorandum of Law (Dkt. 961) with the additional argument that Florida's
garnishment statutes have no extraterritorial effect.

of garnishment.  As one court has observed, a garnishment proceeding "is not an action *in personam*, nor is it, strictly speaking, a proceeding *in rem*.  Partaking of the nature of both, it is frequently classified as a proceeding *quasi in rem*."  U.S. Rubber Co. v. Poage, 297 F.2d 670, 673 (5th Cir. 1962)[4] (citations omitted).[5]  Because of the dual nature of a garnishment proceeding, courts sitting in this state have held that a court presiding over a writ of garnishment must not only have personal jurisdiction over the garnishee, but also jurisdiction over the property or "res" that is the subject of the writ of garnishment.  See APR Energy, LLC v. Pakistan Power Resources, LLC, 2009 WL 425975, at * 2 (M.D. Fla. 2009); see also, Harris v. City of Sarasota, 181 So. 366, 369 (Fla. 1938) (holding that "an action *quasi in rem* requires a seizure of property within the jurisdiction of the court or its equivalent."); Dewind v. JP Morgan Chase & Co., 2011 WL 6755918, at *2 (N.D. Ga. 2011) (holding that in a *quasi in rem* action a district court does not have jurisdiction over the *res* when that property is not physically within the same state as the court) (citing Hanson v. Denckla, 357 U.S. 235, 249 (1958)).  While personal jurisdiction may be waived, "*in rem* jurisdiction is a very special type of necessary judicial subject matter

---

[4]  In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decision of the Fifth Circuit issued prior to October 1, 1981.

[5]  See also G.M. Gold & Diamonds, LP v. Fabrege Co., Inc., 489 F. Supp. 2d 725, 727 (S.D. Tex. 2007) (noting that attachment orders may reach only as far as the court's *in rem* jurisdiction).

jurisdiction" under Florida law -- one that cannot be waived.  Center Capital Corp. v. Gulfstream Crane, LLC, 2009 WL 4909430, at *7 (S.D. Fla. 2009) (internal quotation marks and citations omitted) (holding that "a party cannot waive *in rem* jurisdiction under Florida law, and a court proceeding pursuant to *in rem* jurisdiction must actually possess *in rem* jurisdiction over the property that is the subject of the matter").

    In keeping with these jurisdictional rules, the only two decisions to address the question that was posed by this Court have held that where, as here, a plaintiff serves a writ of garnishment seeking to attach bank accounts located outside the state of Florida, the court lacks jurisdiction over the property and the writ must be dissolved.  APR Energy, 2009 WL 425975, at * 2 (dissolving writ of garnishment); Skulas v. Loiselle,  2010 WL 1790439, at *3 (S.D. Fla. 2010) (dissolving a garnishment writ upon finding that "because the bank account at issue [wa]s located in Pennsylvania, the Court d[id] not have jurisdiction over it"), report and recommendation adopted, 2010 WL 1790433 (S.D. Fla. 2010).[6]  As just noted, in APR Energy, the court confronted precisely the jurisdictional issue before this Court and dissolved a writ of garnishment which sought, like the writs here, to garnish a bank account located outside the state.  The court reasoned that dissolution of the writ was required because the court lacked "jurisdiction over the property to be garnished, in this case, the bank account."  2009 WL 425975, at *2.  In

---

    [6]  See also Baker v. Bennett, 644 So. 2d 901, 903 (Ala. 1994) ("Assets not within the jurisdiction of a court issuing a garnishment and not capable of being levied on cannot be reached by the garnishment.").

Skulas, the court relied on APR Energy's reasoning and reached exactly the same result, dissolving a writ of garnishment directed at an out-of-state account and reasoning that, "because the bank account at issue is located in Pennsylvania, the Court does not have jurisdiction over it and the instant Writ of Garnishment should be dissolved."  2010 WL 1790439, at *3.

