UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH STANSELL, *et al.*,

    Plaintiffs,

v.                                                CASE NO: 8:09-cv-2308-T-26MAP

REVOLUTIONARY ARMED FORCES
OF COLOMBIA (FARC), *et al.*,

    Defendants.
_____/

**O R D E R**

**UPON DUE AND CAREFUL CONSIDERATION** of the procedural history of this case, including the parties' written submissions, it is **ORDERED AND ADJUDGED** that the Motion to Reset the Sale of Property Pending Resolution of the Petitions for Writ of Certiorari (Dkt. 1058) is **denied**. The Court agrees with the Plaintiffs' arguments that the motion should be denied "for laches, lack of standing, finality of all appeals by the property owners themselves, and failure to post a bond under Fla. Stat. 56.12." Of equal significance is the fact that if under well-established Eleventh Circuit precedent a grant of certiorari by the Supreme Court does not justify the issuance of a stay of execution because a grant of certiorari is of no precedential value and does not constitute new law,[1] then how can it be seriously argued that a request from the

---

[1] See Gissendaner v. Comm'r, Ga. Dep't of Corr., 779 F.3d 1275, 1284 (11th Cir. 2015) (and cases cited); accord Speer v. Whole Food Market Group, Inc., 2015 WL 2061665 (M.D. Fla. 2015).

Supreme Court for briefing on whether to grant certiorari justifies what amounts to a request by the Third-Party Claimants for a stay in this case.

      **DONE AND ORDERED** at Tampa, Florida, on August 21, 2015.


                s/*Richard A. Lazzara*
                **RICHARD A. LAZZARA**
                **UNITED STATES DISTRICT JUDGE**


**COPIES FURNISHED TO**:
Counsel of Record