UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO: 8:09-cv-02308-RAL-MAP

KEITH STANSELL,
MARC GONSALVES,
THOMAS HOWES, JUDITH G. JANIS,
CHRISTOPHER T. JANIS,
GREER C. JANIS, MICHAEL I JANIS
and JONATHAN N. JANIS,

    Plaintiffs,

v.

REVOLUTIONARY ARMED FORCES
OF COLOMBIA (FARC), *et al.*,

    Defendants.
_____/

## CONFIDENTIALITY PROTECTIVE ORDER

THIS CAUSE came before the Court upon Plaintiffs' Motion for Entry of a Confidentiality Protective Order regarding records and information the Plaintiffs seek from the United States Marshal Service ("USMS") and its employees regarding the sale the United States Marshal conducted pursuant to his Notice of Sale on August 26, 2015 of that certain property described in this Court's May 20, 2015 Order Discharging Notices of Lis Pendens and Directing U.S. Marshal to Reset and Complete Execution Sale on Real Property. [DE 1018].

Accordingly, to further govern all of the discovery and use of the USMS records deemed to contain "Confidential Information" in this action, and for good cause shown, it is **ORDERED AND ADJUDGED as follows:**

    1.    Plaintiff=s Motion for Entry of a Confidentiality Protective Order is hereby **GRANTED**.

    2.    This Confidentiality Protective Order governs the treatment and handling of all confidential information, material and documents (including, without limiting the generality of the foregoing, answers to interrogatories, responses to requests for production,

responses to requests for admission, deposition testimony, responses to written deposition questions, deposition transcripts, deposition exhibits, exhibits to responses to written deposition questions, and other written, recorded, electronic, or graphic matter, and copies of the foregoing) ("Confidential Material") produced in accordance with the Federal Rules of Civil Procedure or any order of the Court, by the USMS to any party in this matter.

3. Documents, electronically stored information, and any other materials subject to protection under the Privacy Act which are otherwise discoverable are authorized to be produced. 5 U.S.C. § 552a(b)(11).

### Designation of Confidential Information

4. All records produced by, or on behalf of, the USMS, in response to any request or Subpoena and/or Subpoena *Duces Tecum* and all testimony, responses to written deposition questions, deposition transcripts, exhibits and other information the USMS provides to Plaintiff or Defendants, are deemed to be or contain Confidential Information For Attorneys' Eyes Only and shall be subject to the provisions of this Order.

5. In furnishing Confidential Material which in the opinion of the USMS contains or discloses confidential information, or information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, the Freedom of Information Act, 5 U.S.C. § 552, and/or any other federal or state law, the USMS may designate such material as subject to this Confidentiality Protective Order by marking each page of the document as "Subject to Confidentiality Protective Order," whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an answer and/or response to written deposition question, interrogatory answer or otherwise.

Materials necessitating a higher level of protection, such as sensitive and confidential law enforcement information regarding the policies, methods, techniques, procedures, guidelines, intelligence of the USMS and/or certain federal law enforcement agencies, and/or information pertain to a sale or real property conducted by the USMS, the identity of bidders and bids and procedures at such sale, may be designated by the USMS as "For Attorneys' Eyes Only." Documents designated as "For Attorneys' Eyes Only" shall only be reviewed by counsel for a party and the Court.

Any party receiving Confidential Material which in the opinion of that party contains or discloses confidential information, or information protected from disclosure by the Privacy Act, 5 U.S.C. § 552a, the Freedom of Information Act, and/or any other federal or state law, may designate such material as subject to this Confidentiality Protective Order by marking each page of the document as either "Subject to Confidentiality Protective Order" or "For Attorneys' Eyes Only," provided that the party provides notice of such designation within 14 days of receipt to counsel for all other Parties.

### Access to Confidential Information

6.  Material designated "Subject to Confidentiality Protective Order" or "For Attorneys' Eyes Only" pursuant to this Order shall be used by a party only for purposes related to this action and for no other purpose, under other restrictions as explained elsewhere in this Order, and under no circumstances, other than those specifically provided for in this or a subsequent Order of this Court, shall any party disclose it to persons or entities other than the following:

   a. The Court and Court personnel;

   b. Counsel of record for a party.

   c. Secretarial, clerical, paralegal, or other personnel employed full-time or part-time by counsel of record for a party, provided such counsel deems the disclosure reasonably necessary for the conduct of this litigation.

   d. Experts or consultants who have been retained by a party for the purpose of assisting in the conduct of this action.

   e. Fact witnesses during their deposition, or in preparation for their deposition, provided that counsel of record for a party deems the disclosure reasonably necessary for the conduct of this litigation and that no disclosure is made to persons outside the authorization of this Order.

   f. Other persons upon order of this Court or upon stipulation of the party who designated the Confidential Material in question as "Subject to Confidentiality Protective Order" or "For Attorneys' Eyes Only."

