GMP:WMN
F. #2014R01681/OCDETF #NYNYE770

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 21 2015 ★
BROOKLYN OFFICE

FILED
CLERK
2015 JAN 21 PM 3:36
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

NESTOR LUIS REVEROL TORRES and
EDYLBERTO JOSE MOLINA MOLINA,
   also known as "Edilberto Molina,"

Defendants.

- - - - - - - - - - - - - - - - - X

I N D I C T M E N T

**CR 15 - 00020**

(T. 21, U.S.C., §§ 853(a), 853(p), 959(c),
960(b)(1)(B)(ii) and 963; T. 18, U.S.C.,
§§ 3238 and 3551 et seq.)

POLLAK, MJ

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I. Background

    1.    The National Anti-Drug Office or "La Oficina Nacional Antidrogas" ("ONA") was a government agency charged with combating narcotics trafficking in the Bolivarian Republic of Venezuela ("Venezuela") and had as its mission the design, implementation and evaluation of national policies and programs directed toward the reduction of use, trafficking and production of narcotic substances. ONA was part of Venezuela's Ministry of the Interior, Justice and Peace and was roughly equivalent to the Drug Enforcement Administration ("DEA") in the United States.

Case 8:09-cv-02308-CEH-AAS Document 1115-6 Filed 06/10/18 Page 2 of 5 PageID
Case 1:15-cr-00020-ARR Document 2 Filed 01/21/15 Page 2 of 5 PageID #:
13605

2. The defendant NESTOR LUIS REVEROL TORRES was the General Director of ONA and in that position was the leader of ONA.

3. The defendant EDYLBERTO JOSE MOLINA MOLINA, also known as "Edilberto Molina," was the Sub-Director of ONA and in that position was the second in command at ONA.

II. The Corrupt Scheme in Aid of Narcotics Trafficking

4. The defendants NESTOR LUIS REVEROL TORRES and EDYLBERTO JOSE MOLINA MOLINA, also known as "Edilberto Molina," together with others (the "Co-conspirators"), conspired to receive payments and did receive payments from narcotics traffickers in exchange for assisting the narcotics traffickers in conducting their illicit drug trafficking business. Specifically, in exchange for payments from narcotics traffickers, the Co-conspirators, among other things, (a) alerted narcotics traffickers to future drug raids or locations of law enforcement counter-narcotics activities so that the narcotics traffickers could change the storage locations of narcotics or alter transportation routes or times and thus avoid detection by law enforcement; (b) stopped or hindered ongoing narcotics investigations or counter-narcotics actions so that vehicles loaded with narcotics could depart from Venezuela; (c) arranged for the release of individuals detained for narcotics violations or for suspicion of narcotics trafficking activities; (d) arranged for the release of seized narcotics or narcotics-related currency; and (e) prevented the arrest or deportation of individuals sought for prosecution in foreign countries, including the United States.

5. Due to the assistance of the Co-conspirators, narcotics traffickers were able to operate in Venezuela and export drugs to the United States. Narcotics traffickers

2

Case 8:09-cv-02308-CEH-AAS Document 115-6 Filed 06/10/18 Page 3 of 5 PageID
Case 1:15-cr-00020-ARR Document 2 Filed 01/21/15 Page 3 of 5 PageID #: 8
13606

often obtained cocaine from Colombia, transported the cocaine to Venezuela and from Venezuela further transported the cocaine to Mexico and Central America. The shipments exported from Venezuela typically consisted of hundreds of kilograms of cocaine, sometimes exceeding a thousand kilograms in one shipment, and at least some portion of those narcotics was imported illegally into the United States.

## INTERNATIONAL COCAINE DISTRIBUTION CONSPIRACY

6. In or about and between January 2008 and December 2010, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants NESTOR LUIS REVEROL TORRES and EDYLBERTO JOSE MOLINA MOLINA, also known as "Edilberto Molina," together with others, did knowingly and intentionally conspire to distribute a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, contrary to Title 21, United States Code, Sections 959(a) and 960(a)(3). The amount of cocaine involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was five kilograms or more of a substance containing cocaine.

(Title 21, United States Code, Sections 963, 959(c) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3238 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

7. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in this Indictment, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds

3

obtained, directly or indirectly, as a result of such offense, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense.

    8.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

    (Title 21, United States Code, Sections 853(a) and 853(p))

                    A TRUE BILL

                    */s/ Foreperson*
                    FOREPERSON

*/s/ Loretta E. Lynch*
LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

GMP:WN  Case 8:09-cv-02308-CEH-AAS   Document 1115-6   Filed 06/10/18   Page 5 of 5 PageID
F.#2014R01681 / OCDETF #NYNYE770    Case 1:15-cr-00020-ARR   Document 2   Filed 01/21/15   Page 5 of 5 PageID #: 10
FORM DBD-34                         13608
JUN. 85

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT of NEW YORK
Criminal Division

THE UNITED STATES OF AMERICA

NESTOR LUIS REVEROL TORRES and
EDYLBERTO JOSE MOLINE MOLINA,
Also known as "Edilberto Molina,"
**Defendant.**

## INDICTMENT

(T. 21, U.S.C., §§ 853 (a), 853(p), 959(c), 960(b)(1)(B)(ii) and 963; T. 18, U.S.C., §§ 3238 and 3551 et seq.)

*A true bill.*

_____
*Foreman*

*Filed in open court this* _____ *day,*
*of* _____ *A.D. 20* _____

_____
                                                                    *Clerk*

*Bail, $* _____

**Walter M. Norkin (718) 254-6152**