12747

**Federal Register**

Vol. 80, No. 47

Wednesday, March 11, 2015

# Presidential Documents

Title 3—

**The President**

Executive Order 13692 of March 8, 2015

## Blocking Property and Suspending Entry of Certain Persons Contributing to the Situation in Venezuela

By the authority vested in me as President by the Constitution and the laws of the United States of America, including the International Emergency Economic Powers Act (50 U.S.C. 1701 *et seq.*) (IEEPA), the National Emergencies Act (50 U.S.C. 1601 *et seq.*) (NEA), the Venezuela Defense of Human Rights and Civil Society Act of 2014 (Public Law 113–278) (the ''Venezuela Defense of Human Rights Act'') (the ''Act''), section 212(f) of the Immigration and Nationality Act of 1952 (8 U.S.C. 1182(f)) (INA), and section 301 of title 3, United States Code,

I, BARACK OBAMA, President of the United States of America, find that the situation in Venezuela, including the Government of Venezuela's erosion of human rights guarantees, persecution of political opponents, curtailment of press freedoms, use of violence and human rights violations and abuses in response to antigovernment protests, and arbitrary arrest and detention of antigovernment protestors, as well as the exacerbating presence of significant public corruption, constitutes an unusual and extraordinary threat to the national security and foreign policy of the United States, and I hereby declare a national emergency to deal with that threat. I hereby order:

**Section 1.** (a) All property and interests in property that are in the United States, that hereafter come within the United States, or that are or hereafter come within the possession or control of any United States person of the following persons are blocked and may not be transferred, paid, exported, withdrawn, or otherwise dealt in:

(i) the persons listed in the Annex to this order; and

(ii) any person determined by the Secretary of the Treasury, in consultation with the Secretary of State:

(A) to be responsible for or complicit in, or responsible for ordering, controlling, or otherwise directing, or to have participated in, directly or indirectly, any of the following in or in relation to Venezuela:

(1) actions or policies that undermine democratic processes or institutions;

(2) significant acts of violence or conduct that constitutes a serious abuse or violation of human rights, including against persons involved in antigovernment protests in Venezuela in or since February 2014;

(3) actions that prohibit, limit, or penalize the exercise of freedom of expression or peaceful assembly; or

(4) public corruption by senior officials within the Government of Venezuela;

(B) to be a current or former leader of an entity that has, or whose members have, engaged in any activity described in subsection (a)(ii)(A) of this section or of an entity whose property and interests in property are blocked pursuant to this order;

(C) to be a current or former official of the Government of Venezuela;

(D) to have materially assisted, sponsored, or provided financial, material, or technological support for, or goods or services to or in support of:

(1) a person whose property and interests in property are blocked pursuant to this order; or

(2) an activity described in subsection (a)(ii)(A) of this section; or

(E) to be owned or controlled by, or to have acted or purported to act for or on behalf of, directly or indirectly, any person whose property and interests in property are blocked pursuant to this order.

(b) The prohibitions in subsection (a) of this section apply except to the extent provided by statutes, or in regulations, orders, directives, or licenses that may be issued pursuant to this order, and notwithstanding any contract entered into or any license or permit granted prior to the effective date of this order.

**Sec. 2.** I hereby find that the unrestricted immigrant and nonimmigrant entry into the United States of aliens determined to meet one or more of the criteria in subsection 1(a) of this order would be detrimental to the interests of the United States, and I hereby suspend entry into the United States, as immigrants or nonimmigrants, of such persons, except where the Secretary of State determines that the person's entry is in the national interest of the United States. This section shall not apply to an alien if admitting the alien into the United States is necessary to permit the United States to comply with the Agreement Regarding the Headquarters of the United Nations, signed at Lake Success June 26, 1947, and entered into force November 21, 1947, or other applicable international obligations.

**Sec. 3.** I hereby determine that the making of donations of the type of articles specified in section 203(b)(2) of IEEPA (50 U.S.C. 1702(b)(2)) by, to, or for the benefit of any person whose property and interests in property are blocked pursuant to section 1 of this order would seriously impair my ability to deal with the national emergency declared in this order, and I hereby prohibit such donations as provided by section 1 of this order.

**Sec. 4.** The prohibitions in section 1 of this order include but are not limited to:

(a) the making of any contribution or provision of funds, goods, or services by, to, or for the benefit of any person whose property and interests in property are blocked pursuant to this order; and

(b) the receipt of any contribution or provision of funds, goods, or services from any such person.

