17-2895-cv
Cabello-Rondon v. Dow Jones

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of April, two thousand eighteen.

Present:  RALPH K. WINTER,
          ROSEMARY S. POOLER,
          DEBRA ANN LIVINGSTON,
                *Circuit Judges*.

_____

DIOSDADO CABELLO-RONDON,

               *Plaintiff-Appellant*,

     v.                                                                                      17-2895-cv

DOW JONES & COMPANY, INC.,

               *Defendant-Appellee*.
_____

Appearing for Appellant:    Xingjian Zhao, Diaz Reus & Targ LLP, Miami, FL (Gary S. Redish, Michael J. Cohen, Winne, Banta, Basralian & Kahn, P.C., Hackensack, N.J., *on the brief*)

Appearing for Appellee:     Katherine Bolger, Davis Wright Tremaine LLP, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Diosdado Cabello-Rondon appeals the August 17, 2017 judgment entered by the United States District Court for the Southern District of New York (Forrest, *J.*), dismissing with prejudice his second amended complaint (the "complaint") alleging libel against Defendant-Appellee Dow Jones, based on an article published on May 18, 2015 in the Wall Street Journal. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The district court ruled that Cabello-Rondon failed to adequately plead falsity as to some of the statements in the article, and failed to adequately plead actual malice. "We review de novo a district court's order granting a motion to dismiss." *Tannerite Sports, LLC v. NBCUniversal News Grp., a division of NBCUniversal Media, LLC*, 864 F.3d 236, 242 (2d Cir. 2017).

Regardless of whether Cabello-Rondon adequately pled falsity, we agree with the district court that he has failed to plausibly allege actual malice as required for a public figure plaintiff. This defect is fatal to his entire complaint. "Despite its name, the actual malice standard does not measure malice in the sense of ill will or animosity, but instead the speaker's subjective doubts about the truth of the publication. If it cannot be shown that the defendant knew that the statements were false, a plaintiff must demonstrate that the defendant made the statements with reckless disregard … [meaning] that the defendant in fact entertained serious doubts as to the truth of his publication." *Church of Scientology Int'l v. Behar*, 238 F.3d 168, 174 (2d Cir. 2001) (internal citation omitted). To survive a motion to dismiss, "malice must be alleged plausibly in accordance with Rule 8." *Biro v. Conde Nast*, 807 F.3d 541, 545 (2d Cir. 2015). Accordingly, "a public-figure plaintiff must plead plausible grounds to infer actual malice by alleging enough facts to raise a reasonable expectation that discovery will reveal evidence of actual malice." *Id.* at 546 (internal punctuation omitted).

Here, Cabello-Rondon's allegations of actual malice are to the effect that Dow Jones (i) fabricated information and falsely attributed that information to fictitious, anonymous government sources, (ii) did not name its sources in the article, and (iii) to the extent that Dow Jones did not fabricate the information, it failed to properly investigate its sources. Cabello-Rondon buttresses these allegations by asserting that "no legitimate DOJ source has, or could conceivably have leaked such sensitive information core to an ongoing international criminal investigation," App'x at 13, because, while "genuine instances of historic landmark journalism" have benefitted from information leaked by government sources, Cabello-Rondon's case presents "nothing inherently controversial," and thus leakage on any investigation regarding Cabello-Rondon "can serve no noble cause," App'x at 13-14. Per the complaint, the unlikelihood of leaking on an investigation into Cabello-Rondon "should have prompted Defendant Dow Jones … to question the reliability of its sources (to the extent such sources actually exist)." App'x at 14.

*Biro* makes clear that these allegations do not suffice to plead actual malice. First, reliance on anonymous sources alone does not support an inference that the publisher acted with actual malice. The *Biro* court reasoned that "reliance on anonymous or unreliable sources

without further investigation *may* support an inference of actual malice," where the plaintiff includes additional allegations to buttress such an inference. 807 F.3d at 546 (emphasis added). Here, Cabello-Rondon has not provided such allegations. His general theory—that any investigation into his activities simply could not have been leaked by government authorities—is patently unbelievable. Indeed, even on his own theory of landmark journalism, leaking on an investigation into Cabello-Rondon would be possible, or even probable. He alleges that only controversial topics spawn leaks. Any investigation into Cabello-Rondon—the "Number Two" politician in Venezuela, a country with vast oil wealth and an exceedingly complex relationship with the United States—would absolutely be a controversial matter. App'x at 8-9. Accordingly, the allegations that leaking on this topic simply could not have happened is illogical even by the standard that Cabello-Rondon himself proposes in his complaint.

Cabello-Rondon did not in his opening brief challenge the district court's decision to deny leave to amend and dismiss with prejudice, and we frequently have found that arguments raised only in a reply brief are waived or abandoned. *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief."). Even assuming that Cabello-Rondon has adequately raised an argument on this point, we see no basis to upset the district court's ruling. Cabello-Rondon has twice amended his complaint—once in response to a motion to dismiss that raised substantively the same issues that prompted the district court's dismissal—and has nonetheless failed to adequately plead his case.

We have considered the remainder of Cabello-Rondon's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk