UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH STANSELL, *et al.*,

    Plaintiffs,

v.                                CASE NO. 8:09-cv-2308-T-26

REVOLUTIONARY ARMED FORCES
OF COLOMBIA (FARC), *et al.,*

    Defendants.
_____/

# O R D E R

**UPON DUE AND CAREFUL CONSIDERATION** of the Claimants' Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b) (Dkt. 1139), Plaintiffs' Response (Dkt. 1141), and the entire record, it is **ORDERED AND ADJUDGED** that the motion is denied.

Claimants SAI Advisors Inc., Noor Plantation Investments LLC, and 11420 Corp. challenge this Court's order of June 28, 2018, which directs TRIA executions on real property located in Plantation, Florida, and the writs of execution and notice of sales which followed. See dockets 1119, 1120, 1121, 1122, 1125, and 1129-1. The motion does not take issue with any deficiency in Plaintiffs' notice. The writs of execution were posted on the Claimants' properties on July 17, 2018. One of Claimants' lawyers received actual notice on August 2, 2018, of the levy and the sale set for September 7,

2018. Claimants, however, demand their due process opportunity to be heard in the form of an evidentiary hearing at which they intend "to refute the agency or instrumentality designation by the OFAC." They characterize their request as "modest relief" even though next week's sale would be stayed.

Relief under Rule 60(b)(4) or (6) of the Federal Rules of Civil Procedure is far from "modest." Claimants have failed to attack any order in this case as void under 60(b)(4), and have likewise failed to articulate or provide any inkling of a reason that justifies the extraordinary relief under the catchall provision of 60(b)(6). Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006) ("Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief.") (internal quotation marks omitted). As this Court ruled in a prior order in this case, which order was affirmed on appeal, a "bald assertion" of counsel without any supporting facts such as affidavits from property owners refuting the agency or instrumentality designation or legal argument that Claimants are improperly designated by the OFAC, is insufficient and unavailing to grant relief. See docket 726, page 9; Stansell v. FARC, 771 F.3d 713, 738, 740-41 (11th Cir. 2014) (affirming district court's order on the Partnerships and Plainview). Indeed, the Claimants do not state affirmatively that they were improperly designated. They merely recite the quote from Stansell that they must be provided the opportunity to present evidence to refute "the agency or instrumentality designation" by OFAC.

Claimants are afforded an opportunity to be heard now, and they have presented no basis to refute, either in fact or law, the agency or instrumentality designation. This Court, after due consideration of the Claimant's argument and submissions, or lack thereof, concludes that the agency or instrumentality designation stands as true based on the total absence of any valid or arguable flaw.

**DONE AND ORDERED** at Tampa, Florida, on August 31, 2018.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record