UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH STANSELL, *et al.*,

    Plaintiffs,

v.                                          CASE NO. 8:09-cv-2308-T-26

REVOLUTIONARY ARMED FORCES
OF COLOMBIA (FARC), *et al.*,

    Defendants.
                                  /

**O R D E R**

**UPON DUE AND CAREFUL CONSIDERATION** of the Claimants' Motion to Stay Sales Pursuant to Writs of Execution Pending Appeal of Order Denying Claimants' Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b) (Dkt. 1147), Plaintiffs' Response in Opposition (Dkt. 1149), and the entire record, it is **ORDERED AND ADJUDGED** that the motion is denied.

Claimants appealed this Court's order denying relief from the TRIA executions on real property. See dockets 1144 and 1145. They now seek to stay the sale of the property this Friday pending appeal. The motion raises the exact same issues as before – that Claimants had no notice before the issuance of a writ of execution, Plaintiffs in their motion seeking TRIA executions made a statement that Claimants "will be afforded

notice and an opportunity to be heard" before execution, and that Claimants were not afforded a hearing before the sale.

The first two issues were answered in Stansell v. FARC, 771 F.3d 713, 739, 741-42 (11th Cir. 2014), as noted both by Plaintiffs in their motion for the TRIA executions and this Court in its order denying relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. See dockets 1117, page 28 and docket 1144. Reciting this premise, without more, does not satisfy all four requirements of a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 426 (2009) (quotation omitted). "The first two factors are the most critical." Hand v. Scott, 888 F.3d 1206, 1207 (11th Cir. 2018) (quoting Nken, 556 U.S. at 434) (internal quotation marks omitted).

Claimants cannot satisfy the first factor – substantial likelihood of success on the merits. They have not even shown a chance of success that the OFAC designation is incorrect, that they are not an agency or instrumentality of FARC, or that the real property is not blocked. Stansell, 771 F.3d at 726 (listing elements of a TRIA execution). The affidavit filed by Claimants found at docket 1142-1 admits that it may take months to determine if they even have a case to contest the OFAC designation. Having determined that Claimants have failed to show a likelihood of success on the merits, this Court need

not address the remaining three factors.  Chandler v. James, 998 F. Supp. 1255, 1260 (M.D. Fla. 1997).  In any event, even balancing all four factors, the Court finds that the injury suffered by Claimants from the sale of the property does not tip the scale in their favor, having failed to articulate any reason that the agency or instrumentality designation should be challenged.

   **DONE AND ORDERED** at Tampa, Florida, on September 5, 2018.


        s/*Richard A. Lazzara*
        **RICHARD A. LAZZARA**
        **UNITED STATES DISTRICT JUDGE**


<u>**COPIES FURNISHED TO**</u>:
Counsel of Record