**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KEITH STANSELL, et al.,**

    **Plaintiffs,**

v.                                           Case No. 8:09-cv-2308-T-36AAS

**REVOLUTIONARY ARMED FORCES**
**OF COLOMBIA, et al.,**

    **Defendants.**
_____/

## ORDER

The plaintiffs move for an issuance of a writ of garnishment against Aero Continente's blocked assets held at Ocean Bank. (Doc. 1161). The plaintiffs also move to lift the stay previously granted with respect to writs issued against Aero Continente's assets held at Ocean Bank. (*Id.*). After thorough review of the record (including two Eleventh Circuit decisions) and relevant case law, the undersigned makes the following findings of fact and conclusions of law:

1. The plaintiffs sued the Revolutionary Armed Forces of Colombia (FARC) and many individuals for damages arising from an international act of terrorism that occurred in 2003. (Doc. 1).

2. The Clerk entered default judgment in the plaintiffs' favor for $318,030,000 in compensatory damages. (Doc. 233).

3. The court granted writs of garnishment against Aero Continente's assets at Ocean Bank. (Doc. 322).

4. The Eleventh Circuit held that assets frozen under the Foreign

1

Narcotics Kingpin Designation Act (Kingpin Act), 21 Section 1904(b), are not "blocked assets" under Section 201 of the Terrorism Risk Insurance Act (Terrorism Act). *Stansell v. Revolutionary Armed Forces of Colom.*, 704 F.3d 910 (11th Cir. 2013) (*Stansell I*).

5. Following *Stansell I*, the court stayed execution on the writs of garnishment issued against assets frozen under the Kingpin Act, including Aero Continente's assets at Ocean Bank. (Docs. 562, 592).

6. On October 3, 2018, Congress enacted a law providing that "blocked assets" under Section 201 of the Terrorism Act included assets frozen under the Kingpin Act. Anti-Terrorism Clarification Act of 2018, Pub. L. No. 115-253, https://www.congress.gov/bill/115th-congress/senate-bill/2946/text. The newly enacted law states the following:

**Sec. 3. SATISFACTION OF JUDGMENTS AGAINST TERRORISTS.**

(a) IN GENERAL.—Section 2333 of title 18, United States Code is amended by inserting at the end following:

"(e) USE OF BLOCKED ASSETS TO SATISFY JUDGMENTS OF U.S. NATIONALS.—For purposes of section 201 of the Terrorism Risk Insurance Act of 2002 (28 U.S.C. 1610 note), in any action in which a national of the United States has obtained a judgment against a terrorist party pursuant to this section, the term 'blocked asset' shall include any asset of that terrorist party (including the blocked assets of any agency or instrumentality of that party) seized or frozen by the United States under section 805(b) of the Foreign Narcotics Kingpin Designation Act (21 U.S.C. 1904(b))."

(b) APPLICABILITY.—The amendments made by this section shall apply to any judgment entered before, on, or after the date of enactment of this Act.

7. Congress may amend laws and make those amendments applicable to pending cases even when the amendment is outcome determinative. *Bank Markazi v. Peterson*, 136 S. Ct. 1310, 1317 (2016).

8. Section 201(a) of the Terrorism Act allows execution on a terrorist party's blocked assets, including blocked assets of an agency or instrumentality of that terrorist party, if the following requirements are met:

   a. a person has obtained a judgment against a terrorist party;

   b. the judgment is either

      i. for a claim based on an act of terrorism, or

      ii. for a claim for which the terrorist party is not immune under Section 1605(a)(7);

   c. the assets are "blocked assets" within the meaning of the Terrorism Act; and

   d. execution is sought only to the extent of any compensatory damages.

   *See Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 729 (11th Cir. 2014) (*Stansell II*) (citing *Weininger v. Castro*, 462 F. Supp. 2d 457, 479 (S.D.N.Y. 2006)).

9. A trial court's factual determinations affirmed on appeal constitute "the law of the case" and are binding in subsequent proceedings in the trial court. *Rath v. Marcoski*, 898 F.3d 1306, 1312 (11th Cir. 2018) (citation omitted); *see also Christianson v. Colt Indus. Operation Corp.*, 486 U.S.

800, 815–16 (1988) (quotation and citation omitted) (stating that when a court decides a rule of law, that decision continues to govern the same issues in later stages of the same case).

10. The court's factual findings in the order granting the plaintiffs' motion for writ of garnishment (Doc. 322) affirmed by the Eleventh Circuit in *Stansell I* constitute the law of this case. These factual findings include the following:

   a. The FARC is a designated and named Foreign Terrorist Organization, Specially Designated Global Terrorist, and Significant Foreign Narcotics Trafficker.

   b. The Norte del Valle cartel, Barrera Barrera organization, Zevallos organization, and Sinaloa/Cifuentes Villa organization, including individual members, divisions and networks, predecessors, subordinates, derivatives, and successor organizations, are agencies or instrumentalities of the FARC.

   c. The Office of Foreign Assets Control designated Aero Continente, account holder at Ocean Bank, as a member, affiliate, or entity within the Norte del Valle cartel, Barrera Barrera organization, Zevallos organization, and Sinaloa/Cifuentes Villa organization, and therefore an agency or instrumentality of the FARC.

   d. Aero Continente is a Specially Designated Narcotics Trafficker under the Kingpin Act.

11. Under the newly-amended Terrorism Act, Aero Continente's blocked assets under the Kingpin Act now qualify as blocked assets under the Terrorism Act.

12. Owners of accounts blocked under Section 201 of the Terrorism Act are not constitutionally entitled to a hearing before the court issues a writ of garnishment. *Stansell II*, 771 F.3d at 729.

13. The account holders of the blocked assets at Ocean Bank, including Aero Continente, are not entitled to hearing before the court issues a writ of garnishment.

These factual findings and conclusions of law establish that (a) the plaintiffs obtained a judgment for compensatory damages against the FARC, a terrorist party, for an act of terrorism; (b) the assets the plaintiffs seek to execute are blocked assets under the newly-amended Terrorism Act; (c) the total amount of the plaintiffs' execution does not exceed the plaintiffs' default judgment;[1] and (d) Aero Continente is an agency or instrumentality of the FARC. The following is therefore **ORDERED**:

1. The plaintiffs' motion for a writ of garnishment under the Terrorism Act against Ocean Bank and to lift stay (Doc. 1161) is **GRANTED**. The court lifts the stay on execution previously entered against assets blocked under the Kingpin Act. (Docs. 562, 592).

2. The Clerk is **DIRECTED** to issue a writ of garnishment in the form

---

[1] The plaintiffs have $301,276,178.28 outstanding in their judgment against the defendants. (Doc. 1164, p. 9).

attached to the plaintiffs' motion as Exhibit 8 (Doc. 1161-8), so the plaintiffs may promptly attach the blocked assets to perfect their judgment lien.

**ENTERED** in Tampa, Florida, on November 13, 2018.

AMANDA ARNOLD SANSONE
United States Magistrate Judge