UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

KEITH STANSELL,
MARC GONSALVES,                                    CIVIL ACTION CASE NO.:
THOMAS HOWES,                                      8:09-CV-2308-CEH-AAS
JUDITH G. JANIS, CHRISTOPHER T. JANIS,
ESTATE OF GREER C. JANIS, MICHAEL I. JANIS,
and JONATHAN N. JANIS

     Plaintiffs,
vs.

REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC); et al.,

     Defendants.
_____/

**PLAINTIFFS' MOTION FOR ENTRY OF TRIA TURNOVER JUDGMENT ON GARNISHEE OCEAN BANK'S ANSWER AND MEMORANDUM OF LAW**

Plaintiffs' file this motion seeking entry of a TRIA Turnover Judgment on the Garnishee Ocean Bank's Answer, DE 1182, ordering Ocean Bank to turn over the blocked proceeds of FARC agency or instrumentality and Specially Designated Narcotics Trafficker-Kingpin, Aero Continente, S.A. identified in Ocean Bank's Answer, DE 1182 ¶ 8 ($928,756.29), pursuant to: (i) the Anti-Terrorism Clarification Act of 2018, P.L. 115-253 amending the Anti-Terrorism ("ATA") 18 U.S.C. § 2333 - allowing ATA victim judgment holders to execute on assets blocked under the Kingpin Act to satisfy their ATA judgments; (ii) Florida garnishment [Ch. 77] statutes; (iii) Fed. R. Civ. P. 69(a); (iv) Section 201(a) of the Terrorism Risk Insurance Act of 2002; (v) <u>Stansell v. FARC</u> et al., 771 F.3d 713 (11th Cir. 2014); (vi) this Court's Order DE 1166.  The grounds for this motion are:

1.      Plaintiffs are judgment creditors of the designated Foreign Terrorist Organization Revolutionary Armed Forces of Colombia ("FARC") et al. DE 233.

2.      Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA") provides the federal statutory procedure for the enforcement of judgments by victims of terrorism and for executing on any blocked assets of the FARC, or any agency or instrumentality of the FARC. H.R. 3210, Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, codified at 28 U.S.C. §1610 note.

3.      Plaintiffs have satisfied the requirements of TRIA obtained an ATA judgment against the FARC, a "terrorist party" as defined by the TRIA Section 201(d)(4), on a claim based on an "act of terrorism" as defined by TRIA Section 201(d)(1)(B), and now seek to enforce that ATA judgment against blocked assets of "any agency or instrumentality of that terrorist party" which includes blocked assets of individuals, organizations, entities or cartels that have been designated by Department of Treasury's Office of Foreign Assets Control ("OFAC") as Specially Designated Narcotics Traffickers under the Kingpin Act ("SDNTKs") and that have a nexus with the FARC. 18 U.S.C. § 2333(e)-Anti-Terrorism Clarification Act of 2018, P.L. 115-253.

4.      The TRIA allows terrorism victim judgment holders to execute on blocked assets of designated persons, entities or organizations not named in the ATA Judgment. <u>Weinstein v. Islamic Republic of Iran</u>, 609 F.3d 43, 50 (2d Cir. 2010)("Section 201(a) of the TRIA provides courts with subject matter jurisdiction over post-judgment execution and attachment proceedings against property held in the hands of an instrumentality of the judgment-debtor, even if the instrumentality is not itself named in the judgment.")

5.  Pursuant to Fla. Stat. § 77.03, Plaintiffs filed a motion under Section 201 of the TRIA October 5, 2018 for issuance of a writ of garnishment against the blocked assets held at Ocean Bank. DE 1161. In that motion, Plaintiffs sought to lift the stay previously imposed on the execution against assets blocked under the Foreign Narcotics Kingpin Designation Act due to the newly amended Anti-Terrorism Act. Plaintiffs further sought, pursuant to previous Court Order DE 322, that the blocked Kingpin, Aero Continente, S.A. be found an agency or instrumentality of the terrorist party FARC.

6.  On November 13, 2018, this Court entered Order DE 1166: (i) finding that Aero Continente, S.A. was an agency or instrumentality of the FARC; (ii) lifting the stay on execution against Kingpin Act blocked assets; and (iii) issuing TRIA writ of garnishment (DE 1167) against the blocked assets of Aero Continente, S.A. held by Garnishee Ocean Bank. DE 1166. The Court also found that owners of blocked assets are not constitutionally entitled to a hearing before the court issues a writ of garnishment. DE 1166 p. 5.

