UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KEITH STANSELL, et al.,**

    **Plaintiffs,**

v.                                                    **Case No. 8:09-cv-2308-T-36AAS**

**REVOLUTIONARY ARMED FORCES
OF COLOMBIA, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

The plaintiffs move for turnover judgment against Ocean Bank under the Terrorism Risk Insurance Act (Terrorism Act). (Doc. 1185). The plaintiffs complied with necessary requirements to obtain a garnishment judgment under the Terrorism Act and Chapter 77, Florida Statutes. So, the plaintiffs' motion should be **GRANTED**.

**I.    BACKGROUND**

The plaintiffs obtained a judgment for $318,030,000 in compensatory damages against the Revolutionary Armed Forces of Colombia (FARC) and many individuals because of an international act of terrorism that occurred in 2003. (Docs. 1, 233). The plaintiffs then began trying to collect on their judgment.

The plaintiffs moved for writs of garnishment against Aero Continente's assets at Ocean Bank. (Doc. 314). In their motion, the plaintiffs argued Aero Continente is a Specially Designated Narcotics Trafficker under the Foreign Narcotics Kingpin Designation Act (Kingpin Act), 21 Section 1904(b). (*Id.*). The plaintiffs also argued

1

Aero Continente is an instrumentality of the FARC under Section 201(a) of the Terrorism Act, 28 U.S.C. 1610. (Doc. 314). After finding Aero Continente is a Specially Designated Narcotics Trafficker and an instrumentality of the FARC, the court granted the plaintiffs' writs of garnishment against Aero Continente's assets at Ocean Bank. (Doc. 322).

In 2013, the Eleventh Circuit held that assets frozen under the Kingpin Act were not "blocked assets" under the Terrorism Act. *Stansell v. Revolutionary Armed Forces of Colom.*, 704 F.3d 910 (11th Cir. 2013) (*Stansell I*). As a result, the court stayed execution on the writs of garnishment issued against Aero Continente's assets at Ocean Bank. (Docs. 562, 592).

In 2018, Congress enacted a law, which states that "blocked assets" under the Terrorism Act now include assets frozen under the Kingpin Act. Anti-Terrorism Clarification Act of 2018, Pub. L. No. 115-253, https://www.congress.gov/bill/115th-congress/senate-bill/2946/text. The plaintiffs then moved for a writ of garnishment against Aero Continente's assets, which were frozen under the Kingpin Act, at Ocean Bank. (Doc. 1161). Finding the plaintiffs demonstrated Aero Continente's assets at Ocean Bank could be executed under the amended Terrorism Act, the November 13th order granted the plaintiffs' motion for a writ of garnishment. (Doc. 1166).

Following the November 13th order, the plaintiffs began the process to obtain judgment against Ocean Bank for Aero Continente's blocked assets, which this report will now address.

## II.     ANALYSIS

State law on executing judgments governs in federal-court proceedings. Fed. R. Civ. P. 69(a)(1). Chapter 77, Florida Statutes, governs garnishment proceedings in Florida. Fla. Stat. §§ 77.01–77.28. Judgment creditors seeking to execute on judgments under the Terrorism Act must follow Chapter 77, Florida Statutes. *Stansell v. Revolutionary Armed Forces of Colom.*, 771 F.3d 713, 729–30 (11th Cir. 2014) (*Stansell II*).

To determine whether the plaintiffs are entitled to turnover judgment against Ocean Bank under the Terrorism Act, the court must determine whether the plaintiffs complied with Chapter 77, Florida Statutes.

### A.     Procedure to Obtain Default Judgment in Garnishment

After obtaining a money judgment, the plaintiff must file a motion that states the amount of the judgment. Fla. Stat. § 77.03. After they obtained their judgment against the defendants, the plaintiffs filed a motion that stated the amount of their judgment. (Doc. 314). So, the plaintiffs satisfied Section 77.03, Florida Statutes.

The writ of garnishment issued must require the garnishee to serve an answer within twenty days after the plaintiff serves the writ. Fla. Stat. § 77.04. The writ must state the amount listed in the plaintiff's motion for writ of garnishment. *Id.* The plaintiffs' writ of garnishment required Ocean Bank to answer within twenty days, and the writ stated the amount listed in the plaintiffs' motion for writ of garnishment. (Doc. 1167). The plaintiffs satisfied Section 77.04, Florida Statutes.

The plaintiff must mail, via first class, a copy of the writ of garnishment and a

3

copy of the motion for writ of garnishment to the defendant's last known address within five business days after the writ is issued or three business days after the writ is served on the garnishee, whichever is later. Fla. Stat. § 77.041(2). The plaintiff must file a certificate of service showing the garnishee was properly served. *Id.*

The United States Marshal served Ocean Bank the writ of garnishment on November 20, 2018. (Doc. 1172, p. 1; Doc. 1182, p. 1). The plaintiffs mailed Aero Continente, via first class, a copy of the writ of garnishment and a copy of the plaintiffs' motion for writ of garnishment within three days of the U.S. Marshal serving Ocean Bank (November 21st). (Doc. 1172). The plaintiffs filed a certificate verifying proper service. (*Id.*). The plaintiffs therefore satisfied Section 77.041(2), Florida Statutes.

