UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

| | |
|---|---|
| KEITH STANSELL, et al.<br>　　Plaintiffs,<br>vs.<br><br>REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC); et al.,<br>　　Defendants.<br>_____/ | CIVIL ACTION CASE NO.:<br>8:09-cv-2308-CEH-AAS |

### PLAINTIFFS' AMENDED MOTION FOR FINAL TRIA TURNOVER JUDGMENT & MEMORANDUM OF LAW

*Interactive Brokers LLC Answer Doc. 1337 (Writ Doc. 1246)*

Plaintiffs file this amended motion for entry of a Final TRIA Turnover Judgment on Interactive Brokers LLC ("Interactive") Amended Answer Doc. 1337 on the OFAC blocked assets owned by FARC agency or instrumentality Rafael Alfredo Sarria Diaz ("Diaz"). Plaintiffs move pursuant to: (i) § 201(a) of the TRIA; (ii) ATA Clarification Act 18 U.S.C. § 2333(e); (iii) Chapter 77 Florida garnishment statutes; (iv) Fed. R. Civ. Pro. 69(a); (v) Fla. Stat. § 772.13(6)(a) (2025); and (vi) *Stansell v. FARC*, 771 F. 3d 713, 736 (11th Cir. 2014). Diaz failed to appear within the deadlines in Fla. Stat. § 77.055, for Answer Doc. 1301. Doc. 1304. Diaz' deadline to appear to challenge after notice of the Amended Answer Doc. 1337 is September 28, 2025. Doc. 1338.

All of the elements for a Final TRIA Turnover Judgment have been satisfied. The grounds for this motion are:

1. This Court has subject matter jurisdiction to conduct postjudgment execution proceedings on Plaintiffs' final judgment under the federal Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333, rendered by a U.S. district court and properly registered in this district pursuant to 28 U.S.C. § 1963, with postjudgment execution under the ATA, TRIA § 201, and Fed. R. Civ. Pro. 69(a), Florida Statutes Chapter 77 and § 772.13(6)(a)2; 3.

2. It is undisputed that (i) the assets are blocked and (ii) Diaz is the owner of the blocked assets held by Interactive. *See* Answer Doc. 1337. *Stansell v. FARC*, 773 F. 3d 713, 726 (11th Cir. 2014). Diaz remains OFAC designated and his assets blocked. The blocked assets at issue are not immune from attachment under the TRIA as sovereign, diplomatic, or consular property.

3. TRIA provides this Court with subject matter jurisdiction over postjudgment execution and attachment proceedings against blocked assets of an agency or instrumentality of the judgment-debtor, even if the agency or instrumentality itself is not named in the judgment, which includes Diaz. *Stansell v. FARC*, 771 F. 3d 713, 737 (11th Cir. 2014); *Weinstein v. Islamic Republic of Iran*, 609 F. 3d 43, 50 (2d Cir. 2010).

4. Plaintiffs satisfy all requirements for TRIA execution: (i) They have obtained an ATA judgment against the FARC—a "terrorist party" as defined by the TRIA Section 201(d)(4); (ii) On a claim based on an "act of terrorism" as defined by TRIA Section 201(d)(1)(B); (iii) The blocked assets held by garnishee are "blocked assets" within the meaning of TRIA; and (iv) Plaintiffs' judgment is for compensatory damages fully collectable under TRIA.[1] Order. Doc. 1242. Plaintiffs now seek to enforce that ATA judgment against blocked assets of Diaz.

5. No OFAC license is required for the party holding the blocked assets to liquidate the blocked assets and turn over the proceeds to Plaintiffs. *Harrison v. Republic of Sudan*, 838 F. 3d 86, 98 (2nd Cir. 2016); Doc. 1197.

6. Garnishee Interactive has appeared and is subject to the Court's jurisdiction.

7. Plaintiffs have followed the elements required for a TRIA attachment and execution without delay. *See Stansell v. FARC et al.*, 771 F. 3d 713, 728-29 (11th Cir. 2014) (TRIA favors "minimally intrusive manner" of "immediate attachment"). Plaintiffs filed an *ex parte* motion to issue a writ of garnishment providing evidence of agency of instrumentality. Doc. 1239. *See* Stansell, 771 F.

---

[1] Plaintiffs' recovery here will not result in their overall recovery of more than the $230,358,541.92, outstanding judgment balance because the blocked account(s) balance was estimated to be $601,021 at the time of the Amended Answer Doc. 1337.

3d at 728-29 (ex parte proceeding to attach appropriate under TRIA). *Id.* at 746 ("Plaintiffs proffered evidence" of agency or instrumentality). The Court entered an order determining that Diaz was an agency or instrumentality of the terrorist party FARC and that his blocked assets were subject attachment and execution under TRIA and issued the writ. Doc. 1242; 1119.

