UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

CIVIL ACTION CASE NO.: 8:09-cv-2308-CEH

KEITH STANSELL, et al.,

    Plaintiffs,

vs.

REVOLUTIONARY ARMED FORCES
OF COLOMBIA (FARC); et al,

    Defendants
_____/

## MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED'S ANSWER TO [D.E 1342] PLAINTIFFS' WRIT OF GARNISHMENT REGARDING KISMET INTERNACIONAL, S.A.

Garnishee, Merrill Lynch, Pierce, Fenner & Smith Incorporated ("MLPFS"), hereby files its Answer to [D.E 1342] Plaintiff's Writ of Garnishment (the "Writ") regarding KISMET INTERNACIONAL, S.A., ("KISMET S.A"), served on September 18, 2025, referencing the account -XXX7Q15 blocked on November 14, 2017. MLPFS, as a neutral stakeholder, answers the Writ to the best of its knowledge, and states:

    1.    At the time of service of the Writ, at the time of this Answer, and at all times in between, BANA held the following blocked property as specified in this Writ:

| Originator | Address | Amount (USD) | Account |
|---|---|---|---|
| Kismet Internacional, S.A. | Apartado 3294 Zona Libre de Colon, Panama | $451,516.00 | -XXXX7Q15 |

2. To the best of MLPFS's knowledge, MLPFS knows of no other person or entity who, at the time of service of the Writ, at the time of this Answer, and at all times in between, was indebted to KISMET S.A.

3. Furthermore, to the best of MLPFS's knowledge, at the time of service of the Writ, at the time of this Answer, and at all times in between, MLPFS has not had any other tangible or intangible personal property held in the name of KISMET S.A. or assets held in the putative name of, held for the benefit of, or that were blocked due to an association with, KISMET S.A., in its possession or control. Rather, on information and belief, the directors and beneficial owners, MOHAMED ABDO WAKED DARWISH and ABDUL MOHAMED WAKED FARES, individuals designated under the OFAC SDN list pursuant to 31 CFR Part 598, may hold an interest in the above-referenced blocked property.

4. MLPFS is a mere neutral stakeholder as to blocked assets held in the name of the KISMET S.A. MLPFS is entitled to have all adverse claims to the blocked assets adjudicated under circumstances where all claimants including KISMET S.A. have been given notice of the Plaintiff's claims and provided with an opportunity to present argument addressing the relief sought by the Judgment Creditor, under the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297, Title II, § 201 (codified at 28 U.S.C. § 1610 note) ("TRIA"), the Anti-Terrorism Act ("ATA"), the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701, *et seq*., or otherwise.

5. MLPFS has employed the services of the Campbell Law Firm PLLC to represent it in these garnishment proceedings and seeks reimbursement for any attorney's fees incurred in responding to the Writ, under § 77.28 Fla. Stat.

**FIRST AFFIRMATIVE DEFENSE**

Any permissible garnishment or execution must comply with the provisions of TRIA and the ATA, and all applicable laws governing garnishment or execution. In particular, KISMET S.A. must be given notice of these garnishment proceedings in a fashion that is consistent with Federal Rule of Civil Procedure 4, the Hague Service Convention, Inter-American Convention or any other applicable treaty or law regarding service of process. These entities should be provided with notice of their right to quash or dissolve the Writ. An evidentiary hearing also must be convened in which Plaintiffs shall have the burden of establishing the relationship between KISMET S,A, and the named Defendants in the underlying action that warrants garnishment of the blocked property or transactions.

**SECOND AFFIRMATIVE DEFENSE**

Upon information and belief, KISMET S.A. is not designated by the Office of Foreign Assets Control ("OFAC"). Moreover, to the best of MLPFS's knowledge, KISMET S.A. has not been determined to be an agency or instrumentality of any Judgment Debtors in the underlying action or in this action, nor have they been found to be an agency or instrumentality of SDN. Therefore, their assets have not been finally determined to be "blocked assets" within the meaning of TRIA and the ATA, 18 U.S.C. § 2333 (e).

