UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

KEITH STANSELL, et al.                         CIVIL ACTION CASE NO.:
    Plaintiffs,                                    8:09-cv-2308-CEH-AAS
vs.

REVOLUTIONARY ARMED FORCES OF COLOMBIA (FARC); et al.,
    Defendants.
_____/

## PLAINTIFFS' MOTION FOR FINAL TRIA TURNOVER JUDGMENT & MEMORANDUM OF LAW

*The Bank of New York Mellon Answer Doc. 1291 (Writ Doc. 1253)*

Plaintiffs move for entry of a Final TRIA Turnover Judgment on The Bank of New York Mellon ("BNY") Answer Doc. 1291 on the OFAC blocked assets of Westline Enterprises, Inc. ("Westline"). Plaintiffs move pursuant to: (i) § 201(a) of the TRIA; (ii) Kingpin Act, 21 U.S.C. § 1901 et seq.; (iii) ATA Clar. Act 18 U.S.C. § 2333(e); (iv) Ch. 77 Fla. garnishment statutes; (v) Fed. R. Civ. Pro. 69(a); (vi) Fla. Stat. § 772.13(6)(a) (2025); and (vii) *Stansell v. FARC*, 771 F. 3d 713, 736 (11th Cir. 2014). Westline failed to appear and file a motion to dissolve the garnishment within the deadlines in Fla. Stat. § 77.055, which expired on August 20, 2025, despite having received notice. Doc. 1293-2; 1300. The proceedings are in a default posture as to Westline. Fla. Stat. § 77.07(2).

All of the elements for a Final TRIA Turnover Judgment have been satisfied. The grounds for this motion are:

1. This Court has subject matter jurisdiction to conduct postjudgment execution proceedings on Plaintiffs' final judgment under the federal Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333, rendered by a U.S. district court and properly registered in this district pursuant to 28 U.S.C. § 1963, with postjudgment execution under the ATA, TRIA § 201, and Fed. R. Civ. Pro. 69(a), Florida Statutes Chapter 77 and § 772.13(6)(a)2; 3.

2. TRIA Writ 1253 was directed at BNY. Doc. 1253. BNY reported to OFAC that it holds the blocked assets of Westline, and answered that BNY "maintains the restricted account pending turnover order directing Garnishee to transfer the funds in the blocked account to Plaintiffs and, if required, authorization from OFAC in the form of a specific license." Doc. 1291 ¶2.

3. It is undisputed that (i) the assets are blocked and (ii) Westline is the owner of the blocked assets held and maintained by BNY. Doc. 1291. *Stansell v. FARC*, 773 F. 3d 713, 726 (11th Cir. 2014). Westline remains an OFAC designated Kingpin. The blocked assets at issue are not immune from attachment under the TRIA as sovereign, diplomatic, or consular property.

4. TRIA provides this Court with subject matter jurisdiction over postjudgment execution and attachment proceedings against blocked assets of an

2

agency or instrumentality of the judgment-debtor, even if the agency or instrumentality itself is not named in the judgment, which includes Westline. *Stansell v. FARC*, 771 F. 3d 713, 737 (11th Cir. 2014); *Weinstein v. Islamic Republic of Iran*, 609 F. 3d 43, 50 (2d Cir. 2010).

5. Plaintiffs satisfy all requirements for TRIA execution: (i) They have obtained an ATA judgment against the FARC—a "terrorist party" as defined by the TRIA Section 201(d)(4); (ii) On a claim based on an "act of terrorism" as defined by TRIA Section 201(d)(1)(B); (iii) The blocked assets held by garnishee are "blocked assets" within the meaning of TRIA; and (iv) Plaintiffs' judgment is for compensatory damages fully collectable under TRIA.[1] Order. Doc. 1243. Plaintiffs now seek to enforce that ATA judgment against blocked assets of Westline.

6. No OFAC license is required for the party holding the blocked assets to liquidate the blocked assets and turn over the proceeds to Plaintiffs. *Harrison v. Republic of Sudan*, 838 F. 3d. 86, 98 (2nd Cir. 2016); Doc. 1197.

7. Garnishee BNY has appeared and is subject to the Court's jurisdiction.

8. Plaintiffs have followed the elements required for a TRIA attachment and execution without delay. *See Stansell v. FARC et al.*, 771 F.3d 713, 728-29 (11th

---

[1] Plaintiffs' recovery here will not result in their overall recovery of more than the $230,358,541.92, outstanding judgment balance because the blocked account(s) balance is approximately $248,353.01.

