UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH STANSELL, *et al.*,

      Plaintiffs,

v.                                                                   Case No: 8:09-cv-2308-CEH-AAS

REVOLUTIONARY ARMED
FORCES OF COLOMBIA (FARC),
*et al.*,

      Defendants.

_____/

**<u>FINAL TRIA TURNOVER JUDGMENT</u>**

This cause comes before the Court on Plaintiffs' Unopposed Motion for TRIA Turnover Judgment (Doc. 1333) on The Parker Company LLC's Answer (Doc. 1269) and on First Horizon Bank's Answer (Doc. 1284) on the Office of Foreign Asset Controls ("OFAC") blocked assets of Westline Enterprises, Inc. ("Westline"). Plaintiffs' motion is brought pursuant to: (i) Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"); (ii) Kingpin Act, 21 U.S.C. § 1901 *et seq*; (iii) ATA Clar. Act 18 U.S.C. §2333(e); (iv) Ch. 77 Fla. Garnishment statutes; (v) Fed. R. Civ. Pro. 69(a); (vi) Fla. Stat. § 772.13(6)(a) (2025); and (vii) *Stansell v. FARC*, 771 F.3d 713, 736 (11th Cir. 2014). The proceedings are in a default posture as to Westline, as Westline failed to appear and file a motion to dissolve the garnishment within the statutory deadlines, despite having received notice. Garnishees do not object to this turnover motion.

After careful consideration, and being fully advised in the premises, it is ORDERED that Plaintiffs' Turnover Motion is GRANTED. The Court enters this Order and Final Turnover Judgment in favor of Plaintiffs directing the turnover of the blocked assets. Based on the record regarding the blocked assets, the Court finds and rules as follows:

(1) This Court has subject matter jurisdiction pursuant to the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333, TRIA § 201, Fed. R. Civ. Pro. 69(a), Florida Statutes Chapter 77 and § 772.13(6)(a)(2);(3).

(2) Plaintiffs have satisfied the requirements of the Terrorism Risk Insurance Act of 2002 for execution because:

    a. they have obtained an ATA judgment against the FARC ("Revolutionary Armed Forces of Colombia"), a terrorist party, as defined by the TRIA § 201(d)(4);

    b. the judgment is based on an act of terrorism, as defined by TRIA § 201(d)(1)(B);

    c. the blocked assets held by Garnishees The Parker Company LLC and First Horizon Bank are "blocked assets" within the meaning of TRIA; and

    d. Plaintiffs' judgment is for compensatory damages fully collectable under TRIA and the total amount of Plaintiffs' execution will not exceed the outstanding balance of Plaintiffs' judgment.

(3) The Court finds that the assets identified in The Parker Company LLC's Answer (Doc. 1269) and First Horizon Bank's Answer (Doc. 1284) are OFAC

blocked and that the assets are owned by Westline Enterprises, Inc. Westline

Enterprises, Inc. remains an OFAC designated Kingpin. The blocked assets at

issue are not immune from attachment under the TRIA as sovereign,

diplomatic, or consular property.

(4) The Court has determined based upon the evidence, OFAC factual findings,

and agency or instrumentality standard affirmed in *Stansell v. FARC*, 771 F. 3d

713 (11th Cir. 2014) that Westline Enterprises, Inc. is an agency or

instrumentality of the terrorist party FARC and that its blocked assets are within

the meaning of "blocked assets" under TRIA and the ATA Clarification Act of

2018, 18 U.S.C. § 2333(e), and are therefore subject to execution by Plaintiffs in

this case.

(5) No OFAC license is required for the party holding the blocked assets to turnover

the blocked assets to Plaintiffs. *See Harrison v. Republic of Sudan*, 838 F.3d. 86, 98

(2d Cir. 2016).

(6) Garnishees have appeared and are subject to the court's jurisdiction.

(7) Plaintiffs have followed the elements required for a TRIA attachment and

execution without delay. *See Stansell v. FARC et al.*, 771 F.3d 713, 728–29, 746

(11th Cir. 2014).

(8) Rule 69(a)(1) requires this Court to follow Florida state law procedures on

execution, including statutory garnishment. The blocked accounts are subject

to TRIA attachment and execution under Fla. Stat § 772.13(6)(a)(2) (intangible

assets like out of state held accounts subject to garnishment without territorial

limitation if court has personal jurisdiction over garnishee). The situs of any intangible assets held or maintained by or in the possession, custody, or control of a person or entity so served shall be deemed to be in this state for the purposes of a proceeding under chapter 56 or chapter 77. Fla. Stat § 772.13(6). Service of a writ or notice to appear under this section shall provide the court with in rem jurisdiction over any intangible assets regardless of the location of the assets. *Id.* Fla. Stat. § 772.13(6) expressly applies retroactively to "any postjudgment execution proceedings, including creditor process under chapter 56 or chapter 77 served, pending, or filed before, on, or after July 1, 2025."

(9) Florida garnishment law applies to this TRIA execution action. *Stansell*, 771 F.3d at 733. Florida's postjudgment procedures in TRIA executions are constitutional and satisfy due process for timely and adequate notice as applied to Westline Enterprises, Inc. *Id.* at 728-29. No further notice is required to any potential claimant or the owner. *Stansell v. Lopez Bello*, 802 F. Appx. 445, 449, 2020 WL 290423, at *3 (11th Cir. 2020).

