UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH STANSELL, *et al.*,

      Plaintiffs,

v.
                                  Case No: 8:09-cv-2308-CEH-AAS

REVOLUTIONARY ARMED
FORCES OF COLOMBIA (FARC),
*et al.*,

      Defendants.
_____/

## **FINAL TRIA TURNOVER JUDGMENT**

This cause comes before the Court on Plaintiffs' Unopposed Motion for Final TRIA Turnover Judgment (Doc. 1334) on HSBC Bank USA, N.A.'s Answer (Doc. 1285) on the Office of Foreign Asset Controls ("OFAC") blocked assets of Milagros A. Zevallos Gonzales and Sara M. Zevallos Gonzales. Plaintiffs' motion is brought pursuant to: (i) Section 201(a) of the Terrorism Risk Insurance Act of 2002 ("TRIA"); (ii) Kingpin Act, 21 U.S.C. § 1901 *et seq*; (iii) ATA Clar. Act 18 U.S.C. § 2333(e); (iv) Ch. 77 Fla. Garnishment statutes; (v) Fed. R. Civ. P. 69(a); (vi) Fla. Stat. § 772.13(6)(a) (2025); and (vii) *Stansell v. FARC*, 771 F.3d 713, 736 (11th Cir. 2014). The proceedings are in a default posture as to Milagros A. Zevallos Gonzales and Sara M. Zevallos Gonzales, as they have failed to appear and file a motion to dissolve the garnishment within the statutory deadlines, despite having received notice. Garnishee does not object to this turnover motion.

After careful consideration, and being fully advised in the premises, it is ORDERED that Plaintiffs' Turnover Motion is GRANTED. The Court enters this Order and Final Turnover Judgment in favor of Plaintiffs directing the turnover of the blocked assets. Based on the record regarding the blocked assets, the Court finds and rules as follows:

(1) This Court has subject matter jurisdiction pursuant to the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333, TRIA § 201, Fed. R. Civ. P. 69(a), Florida Statutes Chapter 77 and § 772.13(6)(a)(2);(3).

(2) Plaintiffs have satisfied all the requirements of the Terrorism Risk Insurance Act of 2002 for execution:

   a. they have obtained an ATA judgment against the FARC ("Revolutionary Armed Forces of Colombia"), a terrorist party, as defined by TRIA § 201(d)(4);

   b. on a claim based on an "act of terrorism" as defined by TRIA § 201(d)(1)(B);

   c. the blocked assets held by Garnishee HSBC Bank are "blocked assets" within the meaning of TRIA; and

   d. Plaintiffs' judgment is for compensatory damages fully collectable under TRIA and the total amount of Plaintiffs' execution will not exceed the outstanding balance of Plaintiffs' judgment.

(3) The Court finds that the assets identified in HSBC Bank USA, N.A.'s Answer (Doc. 1285) are OFAC blocked and the assets are owned by Milagros A. Zevallos Gonzales and Sara M. Zevallos Gonzales, each of whom remains an

OFAC designated Kingpin. The blocked assets at issue are not immune from attachment under the TRIA as sovereign, diplomatic, or consular property.

(4) The Court has determined based upon the evidence, OFAC factual findings, and agency or instrumentality standard affirmed in *Stansell v. FARC*, 771 F. 3d 713 (11th Cir. 2014), Milagros A. Zevallos Gonzales and Sara M. Zevallos Gonzales are each an agency or instrumentality of the terrorist party FARC and their blocked assets are within the meaning of "blocked assets" under TRIA and the ATA Clarification Act of 2018, 18 U.S.C. § 2333(e), and are therefore subject to execution by Plaintiffs in this case.

(5) No OFAC license is required for the party holding the blocked assets to turnover the blocked assets to Plaintiffs. *Harrison v. Republic of Sudan*, 838 F. 3d. 86, 98 (2d Cir. 2016).

(6) Garnishee has appeared and is subject to the court's jurisdiction.

(7) Plaintiffs have followed the elements required for a TRIA attachment and execution without delay. *See Stansell v. FARC et al.*, 771 F. 3d 713, 728–29, 746 (11th Cir. 2014).

(8) Rule 69(a)(1) requires this Court to follow Florida state law procedures on execution, including statutory garnishment. The blocked accounts are subject to TRIA attachment and execution under Fla. Stat § 772.13(6)(a)(2) (intangible assets like out of state held accounts subject to garnishment without territorial limitation if court has personal jurisdiction over garnishee). The situs of any intangible assets held or maintained by or in the possession, custody, or control

of a person or entity so served shall be deemed to be in this state for the purposes of a proceeding under chapter 56 or chapter 77. Fla. Stat § 772.13(6). Service of a writ or notice to appear under this section shall provide the court with in rem jurisdiction over any intangible assets regardless of the location of the assets. *Id.* Fla. Stat. § 772.13(6) expressly applies retroactively to "any postjudgment execution proceedings, including creditor process under chapter 56 or chapter 77 served, pending, or filed before, on, or after July 1, 2025."

(9) Florida law governs these TRIA garnishment actions. *Stansell*, 771 F. 3d at 733. Florida's postjudgment procedures in TRIA executions are constitutional and satisfy due process for timely and adequate notice as applied to Milagros A. Zevallos Gonzales and Sara M. Zevallos Gonzales. *Id.* at 728–29. No further notice is required to any potential claimant or the owner. *Stansell v. Lopez Bello*, 802 F. Appx. 445, 449, 2020 WL 290423, at *3 (11th Cir. 2020) (Florida garnishment statute's notice requirements in TRIA execution "found to be constitutionally adequate.").