Although Plaintiffs criticize APR Energy and Skulas as "wrongly decided" (Dkt. 1029, p. 13), neither decision has been overruled, and both are consistent with the Florida garnishment statutes and the rules of construction that apply in interpreting them.  "Florida law requires garnishment statutes to be strictly construed."  Bernal v. All American Inv. Realty, Inc., 2009 WL 586010, at *4 (S.D. Fla. 2009) (citing Gigliotti Contracting N., Inc. v. Traffic Control Prods. of N. Florida, Inc., 788 So. 2d 1013, 1016 (Fla. Dist. Ct. App. 2001)); accord, Williams v. Espirito Santo Bank of Florida, 656 So. 2d 212, 213 (Fla. Dist. Ct. App. 1995) ("It is fundamental that garnishment statutes must be strictly construed."). Here, nothing in the language of the Florida garnishment statutes suggests that they were intended to have extraterritorial application.  Interpreting a garnishment statute to apply to bank accounts located outside the state despite the absence of any explicit statutory language to that effect would violate this principle of strict construction.  Cf. G.M. Gold & Diamonds, LP, 489 F. Supp. 2d 725, 728-29 (S.D. Tex. 2007) ("The statutes are silent on the issue of extraterritoriality, and the court should not infer any such unexpressed intent on behalf of the legislature.  As Texas courts have suggested, and other state courts have

held, the remedy of attachment has a well-defined territorial limit, and the court sees no reason to depart from this approach.").[7]

The Court agrees with the Garnishees' memoranda that nothing in the language or structure of the Florida garnishment statutes demonstrates that they were intended to apply to bank accounts located outside the state of Florida. Although Plaintiffs assert that there is a "tidal wave of authority" (see Dkt. 1029, p.14) supporting their position, none of the authorities they cite is on point. Plaintiffs rely on three cases (one from the Eleventh Circuit and two from the "former Fifth Circuit") to argue that this Court does have jurisdiction over accounts held outside of Florida where there is an "interface" between *in rem* and *in personam* jurisdiction. See United States v. One Lear Jet Aircraft, 836 F.2d 1571 (11th Cir. 1988); Inland Credit Corp. v. M/T Bow Egret, 552 F.2d 1148 (5th Cir. 1977); Treasure Salvors, Inc. v. Unidentified Wreck & Abandoned Sailing Vessel, 569 F.2d 330 (5th Cir. 1978). However, these cases are distinguishable in several respects, most particularly that they are each admiralty cases and were not decided in the context of a garnishment proceeding. In each of the former Fifth Circuit cases, the Court found that it had jurisdiction because a party that had consented to the *in personam* jurisdiction of the Court was either a claimant to the *res* in question or was the plaintiff that had consented to the jurisdiction of the court. Treasure Salvors, 569 F.2d at 335 (party was not a neutral

---

[7] See also, e.g., In re Curtina Int'l, 15 B.R. 993, 998 (Bankr. S.D.N.Y. 1981) (holding that the attachment statute, which did not expressly reach property beyond territorial limits of state, would not be construed to apply to property outside state).

stakeholder, but was a claimant to the *res* in question); Inland Credit, 552 F.2d at 1152 (party resisting appellate jurisdiction was plaintiff in district court and filed suit both *in rem* and *in personam*).  In contrast, here, all of the Garnishees are disinterested stakeholders only.  They do not claim any right to the funds in question, have not themselves invoked the jurisdiction of this Court, and have not filed any claims seeking affirmative relief.

The "interface" between *in rem* and *in personam* jurisdiction that is required pursuant to the cases advanced by Plaintiff simply is not present here.  In each of those cases, the plaintiff had asserted both *in personam* claims against the defendant, as well as *in rem* claims against a property.  One Lear Jet Aircraft, 836 F.2d 1571; Inland Credit, 552 F.2d 1148; Treasure Salvors, 569 F.2d at 334-35.  Here, Plaintiffs assert no *in personam* claims -- that is, they do not allege any cause of action personally that is unrelated to the *res*.  In fact, one of the cases relied on by Plaintiffs to establish jurisdiction held that the Florida court did "not have *in personam* jurisdiction over the parties because the action was solely *in rem*."  One Lear Jet, 836 F.2d at 1577.  There is  no "interface" between *in rem* and *in personam* jurisdiction here.  Therefore, despite Plaintiffs contention that "numerous" cases support the Court's possession of *in rem* jurisdiction over accounts outside of Florida, the reality is that only two cases are directly on point -- APR Energy, LLC and Skulas  -- and both compel the conclusion that no *in rem* jurisdiction exists over blocked accounts that are outside the State of Florida, even assuming this court has