Before any materials subject to this Confidentiality Protective Order are disclosed to a party, all counsel of record for that party shall sign and serve the "Acknowledgment of Confidentiality Protective Order," attached to this Confidentiality Protective Order as Exhibit A, on all counsel of record for all parties. Unless otherwise specified by a counsel of record for a party, service of the signed "Acknowledgment of Confidentiality Protective Order" may be completed by e-mail.

Prior to disclosing materials subject to the Confidentiality Protective Order to any other individuals designated in subsections (b)-(f), counsel for a party must have these individuals sign the "Acknowledgment of Confidentiality Protective Order," attached to this Confidentiality Protective Order as Exhibit A. The original signed "Acknowledgment of Confidentiality Protective Order" completed by any individual designated in subsections (b)-(f) shall be retained by counsel seeking to disclose material s to such individual until the conclusion of this litigation (as that point in time is defined in paragraph 10 below). These signed "Acknowledgment of Confidentiality Protective Order" forms may only be disclosed pursuant to Court order.

7. Each person given access to material designated as "Subject to Confidentiality Protective Order" or "For Attorneys' Eyes Only" is hereby advised that such material and/or information is being disclosed pursuant and subject to the terms of this Order, may not be disclosed other than pursuant to the terms hereof, and may be used only for purposes related to this action and for no other purposes. Materials designated "Subject to Confidentiality Protective Order" or "For Attorneys' Eyes Only" may be disclosed to and discussed with a person identified in subparagraphs 4(b)-(f) only after such person has executed a copy of Exhibit A, attached hereto.

8. All records, as well as any exhibit, or other information provided or disclosed: in response to any interrogatory and/or written deposition question; at the deposition of any witness; and that testimony, exhibit, or other information, produced by, or on behalf of, the USMS, the United States Marshal for the Southern District of Florida, any Deputy United States Marshal and/or any USMS employee, in response to any request or Subpoena and/or Subpoena *Duces Tecum* in this case, are deemed to be or contain Confidential Information For Attorneys' Eyes Only and shall be subject to the provisions of this Confidentiality Protective Order regardless of whether or not marked "Subject to Confidentiality Protective Order" and/or "For Attorneys' Eyes Only."

9. *No Copies/Notes.* Except for internal use by counsel for the parties hereto, for Court proceedings and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same.

10. *Disputes over Access.* If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain and order of the Court before disclosing the information.

## Use of Confidential Information

11. *Use in Litigation Only.* Confidential Information may be used only for purposes of this litigation. Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

12. *Use at Depositions.* If Confidential Information is to be discussed or disclosed during a deposition, the parties shall have the right to exclude from attendance at the deposition, during the Confidential Information to be discussed, any person not entitled under this Order to receive the Confidential Information.

13. *Use in Court.* Subject to the Federal Rules of Evidence, Confidential Information may be offered into evidence at any hearing or oral argument in this case, provided that the proponent of the evidence containing Confidential Information give

reasonable advance notice to the Court and counsel for the producing or designating party. Any party may move the Court for an Order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.

14. *Filing Under Seal.* Each document filed with the Court that contains any Confidential Information shall be filed pursuant to motion in accordance with Rule 1.09 of the United States District Court Rules for the Middle District of Florida for permission from the Court to file or submit such material under seal. Copies of such documents served on counsel for the other parties shall be marked as Confidential.

15. *Reasonable Precautions.* Counsel for each party shall take all reasonable Precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

16. *Return After Litigation.* Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the USMS and/or the party who furnished the same, all items constituting containing or reflecting the USMS and/or other party=s Confidential Information.

**DONE AND ORDERED** at Tampa, Florida, on this _18_ day of _SEPTEMBER_, 2015.

_____
RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO:**

Counsel of Record

United States Marshal Service
c/o AUSA James A. Weinkle
James L. King Federal Justice Building
99 NE 4th Street, Suite 300
Miami, Florida 33132
James.Weinkle@usdoj.gov

<u>EXHIBIT A</u>

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO: 8:09-cv-02308-RAL-MAP

KEITH STANSELL, *et. al.*,

    Plaintiffs,

v.

REVOLUTIONARY ARMED FORCES
OF COLOMBIA (FARC), *et al.*,

    Defendants.
_____/

<u>AGREEMENT CONCERNING INFORMATION COVERED BY
CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER</u>

    I have been designated by _____ as a person who may have access to Confidential Information as that term is defined in the Confidentiality Protective Order (the "Order") entered in the above-entitled case. I having read the Order, I agree to comply fully with it and to be bound by its terms with respect to all documents and information designated as "Confidential" under the Order. I agree not to copy any documents or information that have been designated as "Confidential" and disclosed to me and not to disclose such documents or information to any person or entity not authorized under the Order to view Confidential Information.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___ day of _____, 2015.

                                             _____
                                             Signature

                                             _____
                                             Printed Name of Signatory

                                             _____
                                             Address

                                             _____
                                             Employer

                                             _____
                                             Job Title