**Sec. 5.** (a) Any transaction that evades or avoids, has the purpose of evading or avoiding, causes a violation of, or attempts to violate any of the prohibitions set forth in this order is prohibited.

(b) Any conspiracy formed to violate any of the prohibitions set forth in this order is prohibited.

**Sec. 6.** For the purposes of this order:

(a) the term "person" means an individual or entity;

(b) the term "entity" means a partnership, association, trust, joint venture, corporation, group, subgroup, or other organization;

(c) the term "United States person" means any United States citizen, permanent resident alien, entity organized under the laws of the United States or any jurisdiction within the United States (including foreign branches), or any person in the United States;

(d) the term "Government of Venezuela" means the Government of Venezuela, any political subdivision, agency, or instrumentality thereof, including the Central Bank of Venezuela, and any person owned or controlled by, or acting for or on behalf of, the Government of Venezuela.

**Sec. 7.** For those persons whose property and interests in property are blocked pursuant to this order who might have a constitutional presence in the United States, I find that because of the ability to transfer funds or other assets instantaneously, prior notice to such persons of measures to be taken pursuant to this order would render those measures ineffectual. I therefore determine that for these measures to be effective in addressing

the national emergency declared in this order, there need be no prior notice of a listing or determination made pursuant to section 1 of this order.

**Sec. 8.** The Secretary of the Treasury, in consultation with the Secretary of State, is hereby authorized to take such actions, including the promulgation of rules and regulations, and to employ all powers granted to the President by IEEPA and section 5 of the Venezuela Defense of Human Rights Act, other than the authorities contained in sections 5(b)(1)(B) and 5(c) of that Act, as may be necessary to carry out the purposes of this order, with the exception of section 2 of this order, and the relevant provisions of section 5 of that Act. The Secretary of the Treasury may redelegate any of these functions to other officers and agencies of the United States Government consistent with applicable law. All agencies of the United States Government are hereby directed to take all appropriate measures within their authority to carry out the provisions of this order.

**Sec. 9.** The Secretary of State is hereby authorized to take such actions, including the promulgation of rules and regulations, and to employ all powers granted to the President by IEEPA, the INA, and section 5 of the Venezuela Defense of Human Rights Act, including the authorities set forth in sections 5(b)(1)(B), 5(c), and 5(d) of that Act, as may be necessary to carry out section 2 of this order and the relevant provisions of section 5 of that Act. The Secretary of State may redelegate any of these functions to other officers and agencies of the United States Government consistent with applicable law.

**Sec. 10.** The Secretary of the Treasury, in consultation with the Secretary of State, is hereby authorized to determine that circumstances no longer warrant the blocking of the property and interests in property of a person listed in the Annex to this order, and to take necessary action to give effect to that determination.

**Sec. 11.** The Secretary of the Treasury, in consultation with the Secretary of State, is hereby authorized to submit the recurring and final reports to the Congress on the national emergency declared in this order, consistent with section 401(c) of the NEA (50 U.S.C. 1641(c)) and section 204(c) of IEEPA (50 U.S.C. 1703(c)).

**Sec. 12.** This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

**Sec. 13.** This order is effective at 12:01 a.m. eastern daylight time on March 9, 2015.

THE WHITE HOUSE,
*March 8, 2015.*

Billing Code 3295–F5–P

**ANNEX**

1. Antonio José Benavides Torres [Commander of the Central Integral Strategic Defense Region of the National Armed Forces, former Director of Operations for the National Guard; born June 13, 1961]

2. Gustavo Enrique González López [Director General of the National Intelligence Service and President of the Strategic Center of Security and Protection of the Homeland; born November 2, 1960]

3. Justo José Noguera Pietri [President of the Venezuelan Corporation of Guayana, former General Commander of the National Guard; born March 15, 1961]

4. Katherine Nayarith Haringhton Padron [National Level Prosecutor of the 20th District Office of the Public Ministry; born December 5, 1971]

5. Manuel Eduardo Pérez Urdaneta [Director of the National Police; born May 26, 1962]

6. Manuel Gregorio Bernal Martínez [Chief of the 31st Armored Brigade of Caracas, former Director General of the National Intelligence Service; born July 12, 1965]

7. Miguel Alcides Vivas Landino [Inspector General of the National Armed Forces, former Commander of the Andes Integral Strategic Defense Region of the National Armed Forces; born July 8, 1961]

[FR Doc. 2015–05677
Filed 3–10–15; 8:45 am]
Billing Code 4811–33–P