7.  On November 20, 2018 the U.S. Marshal properly served Writ DE 1167 on Ocean Bank. DE 1171.

8.  Pursuant to Fla. Stat. § 77.041, on November 21, 2018, Plaintiffs timely and properly sent by first class domestic and international mail Motion DE 1161 with exhibits, and Writ DE 1167 to Aero Continente, S.A. to the two (2) addresses identified by Department of the Treasury's Office of Foreign Assets Control ("OFAC") and the Florida Division of Corporations for Aero Continente, S.A. See Notice of Compliance DE 1172.

9.  On December 7, 2018, Garnishee Ocean Bank timely filed its answer to Writ DE 1167 identifying the blocked assets of FARC agency or instrumentality and Kingpin, Aero

Continente, S.A. that it held. DE 1182. A judgment lien was created at the moment Writ DE 1167 was served (the "attachment") on the Garnishee, ***before any service on the debtor***, claimant or property owner is required. See § 77.06(1), Fla. Stat.; § 77.041(2).

10. Pursuant to Fla. Stat. § 77.055, on December 10, 2018, Plaintiffs timely and properly served by first class domestic and international mail to Aero Continente, Garnishee Ocean Bank's Answer DE 1182, a notice of its right to file a motion to dissolve Writ DE 1167 within 20 days of certificate of service date to: (i) two (2) addresses identified by OFAC and the Florida Division of Corporations; and (ii) two (2) additional addresses identified in Garnishee Ocean Bank's Answer DE 1182. See Notice of Compliance DE 1183.

11. More than twenty (20) days has elapsed since the date of service indicated in Plaintiffs' Fla. Stat. § 77.055 Notice (Dec. 10, 2018) and the blocked entity Aero Continente, S.A. has filed no motion to dissolve or otherwise challenge Writ DE 1167. The proceedings are in a default posture as to Aero Continente, S.A. Fla. Stat. § 77.07(2).

12. Plaintiffs have complied with all Florida garnishment statutes governing post-judgment requirements for issuance, attachment, garnishee obligations, notice and claimants/property owners' exemptions, and rights to seek dissolution of the writ. Fla. Stat. §§ 77.01; 77.03; 77.04; 77.041; 77.55; 77.06 and 77.07.

13. Plaintiffs have complied with all requirements of the Florida garnishment statutes for notice to interested persons/entities and for blocked parties to have an "opportunity to be heard in order to rebut the allegations and preserve their possessory interest in blocked assets." See Stansell v. FARC et al., 771 F.3d 713, 726 (11th Cir. 2014).

14. This Court has determined that Aero Continente, S.A. is an agency or instrumentality of the FARC and as such it blocked assets held at Ocean Bank are subject to execution under TRIA. See Nov. 13, 2018 Order DE 1166 pp. 4-6; Stansell et al. v. FARC et al., 771 F.3d 713, 726 (11th Cir. 2014).

15. The blocked party, Aero Continente, S.A. has received two (2) forms of statutory notice under the Florida's garnishment statutes. See DE 1172 (43 days past); 1183 (24 days past). After having received timely notice and having had an opportunity to be heard, the blocked party Aero Continente, S.A. never appeared to challenge this Court's findings in Order DE 1166 that it was an agency or instrumentality of the FARC and that its blocked assets held by Ocean Bank were subject to execution under TRIA. See 771 F.3d at 726 ("It follows that parties whose assets are under threat of execution pursuant to TRIA § 201 are entitled to notice and an opportunity to be heard in order to rebut the allegations and preserve their possessory interest in blocked assets."). Aero Continente, S.A. received timely and proper notice and an opportunity to be heard. It never appeared.

16. Aero Continente, S.A. never appeared to challenge, vacate or dissolve Writ DE 1167 or that any allegations in Motion DE 1161 were untrue. As such all allegations in Motion DE 1161 are deemed true. Stansell v. FARC et al., 771 F.3d at 714 ("agency or instrumentality allegation was "proved to be true."").

17. Garnishee's Answer DE 1182 identified no other persons or entities indebted to Aero Continente, S.A. or who had an ownership interest in the deposit, account, or property controlled by the Garnishee. No person or entity appeared pursuant to the Fla. Stat § 77.041 notice or Fla. Stat. §77.055 notice. No person or entity appeared to contest the Court's Order

DE 1166 or to challenge or rebut the agency or instrumentality determination and no person or entity appeared to dissolve or otherwise challenge Writ DE 1167. No person or entity has ever appeared in this action to assert any claim to these blocked assets, or to otherwise challenge the allegations in Motion DE 1161 as untrue, or Garnishee's Answer DE 1182.

18. Aero Continente, S.A. remains on the OFAC SDN list as a Specially Designated Narcotics Trafficker Kingpin.

19. The blocked assets described above are not immune from attachment under the TRIA as sovereign, diplomatic or consular property. These blocked assets are not and never were "property subject to the Vienna Convention on Diplomatic Relations" that "is being used exclusively for diplomatic or consular purposes" and are therefore not excluded from the definition of blocked assets under the TRIA.