Within five days after the garnishee serves its answer, the plaintiff must mail to the defendant a copy of the garnishee's answer and a notice advising the defendant that it has twenty days to move to dissolve the writ of garnishment. Fla. Stat. § 77.055. The plaintiff must mail those documents to the defendant's last known address and any other address disclosed by the garnishee's answer. *Id.* And the plaintiff must file a certificate showing the defendant was properly served. *Id.*

Ocean Bank answered the plaintiffs' writ of garnishment on December 7, 2018. (Doc. 1182). Less than five days later, the plaintiffs mailed the documents listed in Section 77.055, Florida Statutes, to Aero Continente's last known addresses. (Docs. 1182, 1183). And the plaintiffs filed a certificate showing it complied with Section 77.05, Florida Statutes. The plaintiffs therefore complied with Section 77.055,

Florida Statutes.

If the defendant disputes the garnishee's answer to the writ of garnishment, the defendant must move to dissolve the writ within twenty days after service. Fla. Stat. § 77.07. If the defendant fails to timely move to dissolve the writ, "the proceedings shall be in a default posture as to the party involved. § 77.07.

Ocean Bank's answer was served on Aero Continente on December 10, 2018. (Doc. 1183). Aero Continente failed to timely move to dissolve the plaintiffs' writ of garnishment. As a result, under Section 77.07, Florida Statutes, these proceedings are now in a default posture.

### B.   Default Judgment and Garnishee's Liability

If the defendant fails to reply to the garnishee's answer, the garnishee's answer is considered true and "the garnishee is entitled to an order discharging [it] from further liability under the writ." Fla. Stat. §§ 77.061, 77.082. The court must enter final judgment against the garnishee for the amount disclosed in its answer. § 77.081.

Aero Continente never replied to Ocean Bank's answer; nor did Aero Continente move to dissolve the writ of garnishment. The plaintiffs are therefore entitled to a default judgment in garnishment against Ocean Bank for $928,756.29 (the amount disclosed in Ocean Bank's answer). Ocean Bank should also be discharged from any further liability under the plaintiffs' writ.

### C.   Garnishee's Attorney's Fees, Costs, and Expenses

The party moving for writ of garnishment must pay $100 to the garnishee for attorney's fees expended on responding to the writ. Fla. Stat. § 77.28. Additionally,

5

after entering final judgment, the court must determine the garnishee's costs and expenses, including reasonable attorney's fees. *Id.* If judgment is in the plaintiff's favor, the amount of the judgment "is subject to offset by the garnishee against the defendant whose property or debt owing is being garnished." Fla. Stat. § 77.28. The court must tax the garnishee's costs and expenses as costs. *Id.* Stated differently, any judgment-debtor property turned over to the judgment creditor is reduced by the garnishee's costs. *Suntrust Bank v. Arrow Energy, Inc.*, 199 So. 3d 1026, 1028–29 (Fla. 4th Dist. Ct. App. 2016); *see also Kearney Constr. Co. LLC v. Travelers Cas. & Sur. Co. of Am.*, No. 8:09-CV-1850-T-30TBM, 2018 WL 748898, at*2 (M.D. Fla. Jan. 23, 2018) (entering final judgment in garnishment subject to offset for garnishee's attorney's fees).

Under Section 77.28, Florida Statutes, the plaintiffs must pay Ocean Bank $100 for attorney's fees expended on responding to the writ. Further, Section II(B) concluded the court should enter final judgment against garnishee Ocean Bank in the plaintiffs' favor. So, Ocean Bank may offset the amount it owes the plaintiffs by its reasonable costs and expenses, including attorney's fees. If the plaintiffs and Ocean Bank cannot agree on Ocean Bank's costs and expenses, including attorney's fees, the court should require Ocean Bank to submit a motion for its costs and expenses under Section 77.28 within fourteen days of the court's order on this report.

### D. Ocean Bank's Specific Requests

In its answer, Ocean Bank includes the following requests:

Garnishee requests that any order compelling the turnover of the garnished funds in the Blocked SDNTK account should include a specific

> determination that the funds reported in this Answer have been identified as SDNTK blocked assets, that the funds must be turned over by the Garnishee pursuant to the Terrorism Act, and that no OFAC license is required to turn over the garnished funds to Plaintiffs.

(Doc. 1182, p. 4). The plaintiffs include the same requests in their motion for turnover judgment under the Terrorism Act. (Doc. 1185, p. 9).