      8.    Rule 69(a)(1) requires this Court to follow Florida state law procedures on execution, including statutory garnishment. The blocked accounts are subject to TRIA attachment and execution under Fla. Stat § 772.13(6)(a)2 (intangible assets like out of state held accounts subject to garnishment without territorial limitation if court has personal jurisdiction over garnishee). The situs of any intangible assets held or maintained by or in the possession, custody, or control of a person or entity so served shall be deemed to be in this state for the purposes of a proceeding under chapter 56 or chapter 77. Fla. Stat § 772.13(6)(a)3. Service of a writ or notice to appear under this section shall provide the court with in rem jurisdiction over any intangible assets regardless of the location of the assets. *Id*. The new statute expressly applies retroactively to "any postjudgment execution proceedings, including creditor process under chapter 56 or chapter 77 served, pending, or filed before, on, or after July 1, 2025." Fla. Stat. § 772.13(6)(b) (2025).

9. The Eleventh Circuit has held Florida law governs these TRIA garnishment actions. *Stansell*, 771 F. 3d at 733. "Florida's notice requirements simply provide the procedure for executing." *Id*. at 730. Florida's postjudgment procedures in TRIA executions are constitutional and satisfy due process for timely and adequate notice as applied to Diaz. *Id*. at 728-29. No further notice is required to any potential claimant or the owner. *Stansell v. Lopez Bello*, 802 F. Appx. 445, 449, 2020 WL 290423, at *3 (11th Cir. 2020) (Florida garnishment statute's notice requirements in TRIA execution "found to be constitutionally adequate.").

10. Plaintiffs have complied with all Chapter 77 statutory notice requirements to complete this execution: (i) Plaintiffs filed a motion providing evidence of agency or instrumentality, attaching the proper form of writ and served by the U.S. Marshal pursuant to Fla. Stat. § 77.03, § 77.04, *Stansell*, 773 F. 3d at 746, Fed. R. Civ. P. 4.1(a), 28 U.S.C. § 566(c) [Doc. 1239; 1242, 1324, (USM 285 to Interactive)]; (ii) Plaintiffs provided Fla. Stat. § 77.041(2) notice of the motion and writ to Diaz [Doc. 1292-3]; and (iii) Plaintiffs provided § 77.055 notice of the garnishee's answer, amended answer and right to dissolve to Diaz [Doc. 1304; 1338].

11. Diaz did not appear or file a motion to dissolve the garnishment or otherwise challenge the garnishment within the time required under the Fla. Stat. § 77.055 for Garnishee's Answer Doc. 1301. Doc. 1304. Diaz' deadline to appear

and challenge the allegations in the motion and to dissolve the writ expire September 28, 2025. *Stansell v. Lopez Bello*, 802 F. Appx. 445, 449, 2020 WL 290423, at *3 (11th Cir. 2020) (Florida garnishment statute's notice requirements as applied to Diaz in TRIA execution "found to be constitutionally adequate."). Failure to appear is therefore a default as a matter of law. Fla. Stat. § 77.07(2) ("Failure of the … interested person to timely file and serve the motion to dissolve within such time limitation shall result in … "the proceedings shall be in a default posture as to the party involved.").

12. The Florida garnishment statute deadlines must be strictly construed, and cannot be extended by agreement or court order. Order Doc. 1275. *See Regions Bank v. Hyman*, 91 F. Supp. 3d 1234, 1241 (M.D. Fla. 2015) ("Pursuant to Fed. R. Civ. P. 69(a), proceedings supplementary to and in aid of judgment or execution, the procedure followed must accord with the procedure of the state in which the Court is located. . . . The procedures outlined in Ch. 77, Florida Statutes govern this garnishment proceeding [and] . . . must be strictly construed.").

## MDFL Local Rule 3.01(g)(1) Certification

Undersigned counsel for Plaintiffs/Movants certify that in accordance with Local Rule 3.01(g)(1), that the duty to confer does not apply to this Motion for Judgment on Garnishee's Answer, a Judgment on the Pleadings, nevertheless on September 11, 2025 counsel for garnishee provided the below language, at

6

paragraph 13 detailing liquidation mechanics, and respectfully requested that a turnover order, if any, incorporate the language in Paragraph 13, because garnishee must first liquidate the blocked accounts before turnover.

WHEREFORE, Plaintiffs respectfully request entry of a Final TRIA Turnover Judgment on Garnishee Interactive Brokers LLC Answer Doc. 1337 and ordering Interactive Brokers LLC to turnover the blocked assets owned by Rafael Alfredo Sarria Diaz identified in Answer Doc. 1337 by liquidating the blocked accounts and wiring the sale proceeds, including any accrued interest, dividends or maturity of principal payments, to Plaintiff's law firm trust account, consistent with the factual findings and conclusions of law in Order Doc. 1242:

    1.    This Court has subject matter jurisdiction pursuant to the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333, TRIA § 201, Fed. R. Civ. Pro. 69(a), Florida Statutes Chapter 77 and § 772.13(6)(a)2; 3.