**THIRD AFFIRMATIVE DEFENSE**

To the best of MLPFS's knowledge, no determination has been made as to who possesses the requisite interest in the above-listed blocked property within the meaning of 31 C.F.R. Part 591 and any other applicable laws, executive orders and federal regulations which would allow garnishment or execution on the blocked property. MLPFS objects to the garnishment of any such

funds until such time the required findings are made by a court of competent jurisdiction over the matter.

## FOURTH AFFIRMATIVE DEFENSE

MLPFS objects to the garnishment of any such blocked property to the extent that the KISMET S.A., is an indispensable party to these garnishment proceedings pursuant to Federal Rules of Civil Procedure 19 and/or other applicable provisions of state and federal law. This party has the right to receive notice of these proceedings and an opportunity to be heard before the Court enters a judgment that may terminate their rights, as they may have ownership or other beneficial interests which may be superior to the rights of the Judgment Creditor or that may be exempt or immune from garnishment.

## FIFTH AFFIRMATIVE DEFENSE

Any execution or attachment must comply with the ATA including but not limited to 28 U.S.C. § 2337.

## SIXTH AFFIRMATIVE DEFENSE

MLPFS objects to the garnishment of any blocked property in the above-listed accounts until such time as a court of competent jurisdiction determines that the blocked property is not subject to the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations, or blocked property or blocked deposits in respect of which no waiver of the provisions of TRIA and the ATA can be made by the President with respect thereto within the meaning of Section 201(b) of TRIA.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that any blocked property is held outside the territorial limits of the United States, or in which the transactions were effectuated outside the territorial limits of the United

States, such transactions may be subject to the GDPR and other foreign privacy statutes. Enforcement of the Writ as to blocked accounts outside the United States and as to entities not named in the Writ would contravene principles of international comity and would offend the due process rights of entities that have not been served with process. Any blocked property held by non-U.S. entities are not referenced in this Answer and are not subject to the court's extra territorial jurisdiction under the separate entity rule. Further, to the extent that laws other than § 772.13 Fla. Stat. are applicable to this execution/garnishment proceeding, this Court also lacks extraterritorial jurisdiction over any blocked property held outside the State of Florida.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that § 772.13 Fla. Stat. is applicable to this execution/garnishment proceeding, the relief sought by Plaintiffs may be barred if the terrorist party, or any agency or instrumentality thereof, that caused MLPFS to block a transaction is neither the originator nor the intended beneficiary of the transaction—e.g., the terrorist party or agency or instrumentality thereof was an unintended beneficiary or intermediary in the transaction.

### NINETH AFFIRMATIVE DEFENSE

To the extent that laws under than § 772.13 Fla. Stat. are applicable to this execution/garnishment proceeding, the relief sought by Plaintiffs may be barred, in whole or in part, by Article 4A of the Uniform Commercial Code ("UCC"), including (without limitation) provisions of Article 4A that bar the service of creditor process on intermediary banks and/or govern the passage of title in a funds transfer. A blocked wire transfer, held by an intermediary bank, such as MLPFS, is subject to execution on if an electronic funds transfer or wire transfer was made directly to the bank. *See* § 674.402 Fla. Stat.; *see also Calderon-Cardona v. Bank of New York Mellon*, 770 F.3d 993, 1002 (2d Cir. 2014) (holding that under New York's U.C.C.

Article 4A "the only entity with a property interest in the stopped EFT [electronic funds transfer] is the entity that passed the EFT on to the bank where it presently rests"); *Hausler v. JPMorgan Chase Bank*, N.A., 770 F.3d 207, 212 (2d Cir. 2014) (same). Based on these decisions and statutes, KISMET S.A. may lack a property interest in the blocked property. Additionally, the relief sought by Plaintiffs may be barred if KISMET S,A. is neither the originator nor the intended beneficiary of the transaction pursuant to § 772.13 Fla. Stat.