Cir. 2014) (TRIA favors "minimally intrusive manner" of "immediate attachment"). Plaintiffs filed an *ex parte* motion to issue a writ of garnishment providing evidence of agency of instrumentality. Doc. 1240. *See* Stansell, 771 F. 3d at 728-29 (ex parte proceeding to attach appropriate under TRIA). *Id.* at 746 ("Plaintiffs proffered evidence" of agency or instrumentality). The Court entered an order determining that Westline was an agency or instrumentality of the terrorist party FARC and that its blocked assets were subject attachment and execution under TRIA and issued the writ. Doc. 1243.

    9.    Rule 69(a)(1) requires this Court to follow Florida state law procedures on execution, including statutory garnishment. The blocked accounts are subject to TRIA attachment and execution under Fla. Stat § 772.13(6)(a)2 (intangible assets like out of state held accounts subject to garnishment without territorial limitation if court has personal jurisdiction over garnishee). The situs of any intangible assets held or maintained by or in the possession, custody, or control of a person or entity so served shall be deemed to be in this state for the purposes of a proceeding under chapter 56 or chapter 77. Fla. Stat § 772.13(6)(a)3. Service of a writ or notice to appear under this section shall provide the court with in rem jurisdiction over any intangible assets regardless of the location of the assets. *Id*. The new statute expressly applies retroactively to "any postjudgment execution proceedings, including creditor process under chapter 56 or chapter 77

4

served, pending, or filed before, on, or after July 1, 2025." Fla. Stat. § 772.13(6)(b) (2025).

10. The Eleventh Circuit has held Florida law governs these TRIA garnishment actions. *Stansell*, 771 F. 3d at 733. "Florida's notice requirements simply provide the procedure for executing." *Id*. at 730. Florida's postjudgment procedures in TRIA executions are constitutional and satisfy due process for timely and adequate notice as applied to Westline. *Id*. at 728-29. No further notice is required to any potential claimant or the owner. *Stansell v. Lopez Bello*, 802 F. Appx. 445, 449, 2020 WL 290423, at *3 (11th Cir. 2020) (Florida garnishment statute's notice requirements in TRIA execution "found to be constitutionally adequate.").

11. Plaintiffs have complied with all Chapter 77 statutory notice requirements to complete this execution: (i) Plaintiffs filed a motion providing evidence of agency or instrumentality, attaching the proper form of writ and served by the U.S. Marshal pursuant to Fla. Stat. § 77.03, § 77.04, *Stansell*, 773 F. 3d at 746, Fed. R. Civ. P. 4.1(a), 28 U.S.C. § 566(c) [Doc. 1240; 1243, 1253, 1260 (USM 285 to BNY)]; (ii) Plaintiffs provided Fla. Stat. § 77.041(2) notice of the motion and writ to Westline [Doc. 1293-2]; and (iii) Plaintiffs provided § 77.055 notice of the garnishees' answers and right to dissolve to Westline [Doc. 1300].

12. Westline has not appeared and has not filed a motion to dissolve the garnishment or otherwise challenge the garnishment within the time required under the Fla. Stat. § 77.055. Doc. 1293-2; 1300. Westline has failed to do so despite being provided timely and adequate due process and a full opportunity to be heard. *Stansell v. Lopez Bello*, 802 F. Appx. 445, 449, 2020 WL 290423, at *3 (11th Cir. 2020) (Florida garnishment statute's notice requirements as applied to Lopez in TRIA execution "found to be constitutionally adequate."). ***Westline is therefore in default as a matter of law.*** Fla. Stat. § 77.07(2) ("Failure of the … interested person to timely file and serve the motion to dissolve within such time limitation shall result in … "the proceedings shall be in a default posture as to the party involved.").

13. The Florida garnishment statute deadlines must be strictly construed, and cannot be extended by agreement or court order. Order Doc. 1275. *See Regions Bank v. Hyman*, 91 F. Supp. 3d 1234, 1241 (M.D. Fla. 2015) ("Pursuant to Fed. R. Civ. P. 69(a), proceedings supplementary to and in aid of judgment or execution, the procedure followed must accord with the procedure of the state in which the Court is located. . . . The procedures outlined in Ch. 77, Florida Statutes govern this garnishment proceeding [and] . . . must be strictly construed.").

## MDFL Local Rule 3.01(g)(1) Certification

Undersigned counsel for Plaintiffs/Movants certify that in accordance with Local Rule 3.01(g)(1), that the duty to confer does not apply to this Motion for Judgment on Garnishee's Answer, a Judgment on the Pleadings.