(10) Plaintiffs have followed and fully complied with Chapter 77, Florida's garnishment statute, for this TRIA execution by:

    a. filing a motion for issuance of a writ of garnishment on May 2, 2025 (Doc. 1240).

    b. the Court granted the motion (Doc. 1243) on June 26, 2025.

    c. the Court issued a writ of garnishment (Doc. 1252) on June 27, 2025.

d.  The U.S. Marshal properly served the writ of garnishment on Garnishees The Parker Company LLC and First Horizon Bank on July 14, 2025 (Docs. 1259, 1265).

e.  Plaintiffs provided proper and timely notice under Fla. Stat. § 77.041 to Westline Enterprises, Inc. of the writ of garnishment and the motion for writ of garnishment with exhibits to its last known address (Doc. 1293-1). Plaintiffs provided § 77.055 notice of the garnishees' answers and right to dissolve to Westline Enterprises, Inc. at its last known address (Docs. 1294, 1295).

(11) Westline Enterprises, Inc. has not appeared and has not filed a motion to dissolve the garnishment or otherwise challenge the garnishment. The Court finds that Westline Enterprises, Inc. has been afforded the required statutory notice, which has been proven to be constitutionally adequate due process. Westline Enterprises, Inc.'s failure to file a motion to dissolve within the statutory deadlines set forth in the Florida garnishment statute makes these proceedings, as a matter of law, in a default posture as to Westline Enterprises.

(12) Garnishee The Parker Company LLC timely filed its Answer to the writ of garnishment on July 21, 2025, identifying its debt to Westline Enterprises, Inc. and the blocked funds of Westline Enterprises, Inc. at First Horizon Bank (Doc. 1269).

(13) Garnishee First Horizon Bank timely filed its Answer to the writ of garnishment on July 29, 2025, identifying funds held by The Parker Company

LLC at First Horizon Bank that belonged to Westline Enterprises, Inc. (Doc. 1284).

(14) The blocked party Westline Enterprises, Inc., the owner of the blocked funds identified in Answer (Docs. 1269, 1284), received complete notice under Florida garnishment statutes and in accordance with *Stansell v. FARC et al.*, 713 F.3d 714 (11th Cir. 2014).

(15) The blocked party account holder Westline Enterprises, Inc. has had an opportunity to be heard and did not appear at any time to challenge the allegations in the motion (Doc. 1240) as untrue; did not move to dissolve the writ (Doc. 1252); did not challenge the Order (Doc. 1243); and otherwise did not challenge the Answers (Docs. 1269, 1284). Westline Enterprises, Inc. failed to appear and has waived its rights to challenge this TRIA execution by terrorism victim judgment holders against its blocked assets held by Garnishees The Parker Company LLC and First Horizon Bank.

(16) No person or entity has ever appeared in this action to assert any claim of ownership of or beneficial interest in these blocked assets, or to otherwise challenge the Order (Doc. 1243), allegations in the Motion (Doc. 1240) as untrue, Writ (Doc. 1252), or Garnishees' Answers (Docs. 1269, 1284), and no other person or entity has rights in the blocked proceeds that are superior to the perfected lien rights of Plaintiffs.

The Court further finds that:

(17) Plaintiffs are entitled under TRIA §201(a) to recover the blocked assets, including all interest accrued thereon.

(18) Pursuant to TRIA, garnishee First Horizon Bank is ordered to turnover Westline Enterprises, Inc.'s blocked assets transferred by The Parker Company LLC as set forth in Garnishees' Answers (Docs. 1269 and 1284) (Acct. No. ending in 342) in the amount of $2,335,668.66 to Plaintiffs by wire transfer to Porter & Korvick P.A. Trust Account within 14 days from the date of entry of this judgment. Garnishee First Horizon Bank's wire shall not include any information naming any blocked party including partial name which will block completion of the wire transfer.

(19) Garnishees' counsel will provide to Plaintiffs' counsel its claimed attorneys' fees pursuant to Fla. Stat § 77.28. Counsel for the Plaintiffs and Garnishees are directed to confer in a good faith effort to resolve the issue of attorneys' fees without the need for this Court's intervention. Plaintiffs' counsel is directed to hold in trust the amount of Garnishees' claimed attorneys' fees and expenses pending either a stipulation by Plaintiffs and Garnishees to a reasonable Garnishee fee, or a ruling of this court on same, and authorizing Plaintiffs' counsel to pay same from the trust proceeds once the funds have cleared post-turnover, upon either a stipulation with Garnishees or entry of a Court Order awarding such fees and expenses. Plaintiffs shall pay the reasonable Garnishees' fee within 30 days of such stipulation or Court Order.

(20) Upon turnover of the proceeds in the blocked accounts, Garnishees The Parker Company LLC and First Horizon Bank shall have no further obligations of any kind with respect to the Blocked Account/Funds, and shall accordingly have no liability to, and will be discharged, held harmless and released from, any potential claims by or liability to any persons or entities worldwide as to any matters based on, arising from or otherwise relating to First Horizon Bank and Parker Company LLC's transfer of the funds in the Blocked Account to Plaintiffs in accordance with this Final TRIA Turnover Judgment.

(21) Upon a notice to the court by Plaintiffs of full completion of the turnover of the proceeds identified in Garnishees' Answers (Docs. 1269, 1284) the Court shall order the writ Doc. 1252 dissolved with respect to the blocked funds turned over.

**DONE AND ORDERED** at Tampa, Florida on March 27, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record