(10) Plaintiffs have followed and fully complied with Chapter 77, Florida's garnishment statute, for this TRIA execution:

a. Plaintiffs filed a motion for a writ of garnishment on May 1, 2025 (Doc. 1239).

b. the Court granted the motion (Doc. 1242) on June 26, 2025.

c. the Court issued a writ of garnishment (Doc. 1248) on June 27, 2025.

d.  The U.S. Marshal properly served the writ of garnishment on Garnishee HSBC Bank on July 14, 2025 (Doc. 1266).

e.  Plaintiffs provided Fla. Stat. § 77.041(2) notice of the writ of garnishment and the motion for writ of garnishment to Milagros A. Zevallos Gonzales and Sara M. Zevallos Gonzales (Doc. 1292-5).

f.  Plaintiffs provided § 77.055 notice of the garnishee's answer and right to dissolve to Milagros A. Zevallos Gonzales and Sara M. Zevallos Gonzales (Doc. 1296).

(11) Milagros A. Zevallos Gonzales and Sara M. Zevallos Gonzales have not appeared and have not filed a motion to dissolve the garnishment or otherwise challenge the garnishment. The Court finds that Milagros A. Zevallos Gonzales and Sara M. Zevallos Gonzales have been afforded the required statutory notice, which has been proven to be constitutionally adequate due process. Milagros A. Zevallos Gonzales and Sara M. Zevallos Gonzales' failure to file a motion to dissolve within the statutory deadlines set forth in the Florida garnishment statute makes these proceedings in a default posture as to Milagros A. Zevallos Gonzales and Sara M. Zevallos Gonzales as a matter of law. *See* Docs. 1275, 1296; Fla. Stat. § 77.07(2); *Regions Bank v. Hyman*, 91 F. Supp. 3d 1234, 1241 (M.D. Fla. 2015).

(12) Garnishee HSBC Bank timely filed its Answer to the writ of garnishment on July 30, 2025, identifying funds attributable to Milagros A. Zevallos Gonzales and Sara M. Zevallos Gonzales at HSBC Bank (Doc. 1285).

5

(13) The blocked parties Milagros A. Zevallos Gonzales and Sara M. Zevallos Gonzales, the owners of the blocked funds identified in Answer (Doc. 1285), received complete notice under Florida garnishment statutes and in accordance with *Stansell v. FARC et al.*, 713 F.3d 714 (11th Cir. 2014).

(14) The blocked party account holders Milagros A. Zevallos Gonzales and Sara M. Zevallos Gonzales have had an opportunity to be heard and did not appear at any time to challenge the allegations in the motion (Doc. 1239) as untrue; did not move to dissolve the writ (Doc. 1248); did not challenge the Order (Doc. 1242); and otherwise did not challenge the Answer (Doc. 1285). Milagros A. Zevallos Gonzales and Sara M. Zevallos Gonzales failed to appear and have waived their rights to challenge this TRIA execution by terrorism victim judgment holders against its blocked assets held by Garnishee HSBC Bank.

(15) No other person or entity has ever appeared in this action to assert any claim of ownership in these blocked assets, to challenge the allegations in Motion at Doc. 1239 as to Milagros A. Zevallos Gonzales and Sara M. Zevallos Gonzales as untrue, or that they have ownership rights in the blocked proceeds that are superior to the perfected lien rights of the Plaintiffs.

The Court further finds that:

(16) Plaintiffs are entitled under TRIA §201(a) to recover the blocked assets, including all interest accrued thereon.

(17) Pursuant to TRIA, Garnishee HSBC Bank USA, N.A. is ordered to turnover the blocked funds identified in Answer Doc. 1285 owned by Milagros A.

Zevallos Gonzales and Sara M. Zevallos Gonzales, in the amount of $119,331.25 to Plaintiffs by wire transfer to Porter & Korvick P.A. Trust Account within 14 days from the date of entry of this judgment. Garnishee HSBC Bank USA, N.A.'s wire shall not include any information naming any blocked party including partial name which will block completion of the wire transfer.

(18) Garnishee's counsel will provide to Plaintiffs' counsel its claimed attorneys' fees pursuant to Fla. Stat § 77.28. Counsel for the Plaintiffs and Garnishee are directed to confer in a good faith effort to resolve the issue of attorney fees without the need for this Court's intervention. Plaintiffs' counsel is directed to hold in trust the amount of Garnishee's claimed attorneys' fees and expenses pending either a stipulation by Plaintiffs and Garnishee to a reasonable Garnishee fee, or a ruling of this court on same, and authorizing Plaintiffs' counsel to pay same from the trust proceeds once the funds have cleared post-turnover, upon either a stipulation with Garnishee or entry of a Court Order awarding such fees and expenses. Plaintiffs shall pay the reasonable Garnishee fee within 30 days of such stipulation or Court Order.

(19) Upon turnover of the proceeds in the blocked accounts, Garnishee HSBC Bank USA, N.A. shall have no further obligations of any kind with respect to the Blocked Account/Funds, and shall accordingly have no liability to, and will be discharged, held harmless and released from, any potential claims by or liability to any persons or entities worldwide as to any matters based on, arising from or

otherwise relating to HSBC Bank USA, N.A. turnover of the funds in the Blocked Account to Plaintiffs in accordance with this Final TRIA Turnover Judgment.

(20) Upon a notice to the court by Plaintiffs of full completion of the turnover of the proceeds identified in Garnishee's Answer (Doc. 1285), the Court shall order the writ (Doc. 1248) dissolved with respect to the blocked funds turned over.

**DONE AND ORDERED** at Tampa, Florida on March 31, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record