personal jurisdiction over the banks.  See also Wirt Franklin Petroleum Corp. v. Gruen, 139 F.2d 659, 660 (5ᵗʰ Cir. 1944) (stating that "[g]arnishment is in the nature of a proceeding *in rem*, as to which the situs of the *res* is generally determinative for purposes of jurisdiction.") (footnote omitted).

Furthermore, APR Energy, LLC and Skulas are consistent with two recent Florida appellate decisions.  In Sargeant v. Al-Saleh, 137 So.3d 432, 434 (Fla. Dist. Ct. App. 2014), the court accepted the debtors' argument "that Chapter 56, Florida Statutes, does not apply extraterritorially and that in order to execute the judgment against their foreign assets the creditor must proceed under the laws of the foreign jurisdiction where the stock certificates are held" and rejected the creditor's argument "that the trial court had authority to compel the turnover of the stock certificates by virtue of its *in personam* jurisdiction over the debtors."  The court, in line with the debtors' argument, observed that "Florida courts do not have *in rem* or *quasi in rem* jurisdiction over foreign property."  137 So.3d at 434 (citations omitted).  Relying on Sargeant, the court in Burns v. State Dep't of Legal Affairs, 147 So.3d 95, 97 (Fla. Dist. Ct. App. 2014) held that the trial court in a forfeiture proceeding lacked subject matter jurisdiction over bank accounts located in foreign jurisdictions.  Thus, these two cases fortify this Court's jurisdictional conclusion that under Florida law it lacks subject matter jurisdiction to issue writs of garnishment seeking to garnish funds held in bank accounts in jurisdictions outside the territorial limits of the State of Florida.

-10-

Finally, contrary to the Plaintiffs' argument, the Court finds no conflict between the TRIA and interpreting the Florida garnishment statutes to extend only to property within the state, because such an interpretation does not prevent judgment creditors from attaching blocked assets of terrorist parties to satisfy judgments in terrorism cases -- the object of the TRIA.  Such assets will continue to be available to judgment creditors, provided that enforcement proceedings are commenced in the correct jurisdiction. Plaintiffs may seek to attach the blocked accounts, without any jurisdictional objection, by registering their judgment in the district where the property is located pursuant to 28 U.S.C. § 1963 and thereafter by commencing garnishment proceedings, as other similarly situated judgment creditors have done.  See Hausler v. Republic of Cuba, Case No. 09-22108-CIV-AJ, Agreed Order (S.D. Fla. Oct. 14, 2009) (Dkt. 25) (transferring judgment enforcement proceeding to Southern District of New York by agreement) see also, Doe v. Ejercito de Liberacion Nacional, ___ F. Supp.2d ____, 2015 WL 874910 (D. P.R. 2015) (proceeding in garnishment against funds held in a Puerto Rico bank based on judgment entered in part against the FARC by the United States District Court for the Southern District of Florida, but registered in the United States District Court for the District of Puerto Rico).  In light of the foregoing, all garnishees who are currently subject to writs of garnishment issued by this Court with respect to funds held in accounts outside the State of Florida, as well as those parties who are contesting garnishment proceedings with respect to those same type of funds, are entitled to have those writs of garnishment dissolved.

-11-

**ACCORDINGLY**, in light of the Court's lack of subject matter jurisdiction to issue writs of garnishment with respect to funds held in bank accounts outside the State of Florida, it is now **ORDERED AND ADJUDGED**:

1. Claimant Grupo Arosfran Empreendimentos E Participacoes Sarl's Motion to Dissolve Writ of Garnishment (Dkt. 1030) is **GRANTED**.  The Writ of Garnishment issued with respect to Deutsche Bank Trust Company Americas (Dkt. 980) is **DISSOLVED** for lack of jurisdiction.