20. The OFAC does not require a license for plaintiffs to execute on blocked assets under the TRIA. <u>Weininger v. Castro</u>, 462 F. Supp. 2d. 457, 499 (S.D.N.Y. 2006) [D.E. 299-7].

21. Plaintiffs have complied with all litigation reporting requirements to OFAC under 31 C.F.R. 501.605.

22. Aero Continente, S.A. has received multiple forms of timely statutory notice, had an opportunity to be heard and has received due process. The motion for TRIA Turnover Judgment on Ocean Bank's Answer must be granted. See <u>Stansell</u> at 744 ("no pre-deprivation hearing was warranted. Moreover, the appellants here had sufficient opportunities to present their arguments to the district court").

23. Because of the fleeting nature of blocked assets, Plaintiffs seek to execute on these

SDNTK blocked assets without delay.  See Stansell v. FARC et al., 771 F.3d 713, 726 (11th Cir 2014).

**MDFL Local Rule 3.01(g) Certification**

The undersigned certifies that he conferred with counsel for Garnishee Ocean Bank, who represents that Ocean Bank is not in a position to agree or disagree with the relief that plaintiffs seek, Ocean Bank's position is clearly set forth in its answer to the writ of garnishment, and that Ocean Bank will comply with any ruling that the Court makes and coordinate the logistics of compliance.  No person or entity appeared in this proceeding asserting an interest in the blocked assets or to otherwise challenge the writ, order, motion or Garnishee's answer.

**WHEREFORE** Plaintiffs request entry of a TRIA Turnover Judgment on Garnishee's Answer DE 1182 directing Ocean Bank on how to proceed with turnover of the blocked assets:

1. Finding that the TRIA applies to this garnishment and execution.

2. Finding that plaintiffs satisfy the TRIA for execution: (i) they have a judgment against a terrorist party the FARC; (ii) the judgment is based on acts of terrorism; (iii) the SDNTK proceeds being held by Garnishee were assets blocked assets under Foreign Narcotics Kingpin Designation Act when TRIA Writ DE 1167 was served on November 20, 2018, and therefore within the meaning of TRIA; and (iv) plaintiffs' judgment is for compensatory damages.

3. Finding that the blocked party Aero Continente, S.A. is an agency or instrumentality of the FARC, a terrorist party, under TRIA.

4. Finding that the Aero Continente, S.A. is the owner of the blocked assets held by Ocean Bank and the SDNTK blocked assets are subject to execution under TRIA.

5. Finding that Florida garnishment law applies to this TRIA execution and that plaintiffs have followed and fully complied with Florida's garnishment statute for this TRIA execution by:

a. filing a motion for issuance of a writ of garnishment on October 5, 2018 (DE 1161).

b. the Court granting the motion (Order DE 1166) on and issuing a writ of garnishment (DE 1167) on November 13, 2018.

c. The U.S Marshal properly serving the writ of garnishment on Garnishee Ocean Bank on November 20, 2018 (DE 1171).

d. Plaintiffs provided proper and timely notice under Fla. Stat. § 77.041 on November 21, 2018 to Aero Continente, S.A.of the motion with exhibits and writ to the two (2) addresses identified by Department of the Treasury's Office of Foreign Assets Control ("OFAC") and the Florida Division of Corporations for Aero Continente, S.A. (DE 1172).

No person or entity has appeared in response to the November 21, 2018 statutory notice to Aero Continente, S.A. of the writ and motion.

e. Garnishee Ocean Bank timely filed its Answer to the writ of garnishment on December 7, 2018 identifying the blocked SDNTK funds of Aero Continente, S.A. (DE 1182).

f. Plaintiffs provided proper timely notice and service under Fla. Stat. § 77.055 on December 10, 2018 to Aero Continente, S.A. of the Answer, Notice of right to dissolve the writ and certificate of service to: (i) two (2) addresses identified by OFAC and the Florida Division of Corporations; and (ii) two (2) additional addresses identified in Garnishee Ocean Bank's Answer DE 1182. (DE 1183).

More than twenty (20) days has expired since the December 10, 2018 Fla. Stat § 77.055 service of the Answer, Notice of right to dissolve the writ and certificate of service and SDNTK Aero Continente, S.A. has not appeared and has not filed a motion to dissolve the writ DE 1167.

6. Finding that the blocked party SDNTK Aero Continente, S.A., the owner of the blocked funds identified in Answer DE 1182 received complete notice under Florida garnishment statutes and in accordance with <u>Stansell v. FARC et al.</u>, 713 F.3d 714 (11th Cir. 2014).