The court previously determined the following: Aero Continente is a Specially Designated Narcotics Trafficker under the Kingpin Act; Aero Continente's assets at Ocean Bank are blocked assets under the Kingpin Act; and Aero Continente's assets at Ocean Bank are subject to execution under the newly amended Terrorism Act. (*See* Doc. 1166, pp. 4–5) (summarizing relevant factual findings, which constitute the law of this case). Ocean Bank's and the plaintiffs' request to include these determinations in the court's order are therefore appropriate.

However, the request for a determination that no OFAC license is required to execute blocked assets under the Kingpin Act appears inappropriate.

Judgment creditors seeking to execute property under the Kingpin act must obtain a license from OFAC. *Stansell II*, 771 F.3d at 734 (citations omitted); *see also Doe v. JPMorgan Chase Bank, N.A.*, 899 F.3d 152, 158 (2d Cir. 2018) (footnote and citations omitted) (stating applicable OFAC regulations "unambiguously prohibit unlicensed transfers of blocked assets").

To support their request for finding no OFAC license is required in this circumstance, the plaintiffs cite a 2006 letter from the United States Attorney's Office from the Southern District of New York. (Doc. 1185). That letter states that funds subject to the Terrorism Act may be distributed without an OFAC license. (Doc. 251-

7

4). That letter, however, predates *Stansell II* and the newly amended Terrorism Act, which now allows assets blocked under the Kingpin Act to be executed. (*See* Doc. 1166) (discussing effects of newly amended Terrorism Act).

Further, the OFAC regulations *Stansell II* discussed (which required an OFAC license to execute property) contain the same language today that the regulations had when *Stansell II* issued. *Stansell* II, 771 F.3d at 734; 31 C.F.R. §§ 598.205, 598.314(b) (2014 and 2018). So, although the newly amended Terrorism Act now allows judgment creditors to execute assets blocked under the Kingpin Act, the regulations appear to still require the judgment creditor, who wants to execute Kingpin-Act assets, to obtain an OFAC license.

Considering the OFAC regulations and *Stansell II*, the court should not determine no OFAC license is required to execute assets frozen under the Kingpin Act. That said, the OFAC regulations appear to allow judgment creditors to execute property before obtaining an OFAC license. *See* 31 C.F.R. § 598.205(c) (2018) (stating an OFAC license issued "before, during, or after a transfer shall validate such transfer or make it enforceable"). Therefore, although an OFAC license appears necessary to execute Kingpin-Act assets, under the OFAC regulations, the court may allow the plaintiffs to execute Aero Continente's assets at Ocean Bank before obtaining an OFAC license.[1]

---

[1] Notably, the plaintiffs served OFAC the motion for turnover judgment under the Terrorism Act and OFAC failed to dispute the plaintiffs' and Ocean Bank's claim that no OFAC license is required to turn over Aero Continente's assets to the plaintiffs. (Doc. 1185, p. 10).

## III. CONCLUSION

The plaintiffs complied with Chapter 77, Florida Statutes, and are entitled to final judgment in garnishment against Ocean Bank for Aero Continente's assets frozen under the Kingpin Act. Ocean Bank is also entitled to $100 and additional reasonable costs and expenses, including attorney's fees, incurred in responding to the plaintiffs' writ of garnishment. The following is therefore **RECOMMENDED**:

1. The plaintiff's motion for turnover judgment under the Terrorism Act (Doc. 1185) should be **GRANTED**.

2. The court should enter final judgment in garnishment against Ocean Bank for $928,756.29, subject to offset for Ocean Bank's statutory attorney's fees. The court should require Ocean Bank to submit a motion for its statutory costs and expenses, including attorney's fees, within fourteen days of the court's order on this Report and Recommendation if the plaintiffs and Ocean Bank fail to agree on Ocean Bank's statutory costs and expenses.

3. The court should order the plaintiffs to pay Ocean Bank $100 under Section 77.28, Florida Statutes.

4. The court should discharge Ocean Bank from further liability under the plaintiffs' writ of garnishment.

5. The court's order should include the following findings:

    a. Aero Continente's assets identified in Ocean Bank's answer to the writ of garnishment are Specially Designated Narcotics

9

Trafficker Kingpin blocked assets.

b. Ocean Bank must turn over Aero Continente's assets to the plaintiffs under the Terrorism Act.

**ENTERED** in Tampa, Florida, on March 25, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of this service bars an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. § 636(b)(1).

cc:  Aero Continente, S.A.
3399 N.W. 72 Avenue, Suite 214
Miami, FL 33122

Aero Continente, S.A.
8940 N.W. 24th Terrace
Miami, FL 33172

Chief Counsel, Office of Foreign Assets Control
U.S. Department of Treasury
Treasury Annex
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

Martha Rose Mora
Counsel for Ocean Bank
2525 Ponce de Leon Blvd., Suite 1225
Coral Gables, FL 33134