    2.    Plaintiffs have satisfied all the requirements of the Terrorism Risk Insurance Act of 2002 ("TRIA") for execution: (i) They have obtained an ATA judgment against the FARC—a "terrorist party" as defined by the TRIA Section 201(d)(4); (ii) On a claim based on an "act of terrorism" as defined by TRIA Section 201(d)(1)(B); (iii) The blocked assets held by garnishee are "blocked assets" within the meaning of TRIA; and (iv) Plaintiffs' judgment is for compensatory damages fully collectable under TRIA and the total amount of Plaintiffs' execution will not exceed the outstanding balance of Plaintiffs' judgment.

    3.    The Court finds that the assets identified in Interactive Brokers LLC's Amended Answer Doc. 1337 are OFAC blocked and that the assets are owned by Rafael Alfredo Sarria Diaz, who remains OFAC designated. The blocked assets at issue are not immune from attachment under the TRIA as sovereign, diplomatic, or consular property.

4. The Court has determined based upon the evidence, OFAC factual findings and agency or instrumentality standard affirmed in *Stansell v. FARC*, 771 F. 3d 713 (11th Cir. 2014) that Rafael Alfredo Sarria Diaz is an agency or instrumentality of the terrorist party FARC and that his blocked assets are within the meaning of "blocked assets" under TRIA. Doc. 1242; 1119.

5. No OFAC license is required for the party holding the blocked assets to turnover the blocked assets to Plaintiffs. *Harrison v. Republic of Sudan*, 838 F.3d. 86, 98 (2nd Cir. 2016); Doc. 1197.

6. Garnishee has appeared and is subject to the court's jurisdiction.

7. Plaintiffs have followed the elements required for a TRIA attachment and execution without delay. *See Stansell v. FARC et al.*, 771 F.3d 713, 728-29, 746 (11th Cir. 2014).

8. Rule 69(a)(1) requires this Court to follow Florida state law procedures on execution, including statutory garnishment. The blocked accounts are subject to TRIA attachment and execution under Fla. Stat § 772.13(6)(a)2 (intangible assets like out of state held accounts subject to garnishment without territorial limitation if court has personal jurisdiction over garnishee). The situs of any intangible assets held or maintained by or in the possession, custody, or control of a person or entity so served shall be deemed to be in this state for the purposes of a proceeding under chapter 56 or chapter 77. Fla. Stat § 772.13(6)(a)3. Service of a writ or notice to appear under this section shall provide the court with in rem jurisdiction over any intangible assets regardless of the location of the assets. *Id*. Fla. Stat. § 772.13(6)(a) expressly applies retroactively to "any postjudgment execution proceedings, including creditor process under chapter 56 or chapter 77 served, pending, or filed before, on, or after July 1, 2025." Fla. Stat. § 772.13(6)(b) (2025).

9. Florida law governs these TRIA garnishment actions. *Stansell*, 771 F. 3d at 733. Florida's postjudgment procedures in TRIA executions are constitutional and satisfy due process for timely and adequate notice as applied to Rafael Alfredo Sarria Diaz. *Id*. at 728-29. No further notice is required to any potential claimant or the owner. *Stansell v. Lopez Bello*, 802 F. Appx. 445, 449, 2020 WL 290423, at *3 (11th Cir. 2020) (Florida garnishment statute's notice requirements in TRIA execution "found to be constitutionally adequate.").

8

10. Plaintiffs have complied with all Chapter 77 statutory notice requirements to complete this execution: (i) Plaintiffs filed a motion providing evidence of agency or instrumentality, attaching the proper form of writ and served by the U.S. Marshal pursuant to Fla. Stat. § 77.03, § 77.04, *Stansell*, 773 F. 3d at 746, Fed. R. Civ. P. 4.1(a), 28 U.S.C. § 566(c) [Doc. 1239; 1242, 1324, (USM 285 to Interactive)]; (ii) Plaintiffs provided Fla. Stat. § 77.041(2) notice of the motion and writ to Sarria Diaz [Doc. 1292-3]; and (iii) Plaintiffs provided § 77.055 notice of the garnishee's amended answer and right to dissolve to Sarria Diaz [Doc. 1304; 1338].