WHEREFORE, MLPFS respectfully requests that this Court:

a.  determine whether or not the assets are "blocked assets" within the meaning of TRIA and the ATA, 18 U.S.C. § 2333 (e), and whether or not KISMET S.A. was provided due process of law and were properly deemed to be agencies or instrumentalities of a terrorist party under these statutes;

b.  determine whether, pursuant to the ATA, 18 U.S.C. § 2337, that this Court had jurisdiction to enter the Orders issuing the Writ, and, whether, pursuant to the ATA, 18 U.S.C. § 2337, this Court has jurisdiction to allow execution of the Writ against KISMET S.A. as well as any assets in which KISMET S.A. has the requisite interest;

c.  determine the precise identity of the blocked property or blocked deposits being made subject to such garnishment, or execution, as well as the precise amount of blocked property or blocked deposits, if any, to be paid or turned over pursuant to any writ of garnishment or Final Judgment in Garnishment, and the identity of the persons to which such payment is to be made;

d.  determine whether any judgment as to which execution or garnishment is ordered is (i) against the FARC, ELN, and NDVC as a terrorist party within the meaning of TRIA and the ATA on a claim based on an act of terrorism within the meaning of these acts, (ii) based

on a claim in respect of an act of terrorism for which a terrorist party is not immune under 28 U.S.C. § 1605(a)(7), and (iii) based on the ATA;

  e. determine that the judgment as to which garnishment or execution is ordered, including interest, is solely for compensatory, not punitive, damages in respect of which the terrorist party has been adjudged liable inasmuch as TRIA § 201(A) only permits execution upon blocked assets in aid of execution in order to satisfy judgments "to the extent of any compensatory damage for which [a] terrorist party has been adjudged liable;"

  f. determine that, to the extent TRIA and the ATA is not relied upon or is not applicable that, any garnishment or execution has been licensed by OFAC, and that the blocked property or blocked deposits against which garnishment or execution is ordered consists of blocked property of KISMET S.A. or is property in which KISMET S.A. has the requisite interest, or blocked deposits owed to KISMET S.A., and is not immune from execution within the meaning of the FSIA or of the Vienna Convention on Diplomatic Relations or the Vienna Convention on Consular Relations;

  g. determine whether the accounts against which garnishment or execution is ordered consist of the blocked property or the blocked deposits, and that TRIA and/or the ATA allows the blocked property or blocked deposits to be executed against: (a) to satisfy a judgment against the Judgment Debtor, (b) as blocked accounts of KISMET S.A. has the requisite interest within the meaning of  31 C.F.R. Part 598 and any other applicable laws, executive orders and federal regulations; and/or (c) as  an agency or instrumentality of SDNTK, irrespective of whether it would otherwise be immune from garnishment or execution;

  h. determine that the blocked property or blocked deposit against which garnishment or execution is ordered is not property subject to the Vienna Convention on

Diplomatic Relations or the Vienna Convention on Consular Relations, or blocked property or blocked deposit in respect of which no waiver of the provisions of TRIA and the ATA can be made by the President with respect thereto within the meaning of Section 201(b) of TRIA;

  i. direct MLPFS as to how it is to proceed with respect to the blocked property it is holding in the above-referenced accounts;

  j. if the Court orders the blocked property to be turned over, that MLPFS is released from any and all liability to the Plaintiffs, the subject account holders and any third parties, and is discharged from this execution/ garnishment action;

  k. award MLPFS its costs and expenses in this proceeding, including reasonable attorney's fees; and

  l. grant such other and further relief to MLPFS as may be just and proper.

Dated: October 8, 2025

          By: */s/ Dennis M. Campbell*
           Dennis M. Campbell
           Florida Bar No. 271527
           Email: dcampbell@campbellmiami.com
           Email: service@campbellmiami.com
           CAMPBELL LAW FIRM PLLC
           201 Alhambra Circle, Suite 602
           Coral Gables, FL 33134
           Telephone 305-444-6040 /Fax 305-444-6041

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 8, 2025 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically, Notices of Electronic Filing.

By: */s/ Dennis M. Campbell*
Dennis M. Campbell