WHEREFORE, Plaintiffs respectfully request entry of a Final TRIA Turnover Judgment on Garnishee The Bank of New York Mellon Answer Doc. 1291 and ordering garnishee to turnover Westline Enterprises, Inc.'s blocked assets as set forth in Answer Doc. 1291 with the following findings, consistent with the factual findings and conclusions of law in Order Doc. 1243:

   1. This Court has subject matter jurisdiction pursuant to the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333, TRIA § 201, Fed. R. Civ. Pro. 69(a), Florida Statutes Chapter 77 and § 772.13(6)(a)2; 3.

   2. Plaintiffs have satisfied all the requirements of the Terrorism Risk Insurance Act of 2002 ("TRIA") for execution: (i) They have obtained an ATA judgment against the FARC—a "terrorist party" as defined by the TRIA Section 201(d)(4); (ii) On a claim based on an "act of terrorism" as defined by TRIA Section 201(d)(1)(B); (iii) The blocked assets held by garnishee are "blocked assets" within the meaning of TRIA; and (iv) Plaintiffs' judgment is for compensatory damages fully collectable under TRIA and the total amount of Plaintiffs' execution will not exceed the outstanding balance of Plaintiffs' judgment.

   3. The Court finds that the assets identified in The Garnishee's Answer Doc. 1291 are OFAC blocked and that the assets are owned by Kingpin Westline Enterprises, Inc. Westline remains an OFAC designated Kingpin. The blocked assets at issue are not immune from attachment under the TRIA as sovereign, diplomatic, or consular property.

   4. The Court has determined based upon the evidence, OFAC factual findings and agency or instrumentality standard affirmed in *Stansell v. FARC*, 771 F. 3d 713 (11th Cir. 2014) that Westline Enterprises, Inc. is an agency or instrumentality of the terrorist party FARC and that its blocked

assets are within the meaning of "blocked assets" under TRIA and the ATA Clarification Act of 2018, 18 U.S.C. § 2333(e), and are therefore subject to execution by Plaintiffs in this case.

5. No OFAC license is required for the party holding the blocked assets to turnover the blocked assets to Plaintiffs. *Harrison v. Republic of Sudan*, 838 F.3d. 86, 98 (2nd Cir. 2016); Doc. 1197.

6. Garnishees have appeared and are subject to the court's jurisdiction.

7. Plaintiffs have followed the elements required for a TRIA attachment and execution without delay. *See Stansell v. FARC et al.*, 771 F.3d 713, 728-29, 746 (11th Cir. 2014).

8. Rule 69(a)(1) requires this Court to follow Florida state law procedures on execution, including statutory garnishment. The blocked accounts are subject to TRIA attachment and execution under Fla. Stat § 772.13(6)(a)2 (intangible assets like out of state held accounts subject to garnishment without territorial limitation if court has personal jurisdiction over garnishee). The situs of any intangible assets held or maintained by or in the possession, custody, or control of a person or entity so served shall be deemed to be in this state for the purposes of a proceeding under chapter 56 or chapter 77. Fla. Stat § 772.13(6)(a)3. Service of a writ or notice to appear under this section shall provide the court with in rem jurisdiction over any intangible assets regardless of the location of the assets. *Id*. Fla. Stat. § 772.13(6)(a) expressly applies retroactively to "any postjudgment execution proceedings, including creditor process under chapter 56 or chapter 77 served, pending, or filed before, on, or after July 1, 2025." Fla. Stat. § 772.13(6)(b) (2025).

9. Florida law governs these TRIA garnishment actions. *Stansell*, 771 F. 3d at 733. Florida's postjudgment procedures in TRIA executions are constitutional and satisfy due process for timely and adequate notice as applied to Westline Enterprises, Inc. *Id*. at 728-29. No further notice is required to any potential claimant or the owner. *Stansell v. Lopez Bello*, 802 F. Appx. 445, 449, 2020 WL 290423, at *3 (11th Cir. 2020) (Florida garnishment statute's notice requirements in TRIA execution "found to be constitutionally adequate.").

10. Plaintiffs have complied with all Chapter 77 statutory notice requirements to complete this execution: (i) Plaintiffs filed a motion providing evidence of agency or instrumentality, attaching the proper form

8

of writ and served by the U.S. Marshal pursuant to Fla. Stat. § 77.03, § 77.04, *Stansell*, 773 F. 3d at 746, Fed. R. Civ. P. 4.1(a), 28 U.S.C. § 566(c) [Doc. 1240; 1243, 1253, 1260 (USM 285 to First Horizon), 1265 (USM 285 to Parker) ]; (ii) Plaintiffs provided Fla. Stat. § 77.041(2) notice of the motion and writ to Westline [Doc. 1293-2]; and (iii) Plaintiffs provided § 77.055 notice of the garnishees' answers and right to dissolve to Westline [Doc. 1300].