2. Claimant Golfrate Holdings (Angola) LDA's Motion to Dissolve Writ of Garnishment (Dkt. 1052) is **GRANTED**.   The Writ of Garnishment issued with respect to Commerzbank AG (Dkt. 1000) is **DISSOLVED** for lack of jurisdiction.

4. The Writ of Garnishment issued with respect to AHLI United Bank UK PLC (Dkt. 902) is **DISSOLVED** *sua sponte* for lack of jurisdiction.

5. The Writ of Garnishment issued with respect to BNP Paribas Dubai (Dkt. 903) is **DISSOLVED** *sua sponte* for lack of jurisdiction.

6. The Writ of Garnishment issued with respect to BNP Paribas New York Branch (Dkt. 904) is **DISSOLVED** *sua sponte* for lack of jurisdiction.

7. The Writ of Garnishment issued with respect to BNP Paribas RCC, Inc., as Agent for BNP Paribas New York Branch (Dkt. 905) is **DISSOLVED** *sua sponte* for lack of jurisdiction.

8.  The Writ of Garnishment issued with respect to JP Morgan Chase & Co. (Dkt. 906) is **DISSOLVED** *sua sponte* for lack of jurisdiction.

9.  The Writ of Garnishment issued with respect to The Bank of New York Mellon Corporation (Dkt. 907) is **DISSOLVED** *sua sponte* for lack of jurisdiction.

10.  The Writ of Garnishment issued with respect to Deutsche Bank Trust Company Americas (Dkt. 909) is **DISSOLVED** *sua sponte* for lack of jurisdiction.

11.  The Writ of Garnishment issued with respect to HSBC Bank USA, N.A. (Dkt. 910) is **DISSOLVED** *sua sponte* for lack of jurisdiction.

12.  The Writ of Garnishment issued with respect to HSBC Bank USA, N.A. (Dkt. 911) is **DISSOLVED** *sua sponte* for lack of jurisdiction.

13.  The Writ of Garnishment issued with respect to JPMorgan Chase Bank (Dkt. 914) is **DISSOLVED** *sua sponte* for lack of jurisdiction.

14.  The Writ of Garnishment issued with respect to Standard Chartered Bank (Dkt. 915) is **DISSOLVED** *sua sponte* for lack of jurisdiction.

15.  The Writ of Garnishment issued with respect to The Bank of New York Mellon (Dkt. 930) is **DISSOLVED** *sua sponte* for lack of jurisdiction;

16.  The Writ of Garnishment issued with respect to JP Morgan Chase Bank (Dkt. 934) is **DISSOLVED** *sua sponte* for lack of jurisdiction.

17.  The Writ of Garnishment issued with respect to JP Morgan Chase Bank (Dkt. 935) is **DISSOLVED** *sua sponte* **for lack of jurisdiction.**

18.  The Writ of Garnishment issued with respect to JP Morgan Chase Bank (Dkt. 936) is **DISSOLVED** *sua sponte* for lack of jurisdiction.

19.  The Writ of Garnishment issued with respect to Commerzbank AG (Dkt. 1001) is **DISSOLVED** for lack of jurisdiciton.

20.  Plaintiffs' Motions for TRIA Turnover Judgments (Dkts. 983, 984, 991, 992, and 993) are all **DENIED AS MOOT** inasmuch as they relate to Writs that have now been dissolved due to the Court's lack of subject matter jurisdiction.

21.  Claimants Kassim Tajideen, Grupo Arosfran Empreendimentos E Participacoes SARL, and Ovlas Trading, S.A.'s Motion to Dissolve Writs of Garnishment (Dkt. 961), which is based on arguments other than lack of subject matter jurisdiction, is **DENIED AS MOOT** inasmuch as the corresponding Writs have now been dissolved above due to the Court's lack of jurisdiction.

**DONE AND ORDERED** at Tampa, Florida, on July 22, 2015.


    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record