7. Finding that the blocked party SDNTK account holder Aero Continente, S.A. has had an opportunity to be heard and did not appear at any time to challenge the allegations in the motion at DE 1161 as untrue; did not move to dissolve the writ DE 1167; did not challenge Order DE 1166; and otherwise did not challenge the Answer at DE 1182. Aero Continente, S.A. failed to appear and has waived its rights to challenge

this TRIA execution by terrorism victim judgment holders against its blocked assets held by Garnishee Ocean Bank.

8. Finding that no person or entity has ever appeared in this action to assert any claim of ownership of or beneficial interest in these blocked assets, or to otherwise challenge the Order DE 1166, allegations in Motion DE 1161 as untrue, Writ DE 1167, or Garnishee's Answer DE 1182 and that no other person or entity has rights in the blocked proceeds that are superior to the perfected lien and rights of plaintiffs

9. Finding that OFAC does not require a license for plaintiffs to execute on and take possession of the blocked assets where the Court has ruled that the blocked assets are subject to the TRIA. See DE 250-4.

10. Finding that the blocked proceeds held by Garnishee are not immune from attachment under the TRIA as sovereign, diplomatic or consular property.

11. Finding that the TRIA allows execution on the blocked assets held by Garnishee without delay, and that these SDNTK blocked assets are being turned over by Garnishee Ocean Bank pursuant to TRIA.

12. Ordering Garnishee Ocean Bank to turn over the blocked SDNTK funds identified in Paragraph 8 in Answer DE 1182 in the amount of $928,756.29 pursuant to TRIA, and that no OFAC license is required for Ocean Bank to turn over the blocked SDNTK funds to Plaintiffs. Such turnover to be by cashiers check payable to "Porter & Korvick, P.A. Trust Account", within fourteen (14) days of receipt from Plaintiffs' counsel of a W-9 form with a tax identification number.

13. Garnishee to apply for attorney fees seven (7) days after the funds at issue are remitted to plaintiffs' counsel. Plaintiffs' counsel shall have seven (7) days to respond to the application for fees. Counsel for the Plaintiffs and Garnishee are directed to confer in a good faith effort to resolve the issue of attorney fees without the need for this Court's intervention.

14. Authorizing Porter & Korvick, P.A. to hold in trust the amount of Garnishee's claimed attorneys fees and expenses pending either a stipulation by Plaintiffs and Garnishee to a reasonable Garnishee fee, or a ruling of this court on same, and authorizing Porter & Korvick, P.A. to pay same from the trust proceeds upon either a stipulation with Garnishee or entry of a Court Order awarding such fees and expenses.

15. Authorizing Porter & Korvick, P.A. to immediately disburse the remaining proceeds over and above the total amount claimed by Garnishee for fees and expenses. Ordering Porter & Korvick, P.A. to pay the $100 statutory garnishment fee to Garnishee Ocean Bank.

16. Ordering that upon turning over the cashier's check for the amounts set forth herein to Porter & Korvick, P.A. Trust Account, in satisfaction of this Court's Orders, Writ, and Turnover Judgment under TRIA, plaintiffs, plaintiffs' counsel, Garnishee Ocean Bank and its counsel, are hereby released and absolved from any and all liability under the Writ, including to plaintiffs, SDNTK Aero Continente, S.A. and the Zevallos Organization, and any other third parties and are fully discharged from this Writ of Garnishment for full compliance with the Writs, Orders and Judgments of this Court.

Respectfully submitted January 3, 2019

/s/ Newton P. Porter_____  
NEWTON P. PORTER  
(Florida Bar No. 833738)  
nporter@porterandkorvick.com  
PORTER & KORVICK, P.A.  
9655 South Dixie Highway Suite 208  
Miami, Florida 33156  
Telephone: (305) 373-5040  
Facsimile: (305) 668-9154  
Attorneys for Plaintiffs

/s/ Tony Korvick_____  
TONY KORVICK  
(Florida Bar No. 768405)  
tkorvick@porterandkorvick.com  
PORTER & KORVICK, P.A.  
9655 South Dixie Highway Suite 208  
Miami, Florida 33156  
Telephone: (305) 373-5040  
Facsimile: (305) 668-9154  
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 3, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I further certify that I served the foregoing document and the notice of electronic filing by first class mail and electronic mail to the following persons: [email to OFAC counsel in compliance with 31 CFR 501.605]

OFFICE OF FOREIGN ASSETS CONTROL  
U.S. Department of the Treasury  
1500 Pennsylvania Ave. NW  
Washington DC

/s/ Newt Porter_____  
NEWTON P. PORTER  
(Florida Bar No. 833738)  
Attorneys for Plaintiffs  
PORTER & KORVICK, P.A.  
9655 South Dixie Highway Suite 208  
Miami, Florida 33156  
Telephone: (305) 373-5040  
Fax: (305) 668-9154  
nporter@porterandkorvick.com