11. The Court finds that Rafael Alfredo Sarria Diaz has been afforded the required statutory notice, which has been proven to be constitutionally adequate due process. *Stansell v. Lopez Bello*, 802 F. Appx. 445, 449, 2020 WL 290423, at *3 (11th Cir. 2020). Doc.1304; 1338 (Fla. Stat § 77.055 notice deadline); Fla. Stat. § 77.07(2). *See* Order Doc. 1275; *Regions Bank v. Hyman*, 91 F. Supp. 3d 1234, 1241 (M.D. Fla. 2015) (garnishment statute to be strictly construed).

12. No other person or entity has ever appeared in this action to assert any claim of ownership in these blocked assets, to challenge the allegations in Motion at Doc. 1239 as to Rafael Alfredo Sarria Diaz as untrue, or that they have ownership rights in the blocked proceeds that are superior to the perfected lien rights of the Plaintiffs.

13. Pursuant to TRIA, garnishee Interactive Brokers LLC is ordered to liquidate all of the assets in the Blocked Account on the global secondary market within 14 days from the date of entry of this judgment at the then best prevailing market bid prices when liquidation of the assets is scheduled by Interactive Brokers LLC during the 14-day period (the specific date and time of which shall be chosen by Interactive Brokers LLC at its sole discretion and Interactive Brokers LLC shall have no liability based on the date and time of the liquidation), and provide Plaintiffs' counsel with a report itemizing the sale proceeds for each specific asset, then after all of the assets have been liquidated, turnover the blocked funds identified in Answer Doc. 1337 owned by Rafael Alfredo Sarria Diaz, in the estimated amount of $601,021 at the time of the Amended Answer to Plaintiffs by wire transfer to Porter & Korvick P.A. Trust Account within 5 days from the date that Interactive Brokers LLC liquidates the Blocked Account, provided that Plaintiffs' counsel has provided wire transfer instructions to Interactive Brokers LLC to make such transfer. Garnishee Interactive Brokers LLC's wire shall not include any information naming any blocked party including partial name which will block completion of the wire transfer.

14. Garnishee's counsel will provide to Plaintiffs' counsel its claimed attorneys' fees pursuant to Fla. Stat § 77.28. Counsel for the Plaintiffs and Garnishee are directed to confer in a good faith effort to resolve the issue of attorney fees without the need for this Court's intervention. Plaintiffs' counsel is directed to hold in trust the amount of Garnishee's claimed attorneys' fees and expenses pending either a stipulation by Plaintiffs and Garnishee to a reasonable Garnishee fee, or a ruling of this court on same, and authorizing Plaintiffs' counsel to pay same from the trust proceeds once the funds have cleared post-turnover, upon either a stipulation with Garnishee or entry of a Court Order awarding such fees and expenses. Plaintiffs shall pay the reasonable Garnishee fee within 30 days of such stipulation or Court Order.

15. Upon turnover of the proceeds in the blocked accounts, Garnishee Interactive Brokers LLC shall have no further obligations of any kind with respect to the Blocked Accounts/Funds, and shall accordingly have no liability to, and will be discharged, held harmless and released from, any potential claims by or liability to any persons or entities worldwide as to any matters based on, arising from or otherwise relating to Interactive Brokers LLC turnover of the funds in the Blocked Account to Plaintiffs in accordance with this Final TRIA Turnover Judgment.

16. Upon a notice to the court by Plaintiffs of full completion of the turnover of the proceeds identified in Amended Answer Doc. 1337, the Court shall order the writ Doc. 1246 dissolved with respect to the blocked funds turned over.

Respectfully submitted September 16, 2025.

| | |
|---|---|
| /s/ Newton P. Porter | /s/ Tony Korvick |
| NEWTON P. PORTER | TONY KORVICK |
| (Fla. Bar No. 833738) | (FL Bar 768405) |
| Attorneys for Plaintiffs | PORTER & KORVICK, P.A. |
| PORTER & KORVICK, P.A. | Attorneys for Plaintiffs |
| 4000 Ponce de Leon Blvd., Suite 470 | 4000 Ponce de Leon Blvd Suite 470 |
| Coral Gables, Florida 33146 | Coral Gables, Florida 33146 |
| Telephone: (305) 373-5040 | Telephone: (305) 373-5040 |
| nporter@porterandkorvick.com | tkorvick@porterandkorvick.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 16, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which automatically and electronically delivered notice of filing to counsel of record for all parties that have appeared. I further certify that I served this Motion by electronic mail to the following persons:

OFACReport@treasury.gov, in compliance with 31 CFR 501.605(A)(3)

/s/ Newt Porter
NEWT PORTER
(Fla. Bar No. 833738)
Attorneys for Plaintiffs
PORTER & KORVICK, P.A.
4000 Ponce de Leon Blvd., Suite 470
Coral Gables, Florida 33146
Telephone: (305) 373-5040
nporter@porterandkorvick.com