11. Westline Enterprises, Inc. has not appeared and has not filed a motion to dissolve the garnishment or otherwise challenge the garnishment. The Court finds that Westline Enterprises, Inc. has been afforded the required statutory notice, which has been proven to be constitutionally adequate due process. Westline Enterprises, Inc.'s failure to file a motion to dissolve within the statutory deadlines set forth in the Florida garnishment statute makes these proceedings in a default posture as to Westline Enterprises, Inc. as a matter of law. Doc. 1293-2; 1300 (Fla. Stat § 77.055 notice deadline); Fla. Stat. § 77.07(2). *See* Order Doc. 1275; *Regions Bank v. Hyman*, 91 F. Supp. 3d 1234, 1241 (M.D. Fla. 2015) (garnishment statute to be strictly construed).

12. No other person or entity has ever appeared in this action to assert any claim of ownership in these blocked assets, to challenge the allegations in Motion at Doc. 1240 as untrue, or that they have ownership rights in the blocked proceeds that are superior to the perfected lien rights of the Plaintiffs.

13. Pursuant to TRIA, garnishee The Bank of New York Mellon is ordered to turnover Westline Enterprises, Inc.'s blocked assets as set forth in Answer Doc. 1291 in the amount of $248,353.01 to Plaintiffs by wire transfer to Porter & Korvick P.A. Trust Account within 14 days from the date of entry of this judgment. Garnishee The Bank of new York Mellon's wire shall not include any information naming any blocked party including partial name which will block completion of the wire transfer.

14. Garnishees' counsel will provide to Plaintiffs' counsel its claimed attorneys' fees pursuant to Fla. Stat § 77.28. Counsel for the Plaintiffs and Garnishees are directed to confer in a good faith effort to resolve the issue of attorney fees without the need for this Court's intervention. Plaintiffs' counsel is directed to hold in trust the amount of Garnishees' claimed attorneys' fees and expenses pending either a stipulation by Plaintiffs and Garnishees to a reasonable Garnishee fee, or a ruling of this court on same, and authorizing Plaintiffs' counsel to pay same from the trust proceeds once the funds have cleared post-turnover, upon either a stipulation with Garnishees or entry of a Court Order awarding

such fees and expenses. Plaintiffs shall pay the reasonable Garnishees' fee within 30 days of such stipulation or Court Order.

15. Upon turnover of the proceeds in the blocked accounts, Garnishee The Bank of New York Mellon shall have no further obligations of any kind with respect to the Blocked Account/Funds, and shall accordingly have no liability to, and will be discharged, held harmless and released from, any potential claims by or liability to any persons or entities worldwide as to any matters based on, arising from or otherwise relating to The Bank of New York Mellon's transfer of the funds in the Blocked Account to Plaintiffs in accordance with this Final TRIA Turnover Judgment.

16. Upon a notice to the court by Plaintiffs of full completion of the turnover of the proceeds identified in Answer Doc. 1291, the Court shall order the writ Doc. 1253 dissolved with respect to the blocked funds turned over.

Respectfully submitted October 14, 2025.

/s/ Newton P. Porter
NEWTON P. PORTER
(Fla. Bar No. 833738)
Attorneys for Plaintiffs
PORTER & KORVICK, P.A.
4000 Ponce de Leon Blvd., Suite 470
Coral Gables, Florida 33146
Telephone: (305) 373-5040
nporter@porterandkorvick.com

/s/ Tony Korvick
TONY KORVICK
(FL Bar 768405)
PORTER & KORVICK, P.A.
Attorneys for Plaintiffs
4000 Ponce de Leon Blvd Suite 470
Coral Gables, Florida 33146
Telephone: (305) 373-5040
tkorvick@porterandkorvick.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 14, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which automatically and electronically delivered notice of filing to counsel of record for all parties that have appeared. I further certify that I served this Motion by electronic mail to the following persons:

OFACReport@treasury.gov, in compliance with 31 CFR 501.605(A)(3)

                                        /s/ Newt Porter
                                        NEWT PORTER
                                        (Fla. Bar No. 833738)
                                        Attorneys for Plaintiffs
                                        PORTER & KORVICK, P.A.
                                        4000 Ponce de Leon Blvd., Suite 470
                                        Coral Gables, Florida 33146
                                        Telephone: (305) 373-5040
                                        nporter@porterandkorvick.com